William R. Baldiga, Esquire
R. Benjamin Chapman, Esquire
BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036
(212) 209-4800

*Proposed Counsel for the
Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| AEREO, INC., | : | Case No. 14-_____(___) |
| Debtor. | : | |

**MOTION OF DEBTOR AND DEBTOR IN POSSESSION, PURSUANT TO SECTIONS 342 AND 521(A) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 1007(a), 2002(a) AND 2002(f) AND LOCAL BANKRUPTCY RULE 1007-1, FOR AN ORDER (A) WAIVING THE REQUIREMENT THAT THE DEBTOR FILE A LIST OF CREDITORS, (B) WAIVING CERTAIN PAYMENT, INCOME AND EXPENDITURE FILING REQUIREMENTS AND (C) APPROVING THE FORM AND MANNER OF NOTICE OF THE COMMENCEMENT OF THE DEBTOR'S CHAPTER 11 CASE**

The above-captioned debtor and debtor in possession (the "Debtor"), by and through its proposed undersigned counsel, hereby submits this motion (the "Motion") and respectfully represents as follows:

**Background**

1. On the date hereof (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.     The Debtor is authorized to continue to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.     Additional information regarding the background of the Debtor, the reasons for filing this case and the Debtor's goals for this case are set forth in the *Declaration of Ramon A. Rivera, Secretary, Treasurer, and Chief Financial Officer of Aereo, Inc. in Support of First Day Pleadings* (the "Rivera Declaration"), which has been filed contemporaneously herewith.

## Jurisdiction

4.     This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5.     Pursuant to sections 342 and 521(a) of the Bankruptcy Code, Rules 2002(a) and (f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), the Debtor hereby seeks the entry of an order: (a) waiving the requirement that the Debtor file a list of creditors on the Petition Date, pursuant to section 521(a)(1) of the Bankruptcy Code and Bankruptcy Rule 1007(a)(1) (collectively, the "Notice Rules"); (b) waiving the payment, income, and expenditure-schedule filing requirements set forth in sections 521(a)(1)(B)(iv), 521(a)(1)(B)(v) and 521(a)(1)(B)(vi) of the Bankruptcy Code, pursuant to section 521(a)(1)(B) of the Bankruptcy Code and Bankruptcy Rule 1007(b)(1) (collectively, the "Disclosure Rules"); and (c) approving the form and manner of notice (the "Commencement Notice") of the commencement of these chapter 11 case and of the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "Section 341 Meeting"), substantially in the form attached hereto as Exhibit A.

2

**Request for Waiver of the Notice Rules**

6. Pursuant to the Notice Rules, a chapter 11 petition must be accompanied by a list of creditors containing the name and address of each entity included or to be included on a debtor's schedules of liabilities (the "Creditor Matrix").[1] The Debtor has identified that there will be over 700 creditors on its Creditor Matrix.

7. Local Bankruptcy Rule 5075-1(b) provides that "[i]n a case in which the number of creditors and equity security holders, in the aggregate, is 250 or more, the estate shall retain, subject to approval of the Court, a claims and noticing agent in accordance with the Protocol for the Employment of Claims And Noticing Agents under 28 U.S.C. §156(c) . . . ."[2]

8. Accordingly, the Debtor has contemporaneously filed a motion, pursuant to 28 U.S.C. § 156(c), for an order authorizing the appointment of Prime Clerk LLC ("Prime Clerk") as claims and noticing agent in this chapter 11 case. The Debtor has furnished its list of creditors to Prime Clerk so that Prime Clerk can undertake the mailing of the Commencement Notice to creditors, pursuant to section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f).[3] Because, pursuant to Local Bankruptcy Rule 5075-1(b), Prime Clerk will use the Creditor Matrix to furnish those creditors with the Commencement Notice, and because it is contemplated that Prime Clerk will handle the major notices to be given to all creditors in this case, the filing

---

[1] Specifically, section 521(a)(1) of the Bankruptcy Code provides that "[t]he debtor shall - (1) file a list of creditors . . . 11 U.S.C. § 521(a)(1). Bankruptcy Rule 1007(a)(1) implements the requirement of section 521 of the Bankruptcy Code by requiring that a voluntary debtor "shall file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H as prescribed by the Official Forms."

[2] 28 U.S.C. § 156(c) authorizes the use of non-court services for noticing, providing that "[a]ny court may utilize . . . services, either on or off the court's premises, which pertain to the provision of notices . . . to parties in cases filed under the provisions of title 11 . . . . The utilization of such . . . services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe." 28 U.S.C. § 156(c).

[3] Section 342 of the Bankruptcy Code provides that "[t]here shall be given such notice as is appropriate . . . of an order for relief in a case under this title." 11 U.S.C. § 342(a). Bankruptcy Rule 2002(a) provides that "the clerk, or some other person as the court may direct, shall give . . . at least 21 days' notice by mail of: (1) the meeting of creditors under § 341 or § 1104(b) of the Code . . . ." Bankruptcy Rule 2002(f) provides that "the clerk, or some other person as the court may direct, shall give . . . notice by mail of: (1) the order for relief . . . ."

3

of the Creditor Matrix with this Court pursuant to the Notice Rules serves no practical purpose. Accordingly, the Notice Rules should be waived in this chapter 11 case.

### Request for Waiver of the Disclosure Rules

9.  Pursuant to the Disclosure Rules, unless a court orders otherwise, a chapter 11 petition must be accompanied by evidence of payment received from the debtor's employer within the sixty days immediately preceding the filing, an itemized statement of monthly net income, and a statement disclosing any anticipated increase to the debtor's income or expenditures in the twelve months following the filing.[4] The Disclosure Rules were added to section 521(a)(1) of the Bankruptcy Code as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") and were targeted principally at individual debtors.[5]

10. The evidence-of-employment-earnings requirement of section 521(a)(1)(B)(iv) should not be applied to the corporate Debtor in this case. Bankruptcy Rules 1007(b)(4) and 1007(b)(5) appear to clarify that only an individual debtor-in-possession needs to file the monthly-net-income statement required by section 521(a)(1)(B)(v), as does the language of the Local Bankruptcy Rules.[6] Moreover, as a corporate entity, the Debtor will be furnishing substantial financial information to the Court and the Office of the United States Trustee for the

---

[4] Specifically, section 521(a)(1)(B) of the Bankruptcy Code provides that "[t]he debtor shall- (1) file- (B) unless the court orders otherwise . . . (iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor; (v) a statement of the amount of monthly net income, itemized to show how the amount is calculated; and (vi) a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition." 11 U.S.C. § 521(a)(1)(B).

[5] Official Bankruptcy Form B200 notes that, in a voluntary chapter 11 case, copies of evidence of payment are "[r]equired if the debtor is an individual." By implication, such copies are arguably not required if the debtor is not a natural person.

[6] Local Bankruptcy Rule 4002-1 provides that "[i]n a chapter 7, chapter 12, or chapter 13 case in which the debtor is an individual, copies of payment advices or other evidence of current income made available to the trustee under Bankruptcy Rule 4002(b)(2) shall not be filed with the Court." S.D.N.Y. LBR 4002-1(a).

4

Southern District of New York (the "U.S. Trustee") as part of its operational reporting requirements under the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.  Further, many of the elements of these Disclosure Rules - including requiring evidence of payments from employers - demonstrate that these provisions were never intended to apply to corporate debtors.  Accordingly, the Debtor respectfully requests that the Court waive the Disclosure Rules as either inapplicable to corporate debtors or duplicative of other corporate debtor disclosure requirements and confirm that the Debtor need not file copies of all payment advices or other evidence of payment received within the sixty days immediately preceding the Petition Date.

### Request for Approval of the Form and Manner of the Commencement Notice

11.    The Debtor additionally requests authority for Prime Clerk to serve the Commencement Notice in the form attached hereto as Exhibit A, which is substantially in the form of Official Bankruptcy Form 9 (for chapter 11 cases).[7] The Debtor proposes that the Commencement Notice would be served by regular mail, postage prepaid, on those entities entitled to receive such notice pursuant to Bankruptcy Rule 2002(a), and that such service occur no later than five business days after the Debtor receives notice from the U.S. Trustee of the time and place of the Section 341 Meeting.  The Debtor hereby requests that the Court approve the foregoing as providing sufficient notice of the commencement of this chapter 11 case and the Section 341 Meeting.

### Notice

12.    No trustee or examiner has been appointed in this chapter 11 case. Notice of this Motion has been provided to: (a) the U.S. Trustee; and (b) those creditors holding the 40 largest

---

[7] No bar date for the filing of proofs of claim in these cases has been established. Accordingly, the Case Commencement Notice will not include a notice of the bar date. The Debtor will seek Court approval of a notice of bar date at an appropriate juncture in this chapter 11 case.

5

unsecured claims against the Debtor's estate. The Debtor submits that no other or further notice need be provided.

## No Prior Request

13. No prior request for the relief sought in this Motion has been made to this or any other Court in connection with this chapter 11 case.

WHEREFORE, the Debtor respectfully requests that the Court: (i) enter an order substantially in the form attached hereto as Exhibit B, granting the relief requested herein; and (ii) grant such other and further relief to the Debtor as the Court may deem proper.

Dated: November 20, 2014
      New York, New York

Respectfully submitted,

By: /s/ William R. Baldiga
    William R. Baldiga, Esquire
    R. Benjamin Chapman, Esquire
    BROWN RUDNICK LLP
    Seven Times Square
    New York, NY 10036
    (212) 209-4800

*Proposed Counsel for the
Debtor and Debtor-in-Possession*

## **EXHIBIT A**

Commencement Notice

B9F (Official Form 9F) (12/12)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | | |
|---|---|---|
| Notice of<br>Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines | | |
| A chapter 11 bankruptcy case concerning the Debtor listed below was filed on November 20, 2014.<br>You may be a creditor of the Debtor.  **This notice lists important deadlines**.  You may want to consult an attorney to protect your rights.  All documents filed in this case may be inspected at the bankruptcy clerk's office at the address listed below.  NOTE:  The staff of the bankruptcy clerk's office cannot give legal advice. | | |
| **Creditors - Do not file this notice in connection with any proof of claim you submit to the court.**<br>**See Reverse Side for Important Explanations** | | |
| Debtor names, complete EIN and address<br>Aereo, Inc.<br>280 Summer Street, 4th Floor<br>Boston, MA  02210 | EIN:<br>27-3492838 | Case No.<br>Case No. 14-_____ (  ) |
| **All other names used by the Debtor in the last 8 years (include trade names):** | **Attorneys for Debtors (Name and address):**<br><br>William R. Baldiga<br>BROWN RUDNICK LLP<br>Seven Times Square<br>New York, NY  10036<br>Telephone: (212) 209-4800<br>Facsimile: (212) 209-4801 | |
| Telephone numbers for Prime Clerk, Claims and Noticing Agent for the Debtors: toll-free: 844-224-1140 or international: 917-962-8496. Web Address: http://cases.primeclerk.com/aereo | | |
| **Meeting of Creditors** | | |
| Date:         /     / 2014    Time:        (  ) AM            Location<br>                                                   (  ) PM | | |
| **General Deadline to File a Proof of Claim**<br>No bar date has yet been established for the filing of proofs of claim.  If and when a bar date is established, a separate notice will be provided. | | |
| **Creditor with a Foreign address**<br>A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side. | | |
| **Deadline to File a Complaint to Determine Dischargeability of Certain Debts:**  N/A | | |
| **Creditors May Not Take Certain Actions:** | | |
| In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the Debtor and the Debtor's property.  Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the Debtor can request the court to extend or impose a stay.  If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case. | | |
| **Address of the Bankruptcy Clerk's Office**<br>1 Bowling Green<br>New York, NY 10004-1408<br>Telephone number: (212) 668-2870 | For the Court:<br>Clerk of the Bankruptcy Court: | |
| Hours Open:  8:30 am - 5:00 pm Eastern Time | Date:  _____, 2014 | |

**EXPLANATIONS**            B9F Official Form 9F 12/11

| | |
|---|---|
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under Chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by the Debtors listed on the front side, and an order for relief has been entered. Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the court. You may be sent a copy of the plan and a disclosure statement telling you about the plan, and you might have the opportunity to vote on the plan. You will be sent notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the Debtors will remain in possession of the Debtors' property and may continue to operate any business. |
| Legal Advice | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions Meeting of Creditors | Prohibited collection actions are listed in Bankruptcy Code § 362. Common examples of prohibited actions include contacting the Debtors by telephone, mail, or otherwise to demand repayment; taking actions to collect money or obtain property from the Debtors; repossessing the Debtors' property; and starting or continuing lawsuits or foreclosures. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the Debtors can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed on the front side. The Debtors' representative must be present at the meeting to be questioned under oath by the trustee and by creditors. Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date specified in a notice filed with the court. The court, after notice and a hearing, may order that the United States trustee not convene the meeting if the Debtors have filed a plan for which the Debtors solicited acceptances before filing the cases. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. If a Proof of Claim form is not included with this notice, you can obtain one at any bankruptcy clerk's office or online at http://www.primeclerk.com/nii. You may look at the schedules that have been or will be filed at the bankruptcy clerk's office or online at http://cases.primeclerk.com/nii. If your claim is scheduled and is not listed as disputed, contingent, or unliquidated, it will be allowed in the amount scheduled unless you filed a Proof of Claim or you are sent further notice about the claim. Whether or not your claim is scheduled, you are permitted to file a Proof of Claim. If your claim is not listed at all or if your claim is listed as disputed, contingent, or unliquidated, then you must file a Proof of Claim or you might not be paid any money on your claim and may be unable to vote on a plan. The court has not yet set a deadline to file Proofs of Claim. If a deadline is set, you will be sent another notice. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. Filing Deadline for a Creditor with a Foreign Address: The deadline for filing claims will be set in a later court order and will apply to all creditors unless the order provides otherwise. If notice of the order setting the deadline is sent to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. <br> *Do not include this notice with any filing you make with the court.* |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See Bankruptcy Code § 1141(d). A discharge means that you may never try to collect the debt from the Debtors, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141(d)(6)(A), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and any required filing fee by that deadline. |
| How to Obtain Documents | Electronic copies of all pleadings or other documents filed in these cases may be obtained for $0.10 per page or $2.40 per document via PACER on the Court's web site at http://www.nysb.uscourts.gov. Paper copies of all pleadings or other documents filed in these cases may be obtained by sending a written request to Prime Clerk, the Debtors' claims and noticing agent at: NII Holdings Claims Processing Center, c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor, New York, NY 10022. Additionally, free electronic copies of certain pleadings or other documents filed in these cases will be posted on Prime Clerk's web site at |

|  | http://cases.primeclerk.com/nii as soon as possible after filing. |
|---|---|
| Court Filings | Any paper that you file in these bankruptcy cases should be filed at the Clerk of Court's office at the address listed below. In addition, these cases have been designated as cases assigned to the electronic case filing system and can be accessed via the Court's web site at http://www.nysb.uscourts.gov or ecfnysb.uscourts.gov. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the Debtors' property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in these cases. |
| | Refer To Other Side For Important Deadlines and Notices |

**EXHIBIT B**

Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|   |   |
|---|---|
| In re: | Chapter 11 |
| AEREO, INC., | Case No. 14-_____(___) |
| Debtor. |   |

**ORDER, PURSUANT TO SECTION 342 AND 521(a)
OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 1007(a),
2002(a) AND 2002(f) AND LOCAL BANKRUPTCY RULE 1007-1
(A) WAIVING THE REQUIREMENT THAT THE DEBTOR FILE A
LIST OF CREDITORS, (B) WAIVING CERTAIN PAYMENT, INCOME
AND EXPENDITURE FILING REQUIREMENTS AND (C) APPROVING THE
FORM AND MANNER OF NOTICE OF THE COMMENCEMENT
OF THE DEBTOR'S CHAPTER 11 CASE**

This matter coming before the Court on the Motion of Debtor and Debtor in Possession, Pursuant to Sections 342 and 521(a) of the Bankruptcy Code, Bankruptcy Rules 1007(a), 2002(a) and 2002(f) and Local Bankruptcy Rule 1007-1, for an Order (A) Waiving the Requirement that the Debtor File a List of Creditors, (B) Waiving Certain Payment, Income and Expenditure Filing Requirements and (C) Approving the Form and Manner of Notice of the Commencement of the Debtor's Chapter 11 Case (the "Motion")[1], filed by the debtor and debtor in possession in the above-captioned case (the "Debtor").  The Court having reviewed the Motion and the Rivera Declaration and having considered the statements of counsel with respect to the Motion at a hearing before the Court (the "Hearing"); and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iii) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set

---

[1]  Capitalized terms not otherwise defined shall have the meaning ascribed to them in the Motion.

forth in the Motion and the Rivera Declaration and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.\

2. The requirement that the Debtor file a list of creditors with the Court on the Petition Date pursuant to the Notice Rules is hereby waived.

3. The Debtor shall furnish Prime Clerk LLC ("Prime Clerk") with the list of their creditors as soon as possible upon the Court's authorization of the Debtor's engagement of Prime Clerk as claims and noticing agent in this chapter 11 case.

4. The requirements that the Debtor file copies of all payment advice, statements of monthly net income and statements disclosing increases to income or expenditure, pursuant to sections 521(a)(1)(B)(iv), 521(a)(1)(B)(v) and 521(a)(1)(B)(vi) of the Bankruptcy Code, are hereby waived.

5. Prime Clerk is authorized and directed to serve the Commencement Notice, substantially in the form attached to the Motion as Exhibit A, no later than five business days after the Debtor receives written notice from the U.S. Trustee of the time and place of the Section 341 Meeting. Prime Clerk shall serve the Commencement Notice by regular mail, postage prepaid, on those entities entitled to receive the Commencement Notice pursuant to Bankruptcy Rule 2002(a). Service of the Commencement Notice in accordance with this paragraph is approved in all respects and is deemed sufficient notice to all parties in interest of the commencement of this chapter 11 case and the Section 341 Meeting under the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

2

Dated: _____, 2014
      New York, New York

                                              UNITED STATES BANKRUPTCY JUDGE

61814325