UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re:                                                    :    Chapter 11
                                                          :    Case No. 14-13200 (SHL)
AEREO, INC.,                                              :
       *Debtor.*                                        :
------------------------------------------------------------------------X

## BROADCASTERS' MOTION TO WITHDRAW REFERENCE OF THE STAY RELIEF MOTION AND SALE MOTION AND MEMORANDUM IN SUPPORT

Patrick J. Trostle
JENNER & BLOCK LLP
919 Third Avenue
New York, NY 10022
Tel:   (212) 891-1600
Fax:  (212) 891-1699

Catherine L. Steege (*pro hac vice* application to be filed)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60613
Tel:   (312) 222-9350
Fax:  (312) 527-0484

Richard L. Stone (*pro hac vice* application to be filed)
Julie A. Shepard (*pro hac vice* application to be filed)
Amy M. Gallegos (*pro hac vice* application to be filed)
JENNER & BLOCK LLP
633 West Fifth Street
Los Angeles, CA 90071
Tel:   (213) 239-5100
Fax:  (213) 239-5199

*Counsel for WNET; THIRTEEN; Fox Television Stations, Inc.; Twentieth Century Fox Film Corporation; WPIX, LLC; Univision Television Group, Inc.; The Univision Network Limited Partnership; Public Broadcasting Service; KSTU LLC; Fox Broadcasting Company; and KUTV Licensee, LLC*

Bruce P. Keller
M. Natasha Labovitz
Michael Potenza
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel:   (212) 909-6000
Fax:  (212) 909-6836

*Counsel for American Broadcasting Companies, Inc.; Disney Enterprises, Inc.; CBS Broadcasting Inc.; and CBS Studios Inc.*

Michael V. Blumenthal
Jennifer A. Christian
THOMPSON & KNIGHT LLP
900 Third Avenue
20th Floor
New York, NY 10022-4728
Tel: (212) 751-3001
Fax: (212) 751-3113

*Counsel for NBCUniversal Media, LLC; NBC Studios, LLC; Universal Network Television, LLC; Telemundo Network Group LLC; and WNJU-TV Broadcasting LLC*

**TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ...............................................................................................1

II.  BACKGROUND ...................................................................................................................2

III. THE REFERENCE SHOULD BE WITHDRAWN AS TO THE STAY RELIEF
     MOTION AND THE SALE MOTION. ................................................................................5

     A.   The Reference Should Be Withdrawn As To Both Motions For Cause. ................. 5

     B.   The Sale Motion Is Subject To Mandatory Withdrawal Of The Reference. .......... 9

IV.  CONCLUSION....................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Cartoon Network LP, LLLP v. CSC Holdings, Inc.*,
    536 F.3d 121 (2d Cir. 2008) ................................................................................................9, 10

*Chemtura Corp. v. United States*,
    No. 10 Civ. 503(RMB), 2010 WL 1379752 (S.D.N.Y. Mar. 26, 2010) ..................................16

*City of New York v. Exxon Corp.*,
    932 F.2d 1020 (2d Cir. 1991)..................................................................................................15

*Crown Heights Jewish Cmty. Council, Inc. v. Fischer (In re Fischer)*,
    202 B.R. 341 (E.D.N.Y. 1996) ...............................................................................................13

*Davis v. All Points Packaging and Distribution, Inc. (In re Quebecor World (USA))*,
    No. 12 Civ. 0888(AJN), 2012 WL 11088343 (S.D.N.Y. Jul. 6, 2012) ..............................13, 14

*Enron Power Mktg., Inc. v. Cal. Power Exch. Corp. (In re Enron Corp.)*,
    No. 04 Civ. 8177(RCC), 2004 WL 2711101 (S.D.N.Y. Nov. 23, 2004)................................16

*Grede v. Fortis Clearing Ams. LLC*,
    No. 09 C 138, 2009 WL 3518159 (N.D. Ill. Oct. 28, 2009) ....................................................16

*In re Dana Corp.*,
    379 B.R. 449 (S.D.N.Y. 2007).................................................................................................15

*McMahon v. Providence Capitol Enters., Inc. (In re McMahon)*,
    222 B.R. 205 (S.D.N.Y 1998)..................................................................................................15

*Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*,
    4 F.3d 1095 (2d Cir. 1993).......................................................................................................12

*Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.)*,
    922 F.2d 984 (2d Cir. 1990).....................................................................................................15

**STATUTES**

11 U.S.C. § 1129(a)(3)...............................................................................................................13, 16

11 U.S.C. § 1129(a)(11).............................................................................................................13, 16

28 U.S.C. § 157(d) ................................................................................................................... passim

Broadcasters[1] respectfully move for entry of an order, pursuant to 28 U.S.C. § 157(d), withdrawing the reference to the Bankruptcy Court of both (A) Broadcasters' Motion for Relief From Stay (the "Stay Relief Motion"); and (B) Aereo's November 21, 2014 Motion to Approve Debtor's Motion for Entry of an Order (i) Approving Bidding Procedures in Connection with the Proposed Sale(s) of Certain or Substantially All of the Debtor's Assets and Other Potential Transactions; (ii) Establishing Certain Related Deadlines; and (iii) Granting Related Relief (the "Sale Motion"). These matters should be decided by the District Court currently presiding over *American Broadcasting Companies, Inc., et al. vs. Aereo, Inc.*, Case No. 12 Civ. 1540 (AJN) (the "Copyright Case"). That court is already intimately familiar with Aereo's retransmission service and the Broadcasters' copyright infringement claims, and therefore can most efficiently rule upon the issues presented by these motions.

## I.    PRELIMINARY STATEMENT

The reference of the Stay Relief Motion and the Sale Motion should be withdrawn so that they can be heard by the District Court in which the Copyright Case has been pending for nearly three years. The Stay Relief Motion, filed by Broadcasters, seeks relief from the automatic stay so that the District Court can render a final judgment on their copyright infringement claims against Aereo, enter a permanent injunction, and determine the amount of statutory damages to which Broadcasters are entitled. The Sale Motion, filed by Aereo, seeks approval for Aereo to elicit bids for the sale of its assets or, in the alternative, proposals under which Aereo could reorganize and remain in business by continuing to retransmit broadcast television programming.

---

[1] Broadcasters are WNET, THIRTEEN, Fox Television Stations, Inc., Twentieth Century Fox Film Corporation, WPIX, LLC, Univision Television Group, Inc., The Univision Network Limited Partnership, Public Broadcasting Service, American Broadcasting Companies, Inc., Disney Enterprises, Inc., CBS Broadcasting Inc., CBS Studios Inc., NBCUniversal Media, LLC, NBC Studios, LLC, Universal Network Television, LLC, Telemundo Network Group LLC, WNJU-TV Broadcasting LLC, KSTU, LLC, KUTV Licensee, LLC and Fox Broadcasting Company.

Aereo's ability to remain in business depends entirely on the question of whether its business, including its anticipated time-delayed retransmission service, infringes Broadcasters' copyrights. The Sale Motion is thus inextricably bound up with the underlying infringement issues that the District Court was poised to rule upon when Aereo filed bankruptcy.

Judicial efficiency overwhelmingly favors the District Court deciding these motions. The District Court already possesses extensive knowledge about the copyright litigation: It has been presiding over that case for years, including substantial motion practice and voluminous discovery; it has expertise in the copyright issues; and it issued the preliminary injunction currently in effect. By contrast, this bankruptcy case was filed only a few weeks ago and is still in its infancy. For these reasons, it would be substantially more efficient for the District Court to rule on the motions given that they raise issues with which the District Court is already deeply familiar. Accordingly, for the reasons discussed in detail below, Broadcasters respectfully request that the Court withdraw the reference of the Stay Relief Motion and Sale Motion.

## II.    BACKGROUND

The Copyright Case began nearly three years ago when Aereo announced that it had invented a new technology that supposedly would allow it to retransmit Broadcasters' copyrighted broadcast television programs over the Internet to paying Aereo subscribers without first obtaining a copyright license. Aereo contended that its system – a collection of mini-antennas, transcoders, and computer components – fell within a loophole in the Copyright Act created by the Second Circuit's decision in *Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121 (2d Cir. 2008) ("*Cablevision*"). The District Court denied Broadcasters' preliminary-injunction motion because it found itself bound by the Second Circuit's interpretation of the relevant provision of the Copyright Act in the *Cablevision* case. See Dist.

2

Dkt. No. 109 at 18-19.[2]

As the parties continued to litigate over the next several years, Aereo continued to retransmit Broadcasters' programs – 24 hours a day, seven days a week – to consumers who paid a subscription fee, expanding its initial New York service into Boston, Cincinnati, Denver, Detroit, and other locations across the country. While it was in operation, Aereo retransmitted thousands of Broadcasters' copyrighted programs to its subscribers without authorization on both a near-live and time-delayed basis.

In June of 2014, the Supreme Court held that Aereo was infringing Broadcasters' copyrights by publicly performing their programs, and it rejected the notion that Aereo's technology, based principally on mini-antennas and playback from subscriber-associated copies of television programs, shielded it from liability. *Aereo III*, 134 S. Ct. at 2506-10. The Supreme Court was also clear that Aereo publicly performed the programs when it transmitted those programs to its subscribers and *regardless of when its subscribers watched them*. Observing that "Aereo's subscribers may receive the same programs at different times," the Supreme Court held that this "does not help Aereo . . . [because] the Transmit Clause expressly provides that an entity may perform publicly 'whether the members of the public capable of receiving the performance . . . receive it in the same place or in separate places and at the same time or at *different times*.'" *Id.* at 2510 (emphasis added) (quoting 17 U.S.C. § 101). This aspect of the opinion is significant because Aereo claims that, despite the Supreme Court opinion, it can retransmit Broadcasters' programming without infringing copyright as long as it does so on a time-delayed basis. See, e.g., Dist. Dkt. No. 325 at 22-25.

---

[2] "Dist. Dkt." refers to the docket in *American Broadcasting Companies, Inc., et al. vs. Aereo, Inc.*, Case No. 12 Civ. 1540 (AJN).

Consistent with the Supreme Court's ruling, on October 23, 2014, the District Court issued an order preliminarily enjoining Aereo from publicly performing Broadcasters' programs without authorization, and rejected Aereo's after-the-fact defenses under Section 111 of the Copyright Act and the DMCA.[3]  Dist. Dkt. 341 at 4-11.  Because Broadcasters had originally only sought to preliminarily enjoin Aereo from retransmitting their programs while the programs were still airing, the preliminary-injunction order did not cover Aereo's delayed retransmissions. See Dist. Dkt. No. 341 at 15.  The District Court was clear, however, that given the long history of this litigation and extensive discovery that had already occurred, it intended to render judgment on the merits and resolve all disputes about the scope of the permanent injunction – including, specifically, whether Aereo would be barred from making time-delayed retransmissions – on an expedited basis on summary judgment.  See id. at 15, 16.  Broadcasters requested that summary judgment motions be filed as early as November 26, but because Aereo professed to want to engage in additional expert discovery, the Court set a discovery deadline of January 16, 2015, and a deadline for summary judgment and Daubert motions of February 16, 2015.  Dist. Dkt. No. 352.

However, less than one week after the District Court issued its schedule, Aereo filed for bankruptcy, invoking the protections of the automatic stay.  Almost immediately, Aereo moved the Bankruptcy Court to approve an auction sale of substantially all of its assets.  Aereo's Sale Motion states that it intends not only to elicit bids for its assets, but also for "alternative proposals for reorganization" including "the ability to consummate a transaction that would permit the Debtor, in its business discretion, to decide to sponsor a plan of reorganization that

---

[3] Specifically, Aereo claimed that it was entitled to a statutory license under Section 111 of the Copyright Act, and that its conduct fell within certain "safe harbor" provisions contained in the Digital Millennium Copyright Act.

4

permits the successful bidder to acquire all of the stock in the reorganized Debtor as an alternative to purchasing the Debtors' assets." Sale Motion, pp. 8-9, ¶ 19.

Aereo has emphasized in the media that it may "end up deciding to restructure the company and attracting new capital." Declaration of Natasha Labovitz ("Labovitz Decl."), Ex. A (Bloomberg Trans. at 27). And Aereo insists under oath that it may be able to continue some or all aspects of its retransmission business. Declaration of Ramon Rivera dated November 20, 2014 , ¶¶ 27, 30 (stating that resolution of "legal and regulatory issues relating to" Aereo's business may allow Aereo to continue "to be able to operate profitably"). Although the District Court has already conclusively rejected Aereo's argument that it is entitled to a compulsory statutory license under Section 111 of the Copyright Act, see Dist. Dkt. No. 341 at 4-10, Aereo avers in its Sale Motion that it "has taken the position that it is entitled to a 'compulsory' statutory license under Section 111 of the Copyright Act" and "has filed documents and payments with the United States Copyright Office which, if accepted, would result in there being no copyright infringement claim against the debtor." Sale Motion at 6-7.

Aereo has been open about the fact that it is using the bankruptcy to evade the rulings already made in the litigation so that it can either keep operating or sell its technology to a third party to pick up where Aereo left off. Aereo's Kanojia has publicly stated "it was clear that we had to deal with the litigation in some way, shape or form," and therefore "it made sense to look at Chapter 11 as kind of a way to deal with the litigation issues and at least unencumber the assets, which are truly valuable." See Labovitz Decl., Ex. A (Bloomberg Trans. at 22).

**III.    THE REFERENCE SHOULD BE WITHDRAWN AS TO THE STAY RELIEF MOTION AND THE SALE MOTION.**

    **A.    The Reference Should Be Withdrawn As To Both Motions For Cause.**

5

The automatic reference to the Bankruptcy Court of both the Stay Relief Motion and the Sale Motion should be withdrawn "for cause" under 28 U.S.C. § 157(d) so that the District Court can rule on both of these motions. In evaluating whether "cause" exists, courts in this circuit weigh a number of factors, including: (1) whether the claim is core or non-core, (2) what is the most efficient use of judicial resources, (3) what is the delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors. *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993).

The foremost concern here is efficiency. As explained in the Stay Relief Motion, allowing the parties to file summary judgment motions and obtain a final judgment on the merits of Broadcasters' copyright claims and Aereo's defenses will provide needed clarity in the bankruptcy case. As it stands right now, Aereo has proposed in its Sale Motion and in other documents filed in the Bankruptcy Court that it may reorganize and continue to operate. *See, e.g.*, Sale Motion at p. 6, ¶ 12 and pp. 8-9, ¶ 19. Aereo contends that it can continue to provide its retransmission service without infringing Broadcasters' copyrights so long as it retransmits the programs on a time delay (i.e., at some unspecified time after the programs begin airing).[4] This issue must be addressed if Aereo is going to reorganize, because the Bankruptcy Court cannot approve a plan in which the debtor uses the assets in a way that violates the law. *See* 11 U.S.C. § 1129(a)(3). Likewise, if Aereo's proposed business model is illegal, such a plan could not possibly qualify as feasible. *See* 11 U.S.C. § 1129(a)(11). Because the District Court is intimately familiar with Aereo's business and the copyright issues, that court is best situated to determine whether lifting the stay to adjudicate the scope of Aereo's liability is warranted in

---

[4] As mentioned above, Aereo also still contends that it is entitled to a compulsory license under Section 111, even though the District Court has rejected that claim. *See* Sale Motion at 6-7.

6

light of the positions Aereo is taking in the bankruptcy – not to mention Broadcasters' right to a final adjudication, permanent injunction, and statutory damages after nearly three years of litigation and ongoing infringement. *See Crown Heights Jewish Cmty. Council, Inc. v. Fischer (In re Fischer)*, 202 B.R. 341, 354 (E.D.N.Y. 1996) (holding that "the totality of the circumstances militates strongly in favor" of allowing the district court to decide motion to lift the stay as to pending RICO lawsuit against the debtor, because the lawsuit had been pending in the district court for more than four years, and "extensive work [had been] done by the magistrate judge, discovery has progressed significantly, and numerous substantive motions already have been decided"); *cf Davis v. All Points Packaging and Distribution, Inc. (In re Quebecor World (USA))*, No. 12 Civ. 0888(AJN), 2012 WL 11088343, at *2 (S.D.N.Y. Jul. 6, 2012) (Nathan, J.) (efficiency and uniformity dictate that the reference should not be withdrawn where, unlike here, the bankruptcy case had been pending for over two years and the district court had not presided over any proceedings. This case is the converse and all the factors and reasoning of the Court militate in favor of withdrawal).

Moreover, expeditious resolution of this issue will facilitate an asset sale because it will provide clarity as to how a potential buyer can use Aereo's assets. It is already clear that if the purchaser of Aereo's technology uses it to retransmit Broadcasters' programs without authorization during the broadcast window, the purchaser will be liable for copyright infringement. *Aereo III*, 134 S. Ct. at 2506-10 (holding that using Aereo's technology to retransmit broadcast television programs is copyright infringement). Once the District Court confirms that unauthorized time-delayed retransmissions made with Aereo's technology infringe, any purchaser who uses that technology to offer a time-delayed retransmission service will similarly be liable for copyright infringement. *See id.* at 2510. Aereo undoubtedly will object,

7

saying such clarification is unnecessary. But Aereo should not be allowed to use its bankruptcy to evade resolution of the time-delayed retransmission issue. The integrity of the sales process and of the bankruptcy court will only suffer if that occurs. Thus, the determination of the Sale Motion is tied to the resolution of the Copyright Case and should be decided by the District Court.

Withdrawing the reference will not cause any delay. To the contrary, it will facilitate the efficient resolution of these motions because the District Court is already familiar with the underlying factual and legal issues. As Aereo attempts to sell its assets, it is much more efficient and orderly to determine first the scope of what is and is not prohibited with respect to the use of those assets. And it is clear that the District Court, which was already close to making that determination, is in the best position to make it quickly and efficiently.

Moreover, allowing the District Court to decide these motions will prevent forum shopping. The Copyright Case has been pending in the District Court for years, and was on the brink of a final judgment when Aereo filed for bankruptcy – a move it has all but admitted was calculated to get out of District Court. And it is now asking, or presumably intends to ask, the Bankruptcy Court to provide relief from Broadcasters' copyright claims, including permission to reorganize and continue operating an unauthorized retransmission service. This is rank forum shopping because issues relating to Aereo's infringement and continuing ability to retransmit Broadcasters' copyrighted programs belong in the District Court. Aereo's forum shopping weighs in favor of withdrawing the reference. *See, e.g.*, *McMahon v. Providence Capitol Enters., Inc. (In re McMahon)*, 222 B.R. 205, 208 (S.D.N.Y 1998) ("Forum shopping would not be encouraged by granting the Defendant's motion [to withdraw the reference] as this case

8

involves a non-core proceeding that could have and probably should have been brought in a district court originally.").

B.     **The Sale Motion Is Subject To Mandatory Withdrawal Of The Reference.**

In addition to being subject to withdrawal for cause, Aereo's Sale Motion is also subject to mandatory withdrawal of the reference. Section 157(d) of the Judicial Code provides that:

> The district court *shall*, on timely motion of a party, so withdraw a proceeding if the court determines that *resolution of the proceeding requires consideration of both title 11 [the Bankruptcy Code] and other laws of the United States regulating organizations or activities affecting interstate commerce.*

28 U.S.C. § 157(d) (emphasis added).

Withdrawal is mandatory when the resolution of the proceeding requires consideration of federal, non-bankruptcy law, i.e., "other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Section 157(d) requires withdrawal of the reference of any proceeding that involves "significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes." *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991). Accordingly, a motion for withdrawal must be granted whenever "substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for resolution of the proceeding." *Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.)*, 922 F.2d 984, 995 (2d Cir. 1990). The reference has been withdrawn in cases in this District that require the Bankruptcy Court to "engage itself in the intricacies" of non-bankruptcy law, as opposed to routine application of those laws. *See In re Dana Corp.*, 379 B.R. 449, 453 (S.D.N.Y. 2007) (*quoting Shugrue*, 922 F.2d at 995) (withdrawing the reference where the case would have required the bankruptcy court to "engage in careful and significant consideration of . . . a statute outside its realm of experience" (internal quotation marks omitted)); *Chemtura Corp. v. United States*, No. 10 Civ. 503(RMB), 2010 WL

9

1379752, at *1 (S.D.N.Y. Mar. 26, 2010) (citations omitted) (withdrawing an adversary proceeding "because it implicate[d] consideration and analysis of [a federal statute] and 'the intricacies' of non-Bankruptcy law" (internal quotation marks omitted)); *accord Enron Power Mktg., Inc. v. Cal. Power Exch. Corp. (In re Enron Corp.)*, No. 04 Civ. 8177(RCC), 2004 WL 2711101, at *4 (S.D.N.Y. Nov. 23, 2004) (withdrawing the reference where the bankruptcy court could not adjudicate the issue "without substantial and material consideration of federal law beyond Title 11"). A determination as to whether withdrawal of the reference is mandatory does not require the court to evaluate the merits of the parties' positions; rather, it is sufficient for the court to determine that the proceeding will involve "substantial and material consideration" of federal non-bankruptcy law. *See Grede v. Fortis Clearing Ams. LLC*, No. 09 C 138, 2009 WL 3518159, at *3-4 (N.D. Ill. Oct. 28, 2009). "Section 157(d) reflects Congress's perception that specialized courts should be limited in their control over matters outside their areas of expertise." *AT&T Co. v. Chateaugay* Corp., 88 B.R. 581, 583 (S.D.N.Y. 1988).

Aereo's Sale Motion is subject to mandatory withdrawal because it requires consideration of both the Copyright Act and the Bankruptcy Code. As explained above, the Sale Motion contemplates that Aereo may ask the bankruptcy court to approve a restructuring transaction that might lead to confirmation of a plan allowing Aereo to remain in business. In such a case, it will be necessary to decide the scope of the permanent injunction so that Aereo's future business plan complies with applicable law and is feasible. *See* 11 U.S.C. § 1129(a)(3), (11). Because determination of those issues require consideration of the Copyright Act and the Bankruptcy Code, withdrawal of the reference is mandatory. Likewise, if Aereo proposes to sell its assets to a third party, a final ruling on the copyright infringement issues will facilitate the sales process

10

by providing clarity for the buyer as to whether or not it can legally use Aereo's technology to offer a time-delayed retransmission service.

Finally, there is no reason to delay the decision on this motion or the related motion for relief from the automatic stay. Once Aereo decides on its preferred exit strategy, it is likely to argue (as many debtors do) that it is imperative that the bankruptcy court approve what it wants to do on an expedited basis. For example, Aereo's Sale Motion asks the court to approve bidding procedures for an asset sale or alternative transaction (such as a reorganization) that gives creditors less than one day to object to the proposed transaction. *See* Sale Motion, p. 8, ¶ 17(b) and (c). Waiting to modify the stay for purposes of addressing the delayed retransmission and other copyright issues will inevitably result in Aereo claiming that there is no time to give Broadcasters their day in court. By modifying the stay now, and allowing the briefing to proceed on the District Court's current schedule (or some modified, expedited schedule if Aereo wants that), the Court ensures that the Broadcasters' interests are protected while allowing Aereo's case to move expeditiously.

## IV.   CONCLUSION.

For the foregoing reasons, Broadcasters request that the reference of the Stay Relief Motion and Sale Motion be withdrawn pursuant to 28 U.S.C. § 157(d), and that Broadcasters be granted all other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Patrick J. Trostle*
Patrick J. Trostle
JENNER & BLOCK LLP
919 Third Avenue
New York, NY 10022
Tel:   (212) 891-1600
Fax:   (212) 891-1699

Catherine L. Steege (*pro hac vice* application to be filed)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60613
Tel:   (312) 222-9350
Fax:   (312) 527-0484

Richard L. Stone (*pro hac vice* application to be filed)
Julie A. Shepard (*pro hac vice* application to be filed)
Amy M. Gallegos (*pro hac vice* application to be filed)
JENNER & BLOCK LLP
633 West Fifth Street
Los Angeles, CA 90071
Tel:   (213) 239-5100
Fax:   (213) 239-5199

*Counsel for WNET; THIRTEEN; Fox Television Stations, Inc.; Twentieth Century Fox Film Corporation; WPIX, LLC; Univision Television Group, Inc.; The Univision Network Limited Partnership; Public Broadcasting Service; KSTU, LLC; Fox Broadcasting Company, and KUTV Licensee, LLC*

Dated:   December 11, 2014
         New York, New York

/s/ *M. Natasha Labovitz*
Bruce P. Keller
M. Natasha Labovitz
Michael Potenza
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel:   (212) 909-6000
Fax:   (212) 909-6836

*Counsel for American Broadcasting Companies, Inc.; Disney Enterprises, Inc.; CBS Broadcasting Inc.; CBS Studios Inc.*

 /s/ *Michael V. Blumenthal*
Michael V. Blumenthal
Jennifer A. Christian
THOMPSON & KNIGHT LLP
900 Third Avenue
20th Floor
New York, NY 10022-4728
Tel: (212) 751-3001
Fax: (212) 751-3113

*Counsel for NBCUniversal Media, LLC; NBC Studios, LLC; Universal Network Television, LLC; Telemundo Network Group LLC; and WNJU-TV Broadcasting LLC*