**Presentment Date: December 19, 2014 at 10:30 a.m. (ET)**

William R. Baldiga, Esquire
R. Benjamin Chapman, Esquire
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
(212) 209-4800

*Proposed Counsel for the
Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| AEREO, INC., | : | Case No. 14-13200 (SHL) |
| Debtor. | : | |

**NOTICE OF FILING OF REVISED PROPOSED ORDER ESTABLISHING DEADLINE
FOR FILING PROOFS OF CLAIM (INCLUDING ANY CLAIMS UNDER
SECTION 503(b)(9) OF THE BANKRUPTCY CODE) AND APPROVING
THE FORM AND MANNER OF NOTICE THEREOF**

Aereo, Inc., the Debtor and Debtor-in-Possession (the "Debtor") in the above-captioned chapter 11 case, hereby files a revised proposed *Order Establishing Deadline for Filing Proofs of Claim (Including any Claims Under Section 503(b)(9) of the Bankruptcy Code) and Approving the Form and Manner of Notice Thereof* (the "Revised Proposed Order"), a copy of which is attached hereto as Exhibit A. On December 1, 2014, the Debtor filed the *Order Establishing Deadline for Filing Proofs of Claim (Including any Claims Under Section 503(b)(9) of the Bankruptcy Code) and Approving the Form and Manner of Notice Thereof* [Docket No. 35]. The only change to the Revised Proposed Order is to extend the General Bar Date, as that term is defined in the Revised Proposed Order, for a one week period, from February 7, 2015 to February 13, 2015.

Dated: December 18, 2014

    New York, New York     Respectfully submitted,

    By: /s/ William R. Baldiga
        William R. Baldiga, Esquire
        R. Benjamin Chapman, Esquire
        BROWN RUDNICK LLP
        7 Times Square
        New York, NY 10036
        (212) 209-4800

        *Proposed Counsel for the*
        *Debtor and Debtor-in-Possession*

61831980

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>AEREO, INC.,[1]<br><br>                Debtor | )<br>)  Chapter 11<br>)<br>)  Case No. 14-13200 (SHL)<br>)<br>) |

**ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM
(INCLUDING ANY CLAIMS UNDER SECTION 503(b)(9) OF THE BANKRUPTCY
CODE) AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the application of the above-captioned debtor and debtor in possession (the "Debtor"), for an order, pursuant to pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule"), 3003(c)(3), fixing a deadline (the "Bar Date") and establishing procedures for filing proofs of claim (including any claims under Section 503(b)(9) of the Bankruptcy Code) and approving the form and manner of service thereof, and it appearing that the relief requested is in the best interests of the Debtor, its estate, and creditors and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

**ORDERED**, that except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtor which arose on or prior to the filing of the Chapter 11 petition on November 20, 2014 (the "Filing Date"), shall file a proof of such claim in writing or electronically, as more fully described below, so as to be received **on or before February 13, 2015 at 5:00 p.m., prevailing Eastern time** (the "General Bar Date"); and it is further

---

[1]     The last four digits of the Debtor's taxpayer identification number are: 2838. Aereo, Inc. is a New York corporation.

**ORDERED,** that notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed **on or before May 19, 2015 at 5:00 p.m., prevailing Eastern time** (the date that is 180 days after the date of the order for relief) (the "Governmental Bar Date," and together with the General Bar Date, the "Bar Dates" or the "Bar Date" as may be applicable); and it is further

**ORDERED**, that the following procedures for the filing of proofs of claim shall apply:

(a) All Proofs of Claim filed against the Debtor must conform substantially to Official Bankruptcy Form No. 10 (the form annexed hereto as Exhibit B) (the "Proof of Claim Form").

(b) Proofs of claim must be filed either electronically through the website of the claims agent in the Debtor's chapter 11 case, Prime Clerk LLC ("Prime Clerk"), located at https://cases.primeclerk.com/aereo/EPOC-Index or by mailing the original proof of claim either by U.S. Postal Service mail or overnight delivery to the following address:

| If by first class mail, to: | If by hand delivery or overnight courier, to: |
|---|---|
| Aereo, Inc. Claims Processing<br>c/o Prime Clerk LLC<br>830 Third Avenue, 9th Floor<br>New York, NY  10022 | Aereo, Inc. Claims Processing<br>c/o Prime Clerk LLC<br>830 Third Avenue, 9th Floor<br>New York, NY  10022 |
| | or |
| | Clerk of the United States Bankruptcy Court<br>Attn:  Aereo, Inc. Claims Processing<br>One Bowling Green<br>New York, NY  10004 |

(c) Proofs of Claim will be deemed filed only when received by Prime Clerk or the Clerk of the Bankruptcy Court on or before the applicable Bar Date;

2

  (d)  Proofs of Claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency;

**ORDERED,** that the following persons or entities need <u>not</u> file a proof of claim on or prior to the applicable Bar Date:

  (a)  Any person or entity that has already filed a proof of claim against the Debtor with the Bankruptcy Court in a form substantially similar to Official Bankruptcy Form No. 10;

  (b)  Any person or entity whose claim is listed on the Schedules filed by the Debtor, provided that (i) the claim is <u>not</u> scheduled as "disputed," "contingent" or "unliquidated"; <u>and</u> (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules;

  (c)  Any holder of a claim that heretofore has been allowed by order of this Court;

  (d)  Any person or entity whose claim has been paid in full by the Debtor;

  (e)  Any holder of a claim for which specific deadlines have previously been fixed by this Court;

  (f)  Any non-debtor affiliate or subsidiary of the Debtor having a claim against the Debtor;

  (g)  Any holder of a claim allowable under § 503(b) or § 507(a)(2) of the Bankruptcy Code as an expense of administration; <u>provided</u> <u>however</u>, that claims under section 503(b)(9) must be asserted by filing a Proof of Claim in accordance with this Order; or

  (h) Any claim by an employee as of the Commencement Date, solely to the extent that an order of the Court authorized the Debtor to honor such claim in the ordinary course as a wage or benefit.

  **ORDERED,** that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the General Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

  **ORDERED,** that holders of equity security interests in the Debtor need not file proofs of interest with respect to the ownership of such equity interests, <u>provided</u>, <u>however</u>, that if any such holder asserts a claim against the Debtor (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of such claim must be filed on or prior to the General Bar Date pursuant to the procedures set forth in this Order; and it is further

  **ORDERED,** that if the Debtor amends or supplements the Schedules subsequent to the date hereof, the Debtor shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded 30 days from the date of such notice to file proofs of claim in respect of their claims and shall be given notice of such deadline; and it is further

  **ORDERED,** that nothing in this Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

4

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

**ORDERED,** that a copy of the notice substantially in the form annexed hereto as Exhibit A is approved and shall be deemed adequate and sufficient if served by first-class mail at least thirty-five (35) days prior to the General Bar Date on:

(a) the United States Trustee;

(b) Counsel to each official committee;

(c) all persons or entities that have requested notice of the proceedings in this chapter 11 case;

(d) all persons or entities that have filed claims;

(e) all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

(f) all parties to executory contracts and unexpired leases of the Debtor;

(g) all parties to litigation with the Debtor;

(h) the Internal Revenue Service for the district in which the case is pending and the New York Department of Taxation; and

(i) such additional persons and entities as deemed appropriate by the Debtor;

and it is further

**ORDERED,** that with regard to those holders of claims listed on the Schedules, the Debtor shall mail one or more proof of claim forms (as appropriate) substantially similar to the Proof of Claim form annexed to the application as Exhibit B, indicating on the form how the Debtor has scheduled such creditor's claim in the Schedules (including the amount of the claim

5

and whether the claim has been scheduled as contingent, unliquidated or disputed); and it is further

**ORDERED,** that the Debtor and Prime Clerk are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED,** that entry of this Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file such proofs of claim or interest or be barred from doing so.

Dated:       New York, New York
             _____ ____, 2014

                                    _____
                                    THE HONORABLE SEAN H. LANE
                                    UNITED STATES BANKRUPTCY JUDGE

**[FORM OF BAR NOTICE]**

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>AEREO, INC.,[1]<br><br>　　　　　　　　　Debtor | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 14-13200 (SHL) <br> ) <br> ) <br> ) |

**NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF
CLAIM (INCLUDING ANY CLAIMS UNDER SECTION 503(b)(9)
OF THE BANKRUPTCY CODE) TO ALL PERSONS AND
<u>ENTITIES WITH CLAIMS AGAINST AEREO, INC.</u>**

　　　　The United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") has entered an Order (the "<u>Order</u>") establishing (i) **February 13, 2015 at 5:00 pm prevailing Eastern time** (the "<u>General Bar Date</u>") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of claim ("<u>Proof of Claim</u>") (including any claims under section 503(b)(9) of title 11 of the United States Code, the "<u>Bankruptcy Code</u>") against the debtor listed above (the "<u>Debtor</u>") and (ii) May 19, 2015 at 5:00 p.m., prevailing Eastern time (the "<u>Government Bar Date</u>" and together with the General Bar Date, the "<u>Bar Dates</u>" or "<u>Bar Date</u>" as may be applicable), as the last date and time for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file Proofs of Claim against the Debtor.

　　　　The Order, the Bar Dates and the procedures set forth below for filing proofs of claim apply to all claims against the Debtor that arose prior to **November 20, 2014**, the date on which the Debtor commenced this case under chapter 11 of the Bankruptcy Code (the "<u>Commencement Date</u>"), except for those holders of the claims listed in Section 4 below that are specifically excluded from the applicable Bar Date filing requirement.

**1.    WHO MUST FILE A PROOF OF CLAIM**

　　　　You MUST file a proof of claim to vote on a Chapter 11 plan filed by the Debtor or to share in distributions from the Debtor's bankruptcy estate if you have a claim that arose prior to the Commencement Date, and it is not one of the types of claim described in Section 4 below. Claims based on acts or omissions of the Debtor that occurred before the Commencement Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Commencement Date.

　　　　Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment,

---

[1]　　　The last four digits of the Debtor's taxpayer identification number are: 2838.  Aereo, Inc. is a New York corporation.

liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**2.    WHAT TO FILE**

The Debtor is enclosing a proof of claim form for use in this case; if your claim is scheduled by the Debtor, the form also sets forth the amount of your claim as scheduled by the Debtor and whether the claim is scheduled as disputed, contingent or unliquidated.  You will receive a different proof of claim form for each claim scheduled in your name by the Debtor.  You may utilize the proof of claim form(s) provided by the Debtor to file your claim.  Additional proof of claim forms may be obtained at www.uscourts.gov/bkforms, or on the Debtor's case website at https://cases.primeclerk.com/aereo/, or by contacting the Debtor's Claims and Noticing Agent, Prime Clerk LLC ("Prime Clerk") at the following address and telephone number:

> Aereo, Inc. Claims Processing
> c/o Prime Clerk LLC
> 830 3rd Avenue, 9th Floor
> New York, NY 10022
> Tel.:  (212) 257-5450

All proof of claim forms must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  It must be written in English and be denominated in United States currency.  You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Your proof of claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

**3.    WHEN AND WHERE TO FILE**

(a)    Except as provided for herein, all proofs of claim must be filed either electronically through the website of Prime Clerk, located at https://cases.primeclerk.com/aereo/EPOC-Index or by mailing the original proof of claim either by U.S. Postal Service mail or overnight delivery to the following address:

| If by first class mail, to: | If by hand delivery or overnight courier, to: |
|---|---|
| Aereo, Inc. Claims Processing<br>c/o Prime Clerk LLC<br>830 Third Avenue, 9th Floor<br>New York, NY  10022 | Aereo, Inc. Claims Processing<br>c/o Prime Clerk LLC<br>830 Third Avenue, 9th Floor<br>New York, NY  10022 |

or

Clerk of the United States Bankruptcy Court
Attn:  Aereo, Inc. Claims Processing
One Bowling Green
New York, NY  10004

Proofs of claim will be deemed timely filed only if **actually received** by Prime Clerk or the Court **on or before February 13, 2015 at 5:00 pm prevailing Eastern time**.  Proofs of claim may **not** be delivered by facsimile, telecopy or electronic mail transmission.

**4.     WHO NEED NOT FILE A PROOF OF CLAIM**

You do **not** need to file a proof of claim on or prior to the applicable Bar Date if you are:

(a)     Any person or entity that has already filed a proof of claim against the Debtor with the Bankruptcy Court in a form substantially similar to Official Bankruptcy Form No. 10;

(b)     Any person or entity whose claim is listed on the Schedules filed by the Debtor, provided that (i) the claim is not scheduled as "disputed," "contingent" or "unliquidated"; and (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules;

(c)     Any holder of a claim that heretofore has been allowed by order of this Court;

(d)     Any person or entity whose claim has been paid in full by the Debtor;

(e)     Any holder of a claim for which specific deadlines have previously been fixed by this Court;

(f)     Any non-debtor affiliate or subsidiary of the Debtor having a claim against the Debtor;

(g)     Any holder of a claim allowable under § 503(b) or § 507(a)(2) of the Bankruptcy Code as an expense of administration; provided however, that claims under section 503(b)(9) must be asserted by filing a Proof of Claim in accordance with this Order; or

(h)     Any claim by an employee as of the Commencement Date, solely to the extent that an order of the Court authorized the Debtor to honor such claim in the ordinary course as a wage or benefit.

Holders of equity security interests in the Debtor need not file proofs of interest with respect to the ownership of such equity interests, provided, however, that if any such holder asserts a claim against the Debtor (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of such claim must be filed on or prior to the General Bar Date pursuant to the procedures set forth in this Order

3

      This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtor but may not have an unpaid claim against the Debtor. The fact that you have received this Notice does not mean that you have a claim or that the Debtor or the Court believes that you have a claim against the Debtor.

**5.     EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

      If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before December __, 2014, the date of entry of the Order, you must file a proof of claim on or before the General Bar Date. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Order, must file a proof of claim with respect to such claim by the date fixed by the Court in the applicable order authorizing rejection of such contract or lease.

**6.     CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

      ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTOR AND ITS CHAPTER 11 ESTATE, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THIS CASE, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CASE ON ACCOUNT OF SUCH CLAIM.

**7.     THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

      You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules.

      To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed proof of claim form(s) regarding the nature, amount, and status of your claim(s). If you received postpetition payments from the Debtor (as authorized by the Court) on account of your claim, the enclosed proof of claim form will reflect the net amount of your claims.

      As set forth above, if you agree with the nature, amount and status of your claim as listed in the Debtor's Schedules and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

      Copies of the Debtor's Schedules are available for inspection on the Court's Internet Website at http://www.nysb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. The Debtor's Schedules are also available at no cost, on the Debtor's case website at https://cases.primeclerk.com/aereo/. Copies of the Schedules may also be examined between the

hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408. Copies of the Debtor's Schedules may also be obtained by written request to Debtor's counsel at the address and email address set forth below:

Brown Rudnick LLP
Attn: Carol S. Ennis, Paralegal
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8552
Facsimile: (617) 289-0472
cennis@brownrudnick.com

**A holder of a possible claim against the Debtor should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.**

Dated: New York, New York　　　　　　**BY ORDER OF THE COURT**
　　　　_____, 2014


William R. Baldiga, Esq.
R. Benjamin Chapman, Esq.
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

*Proposed Counsel to the Debtor
and the Debtor-in-Possession*

61830513 v3-WorkSiteUS-032210/0001

5