**Hearing Date and Time: February 11, 2015 at 10:00 a.m.**
**Objection Deadline: February 4, 2015 at 5:00 p.m.**

William R. Baldiga, Esquire
R. Benjamin Chapman, Esquire
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
(212) 209-4800

*Counsel for the Debtor*
*and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| AEREO, INC., | : | Case No. 14-13200 (SHL) |
| | : | |
| Debtor. | : | |
| | : | |

**NOTICE OF MOTION REGARDING DEBTOR'S MOTION FOR ENTRY**
**OF AN ORDER PURSUANT TO FEDERAL RULES OF**
**BANKRUPTCY PROCEDURE 7068 AND 9014(c) DIRECTING THAT**
**RULE 7068 APPLY TO SPECIFIED PROCEEDINGS**

**PLEASE TAKE NOTICE** that a hearing on the annexed motion, dated January 22,
2015 (the "Motion"), of Aereo, Inc. as debtor and debtor-in-possession (the "Debtor") in the
above-captioned chapter 11 case (the "Chapter 11 Case"), directing, pursuant to Rules 7068 and
9014(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), that Rule 68 of
the Federal Rules of Civil Procedure ("Federal Rules" and, together with the Bankruptcy Rules,
the "Applicable Rules"), apply to certain proceedings arising in the Debtor's chapter 11 case, all
as more fully set forth in the Motion, will be held before the Honorable Sean H. Lane, United
States Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of
New York (the "Bankruptcy Court") at One Bowling Green, New York, New York  10004,
Courtroom 701 on **February 11, 2015 at 10:00 a.m.**

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion must comply with the Federal Rules of Bankruptcy Procedures and the Local Rules of the Bankruptcy Court, must be set forth in a writing describing the basis therefore and must be filed with the Bankruptcy Court electronically in accordance the General Order M-399, by registered users of the Bankruptcy Court's electronic case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties in interest, in Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and served upon each of the following so as to be actually received no later than **5:00 p.m. on February 4, 2015** (the "Objection Deadline"): (i) attorneys for the Debtor, Brown Rudnick LLP, 7 Times Square, New York, New York  10036, Attn: William R. Baldiga, Esq.; (ii) proposed attorneys for the Official Committee of Unsecured Creditors, Stinson Leonard Street LLP, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, Attn: Edwin H. Caldie, Esq.; and (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn:  Susan D. Golden, Esq. and Andy Velez-Rivera, Esq.

Dated: January 22, 2015
      New York, New York           Respectfully submitted,


By: /s/ William R. Baldiga
     William R. Baldiga, Esquire
     R. Benjamin Chapman, Esquire
     BROWN RUDNICK LLP
     7 Times Square
     New York, NY 10036
     (212) 209-4800

     *Counsel for the Debtor*
     *and Debtor-in-Possession*

61847954

**Hearing Date and Time:  February 11, 2015 at 10:00 a.m.**
**Objection Deadline:  February 4, 2015 at 5:00 p.m.**

William R. Baldiga, Esquire
R. Benjamin Chapman, Esquire
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
(212) 209-4800

*Counsel for the*
*Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AEREO, INC., | : | Case No. 14-13200(SHL) |
| | : | |
| | : | |
| Debtor. | : | |
| | : | |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO FEDERAL RULES**
**OF BANKRUPTCY PROCEDURE 7068 AND 9014(c) DIRECTING THAT RULE 7068**
**APPLY TO SPECIFIED PROCEEDINGS**

Aereo, Inc., as debtor and debtor-in-possession (the "Debtor") in the above-captioned

Chapter 11 case, hereby moves (the "Motion") for entry of an order substantially in the form

attached hereto as Exhibit A (the "Order") directing, pursuant to Rules 7068 and 9014(c) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), that Rule 68 of the Federal

Rules of Civil Procedure ("Federal Rules" and, together with the Bankruptcy Rules, the

"Applicable Rules"), apply to certain proceedings arising in the Debtor's chapter 11 case, as

more specifically described below.  In support of this Motion, the Debtor respectfully states as

follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are section 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Bankruptcy Rules 7068 and 9014(c).

## BACKGROUND

### A.      The Chapter 11 Case and Asset Sale

3.      On November 20, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief with the Court under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4.      This Court has authorized the Debtor to carry out an auction sale of all or substantially all of its assets under Section 363(b) of the Bankruptcy Code in order to achieve the best and highest price for the benefit of the Debtor's creditors and shareholders, including the Broadcasters.  See *Order (I) Approving Bidding Procedures; (II) Establishing Certain Related Deadlines; and (III) Granting Related Relief* [Docket No. 110] (the "Bidding Procedures Order") ¶ 2.

### B.      The Prepetition Broadcaster Litigation

5.      The Moving Broadcasters[1] have been engaged in litigation against the Debtor since 2012, primarily in American Broadcasting Cos. v. Aereo, Inc., Case No. 12-cv-01540 (AJN) (the "Prepetition Litigation") in the Southern District of New York (the "District Court")

---

[1] The Moving Broadcasters here are WNET, THIRTEEN, Fox Television Stations, Inc., Twentieth Century Fox Film Corporation, WPIX, LLC, Univision Television Group, Inc., The Univision Network Limited Partnership, Public Broadcasting Service, American Broadcasting Companies, Inc., Disney Enterprises, Inc., CBS Broadcasting Inc., CBS Studios Inc., NBCUniversal Media, LLC, NBC Studios, LLC, Universal Network Television, LLC, Telemundo Network Group LLC, WNJU-TV Broadcasting LLC, KSTU, LLC, KUTV Licensee, LLC and Fox Broadcasting Company.

before District Judge Alison Nathan.    In that Prepetition Litigation, and prior to the
commencement of this chapter 11 case, Judge Nathan issued, and the Debtor has fully complied
with, a preliminary injunction issued in October, 2014 preventing the Debtor from allowing its
customers to use the Debtor's technology to stream over-the-air television broadcasts while the
underlying program is still airing.[2]  The Debtor ceased all consumer business operations of every
type in June 2014.

C.    **The Broadcasters' Continued Efforts to Obtain Additional Injunctions**

6.    The Broadcasters have recently commenced two new proceedings to seek
additional injunctive relief, the only purpose and practical effect of which is to chill the Debtor's
auction.  The first of these is the Broadcasters' motion before this Court requesting relief from
the automatic stay.  See *Broadcasters' Motion for Relief from Stay Pursuant to 11 U.S.C. §
362(d) and Memorandum of Law* (the "Stay Relief Motion") [Docket No. 47].  The second is the
Broadcasters' motion (now before District Judge Nathan, No. 14-cv-09829 (AJN)), requesting
that she withdraw the reference from this Court as to the Stay Relief Motion and any still-
unresolved aspects of the Bidding Procedures Order proceedings. See *Broadcasters' Motion to
Withdraw Reference of the Stay Relief Motion and Sale Motion and Memorandum in Support*

---

[2] American Broadcasting Cos. v. Aereo, Inc., Case No. 12-cv-01540 (AJN), Order Granting Preliminary
Injunction October 23, 2014 [Docket No. 342].  The history of injunctive litigation here is a long one.  In
summary, Judge Nathan originally denied the Broadcasters' motion for a preliminary injunction, after an
evidentiary hearing, and that decision was affirmed by the Second Circuit including in en banc review.
However the Supreme Court reversed the Second Circuit and following that Judge Nathan entered the
October 23, 2014 Order.  In October 2013, the District of Massachusetts denied, after a hearing,  the
plaintiffs' motion for preliminary injunction against the Debtor.  See Memorandum and Order, Hearst
Stations Inc. v. Aereo, Inc., No. 13-11649-NMG (D. Mass. Oct. 8, 2013) [Docket No. 72].  The plaintiffs
appealed to the First Circuit, which appeal was stayed during the Supreme Court proceedings, but all
claims were later dismissed without prejudice upon the parties' agreement. In February 2014, the Debtor
was enjoined from operating within the Tenth Circuit by the United States District Court in Salt Lake
City, Utah.  Community Television of Utah, LLC v. Aereo, Inc., No. 2:13-CV-910 (DAK) (D. Utah). The
Debtor appealed that injunction, which appeal is pending.  KSTU, LLC v. Aereo, Inc., No. 14-4020 (10th
Cir. 2014).  If these extensive injunction proceedings were permitted to resume, the Debtor's estate would
face enormous litigation expenses.  In any event, any further litigation concerning injunctions is entirely
wasteful and unnecessary given Debtor's clear commitments that it would not resume its business
operations.

3

(the "Withdrawal Motion"), Case No. 14-cv-09829 (AJN) (December 12, 2014) [Docket No. 1]

(the Withdrawal Motion, together with the Stay Relief Motion, the "Specified Proceedings").

7.      Throughout the Prepetition Litigation, and then even during this chapter 11 case,

the Moving Broadcasters have continued to seek on an urgent basis a permanent injunction

against the Debtor to prevent it from resuming the activity covered by the preliminary injunction.

**That has continued even after the Debtor has repeatedly confirmed that it will never**

**resume operations**. See, e.g., Withdrawal Motion at 6-7 (requesting that the District Court

determine the "Broadcasters' right to a final adjudication, permanent injunction, and statutory

damages after nearly three years of litigation and ongoing infringement."); id. at 10 ("[I]t will be

necessary to decide the scope of the permanent injunction so that Aereo's future business plan

complies with applicable law and is feasible.").  Additionally, and with no basis at all in law, the

Moving Broadcasters have repeatedly (and, unfortunately, publicly) asked that any such

injunction bind any future potential buyer of the Debtor's assets.  See, e.g., *Broadcasters' Mot.*

*to Stay or Continue Sale Mot., or, Alternatively, Objection to the Sale Mot.* [Docket No. 60] at 3

(claiming that without a permanent injunction in the District Court, "Aereo would, in effect, be

using the automatic stay as a device to obtain option value from a prospective purchaser willing

to gamble on whether time-delayed retransmissions are infringing."); Withdrawal Motion at 7

("[E]xpeditious resolution of this issue will facilitate an asset sale because it will provide clarity

as to how a potential buyer can use Aereo's assets."; 10-11 ("[I]f Aereo proposes to sell its assets

to a third party, a final ruling on the copyright infringement issues will facilitate the sales process

by providing clarity for the buyer as to whether or not it can legally use Aereo's technology to

offer a time-delayed retransmission service.").  The Broadcasters have no right under law to try

to bind hypothetical purchasers of the Debtor's assets and parties not before the Court.  If

someone buys the estate's assets and decides to engage in some hypothetical illegal conduct, the

Broadcasters can sue that party then.  It is not up to this or any other Court to imagine and prevent speculative conduct by non-parties to any pending proceedings.

8.      The Debtor has continuously asserted, both in this Court and in the District Court, that its sole aim is to effectuate a sale of all or substantially all of its assets, and that it will never again engage in any commercial activity of any type.  See, e.g., *Notice of Filing of Revised Bidding Procedures Order* [Docket No. 62] at 2; *Debtor's Resp. and Opp'n to Broadcasters' Mot. to Stay or Objection to Bidding Procedures Mot.* [Docket No. 72] at 2, 5; *Decl. of Lawton H. Bloom in Supp. of Debtor's Response to Stay or Objection to Bidding Procedures Mot.* [Docket No. 73] ¶¶ 4, 12; *Debtor's Omnibus Response to Objection to Bidding Procedures Mot.* [Docket No. 90], Ex. A; *Objection of the Debtor to Broadcasters' Mot. to Withdraw Reference of the Stay Relief Mot. and Sale Mot.*, No. 14-cv-09809 (AJN) (S.D.N.Y. Dec. 16, 2014) [Docket No. 14] (the "Withdrawal Objection") at 2, 5, 7, 13.

9.      Despite the Debtor's continued statements on the record to that effect, the Broadcasters continue to allege, particularly to Judge Nathan, that the Debtor may be secretly planning to reorganize and resume its activities.  See *Broadcasters' Reply in Supp. of Mot. to Withdraw Reference of the Stay Relief Mot. and Sale Mot.*, Case No. 14-cv-09829 (AJN) (S.D.N.Y. Dec. 23, 2014) [Docket No. 20] (the "Withdrawal Reply") at 5 ("Aereo, notwithstanding what it ***says*** for purposes of opposing this motion, continues to act as if it is keeping the possibility of a reorganization alive.") (emphasis in original); Withdrawal Motion at 5 ("Aereo has been open about the fact that it is using the bankruptcy to evade the rulings already made in the litigation so that it can either keep operating or sell its technology to a third party to pick up where Aereo left off.").

10.     The Broadcasters' continued allegations and threats to re-open expensive litigation in the District Court to obtain an unnecessary permanent injunction, and to then attempt

5

to have that injunction apply to any non-party entity that dares to purchase the Debtor's assets, serve only one purpose: to continue a concerted campaign to chill possible bids and prevent the Debtor from selling its technology as permitted by the Bankruptcy Code. The Debtor has already suffered material harm as a result of that campaign, and that harm continues as the Broadcasters' tortious conduct continues. Accordingly, for the protection of its creditors and shareholders, to whom the Debtor owes a fiduciary duty to seek the best and highest price for the assets of the estate, the Debtor seeks the relief requested herein.

## RELIEF REQUESTED

11.    The Debtor requests, pursuant to Bankruptcy Rule 9014(c), that the Court direct that Rule 7068 apply to the Specified Proceedings, permitting the Debtor, in the exercise of its business judgment, to make an Offer of Judgment substantially in the form attached hereto as Exhibit B or in such other form as the Debtor may decide to be appropriate under the circumstances at the time (the "Offer of Judgment").

12.    The Offer of Judgment would apply solely as to the Broadcasters' continued requests for leave to seek permanent injunctive relief against the Debtors in the Specified Proceedings, and is as follows:

  a.    Entry of a final order in the Specified Proceedings prohibiting the Debtor (both as debtor-in-possession in the Chapter 11 case and as a potentially reorganized debtor under any plan that may be confirmed in the Chapter 11 Case) from conducting any commercial business operations at any time through the end of the World, by any technology;

  b.    The sum of $10,000;

  c.    Reservation of all rights, claims, actions and causes of action of the Broadcasters in and as to any future Claim Proceedings, and in and as to any other proceedings and claims of all types other than claims regarding injunctive relief in the Specified Proceedings (and with full reservation of all defenses and counterclaims as to the same); and

6

       d.     "Costs," as that term is defined by the Applicable Rules, as pertaining solely to the issue of injunctive relief.

13.    The Offer of Judgment would not apply as to any other disputes or litigation, including the Prepetition Litigation, and is not an admission as to whether the Debtor committed copyright infringement of any type or, if it did, as to the amount of damages. The Debtor seeks the relief requested herein to prevent the Broadcasters from continuing to seek vexatious relief which is unnecessary, harmful to the estate and truly targets the Debtor's bidders, so that the Debtor will be able to seek the best and highest price for its assets from potential bidders without additional chilling actions by the Broadcasters.

## BASIS FOR RELIEF REQUESTED

14.    The goal of Federal Rule 68, which governs offers of judgment, is to "encourage settlements and avoid protracted litigation." Advisory Committee Note on Rules of Civil Procedure, Report of Proposed Amendments, 5 F.R.D. 433, 483 (1946); see also Marek v. Chesny, 473 U.S. 1, 5 (1985) ("The plain purpose of Rule 68 is to encourage settlement and avoid litigation."); Reiter v. MTA New York City Transit Auth., 457 F.3d 224, 229 (2d Cir. 2006) ("Rule 68 is a cost-shifting rule designed to encourage settlements without the burden of additional litigation."). As the Debtor is operating on a minimal budget and the estate is rapidly exhausting its cash reserves, the Debtor's request is in keeping with the goals of Rule 68.

15.    Bankruptcy Rule 7068 provides that Federal Rule 68 automatically applies in adversary proceedings. See Bankruptcy Rule 7068; see also Espinosa v. Wells-Fargo, No. 13-03295, 2014 WL 1017912 at *1 (Bankr. D. Ore. Mar. 14, 2014); In re Aerobox Composite Structures, No. 11-07-10138MA, 2008 WL 5157837 at *1 (Bankr. D.N.M. Aug. 29, 2008). However, Federal Rule 68 is not automatically applicable in contested matters, such as the Specified Proceedings. See Bankruptcy Rule 9014(c). Nevertheless, Bankruptcy Rule 9014(c)

7

provides, in relevant part, that "[t]he court may at any stage in a particular matter direct that one or more of the other rules in Part VIII shall apply."

16.    Pursuant to Bankruptcy Rule 9014(c), the Debtor requests that the Court enter an order that Bankruptcy Rule 7068 and Federal Rule 68 apply in connection with the Specified Proceedings.  As the Broadcasters' conduct is likely to continue to chill bids for the Debtor's assets, the Debtor's estate, creditors and shareholders are likely to suffer continuing harm in the form of a diminished price for these assets if the Broadcasters continue to seek an injunction purported to obtain additional prohibitions as to conduct that ceased months ago, but in fact designed to discourage industry players from bidding on the Debtor's assets.  The relief sought here, then, is simply to enable the Debtor to protect the value of its estate.  See, e.g., Consumer News & Bus. Channel P'ship v. Fin. News Network Inc. (In re Fin. News Network Inc.), 980 F.2d 165, 169 (2d Cir.1992) (holding that, in the context of asset sales pursuant to Section 363 of the Bankruptcy Code, a Bankruptcy Court's "principal responsibility . . . is to secure for the benefit of creditors the best possible bid.").[3]

## NOTICE

17.    The Debtor has provided notice of this Motion to: (a) the Broadcasters, (b) the United States Trustee, (c) proposed counsel to the Official Committee of Unsecured Creditors, and (d) all parties requesting notice in this case.  In light of the nature of the relief requested, the Debtor submits that no further notice is required or needed under the circumstances.

---

[3] The Debtor does not hereby request the Court's direction to make the Offer of Judgment.  Rather, if this Motion is allowed, the Debtor intends to evaluate all of its rights and remedies at the time and make the Offer of Judgment at the time if the Debtor decides that it is in the best interests of the estate to do so under all of the circumstances at such time.

## WAIVER OF MEMORANDUM OF LAW

18.    In accordance with Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, no separate memorandum of law is necessary as all authorities relied on in support of this Motion are set forth herein.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests entry of an order, substantially in the form attached as Exhibit A hereto, granting the relief requested herein, and granting the Debtor such other and further relief as may be equitable and just.

Dated: January 22, 2015
      New York, New York             Respectfully submitted,

            By: /s/ William R. Baldiga
                William R. Baldiga, Esquire
                R. Benjamin Chapman, Esquire
                BROWN RUDNICK LLP
                7 Times Square
                New York, NY 10036
                (212) 209-4800

                *Counsel for the*
                *Debtor and Debtor-in-Possession*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| AEREO, INC., | : | Case No. 14-13200(SHL) |
|  | : |  |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

### ORDER GRANTING MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ENTRY OF AN ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 7068 AND 9014 DIRECTING THAT BANKRUPTCY RULE 7068 APPLY TO SPECIFIED PROCEEDINGS

Upon the motion (the "Motion")[1] of the above-captioned Debtor and Debtor-in-possession (the "Debtor") seeking entry of an order of this Court, pursuant to section 363(b) of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 9014(c) and 7068, and Federal Rule of Civil Procedure 68, directing that Bankruptcy Rule 7068 apply to the Specified Proceedings as that term is defined in the Motion; and it appears that (i) the Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is warranted and is in the best interests of the Debtor, its estate, and its creditors; (iv) the relief granted hereby is necessary to avoid immediate and irreparable harm; and (v) proper and adequate notice of the Motion and the hearing thereon has been given under the circumstances and no other or further notice is necessary; and it appears that upon the record herein, after due deliberation thereon, good and sufficient cause exists for the granting of relief as set forth herein, it is hereby

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Motion.

ORDERED THAT:

1.      The Motion is granted.

2.      Pursuant to Rule 9014(c) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), Bankruptcy Rule 7068 and, accordingly, Rule 68 of the Federal Rules of Civil Procedure, shall apply to the Specified Proceedings.

3.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: _____, 2015

_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT B</u>**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>American Broadcasting Companies, Inc., Disney Enterprises, Inc., et al.,<br><br>Movants<br><br>          v.<br><br>Aereo, Inc.,<br><br>Respondent | Case No. 14-cv-09829 (AJN) |
| In re:<br><br>AEREO INC.,<br><br>          Debtors | Chapter 11<br><br>Case No. 14-13200 (SHL) |

### AEREO INC.'S OFFER OF JUDGMENT

Aereo, Inc., debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case presently pending before Bankruptcy Judge Sean H. Lane in the United States Bankruptcy Court for the Southern District of New York, Chapter 11 Case No. 14-13200 (SHL) (the "Chapter 11 Case"), as (a) respondent to the *Motion for Relief From Stay Pursuant to 11 U.S.C. § 362(d)* filed in the Chapter 11 Case on December 11, 2014 by the moving Broadcasters[1] [Ch. 11 Case No. 14-13200, Docket No. 47] (the "Stay Relief Motion"), and (b) respondent in the above-captioned proceeding in the United States District Court for the Southern District of New York on the

---

[1]    The moving Broadcasters here are WNET, THIRTEEN, Fox Television Stations, Inc., Twentieth Century Fox Film Corporation, WPIX, LLC, Univision Television Group, Inc., The Univision Network Limited Partnership, Public Broadcasting Service, American Broadcasting Companies, Inc., Disney Enterprises, Inc., CBS Broadcasting Inc., CBS Studios Inc., NBCUniversal Media, LLC, NBC Studios, LLC, Universal Network Television, LLC, Telemundo Network Group LLC, WNJU-TV Broadcasting LLC, KSTU, LLC, KUTV Licensee, LLC and Fox Broadcasting Company.

Broadcasters' *Motion to Withdraw The Bankruptcy Reference*, dated December 12, 2014 [Docket No. 1] (the "Motion to Withdraw the Reference"), seeking to withdraw consideration of certain matters from Bankruptcy Judge Lane pursuant to 28 U.S.C. § 157(d) (all proceedings in the District Court as to such Motion to Withdraw the Reference, but solely as to such matters, the "Motion to Withdraw Proceedings"), hereby makes this Offer of Judgment pursuant to Fed. R. Civ. P. 68 as to certain requests for relief made by the Broadcasters in both the Chapter 11 Case and the Motion to Withdraw Proceedings (as defined further below, the "Designated Requests for Relief"):

1.      No trial is scheduled in the Chapter 11 Case or in the Motion to Withdraw Proceedings as to the Designated Requests for Relief.  Accordingly, this Offer is being made at least eleven (11) days before the beginning of any trial.

2.      The consequences of non-acceptance of this Offer of Judgment are set forth in Fed. R. Civ. P. 68, as made applicable to the Designated Requests for Relief in the Chapter 11 Case by Fed. Rules of Bankr. P. 7068 and 9014, and the Order entered in the Chapter 11 Case as Docket No.___ (collectively, the "Applicable Rules").

3.      The consequences of non-acceptance of this Offer of Judgment under the Applicable Rules depend upon the outcome of the litigation as to the Designated Requests for Relief.  If the non-accepting parties obtain a final judgment as to the Designated Requests for Relief less favorable than as set forth in this Offer of Judgment, the Applicable Rules require the non-accepting party to pay the Debtor's costs incurred in connection with the Specified Requests for Relief after the Offer was made.

4.      It is specifically stated at this time that the Debtor intends to request, if the Debtor is successful at trial as to the Designated Requests for Relief as compared to the Offer of Judgment, for all costs incurred to which the Debtor may be entitled under applicable law and the Applicable Rules.

5.      The Designated Requests for Relief are as follows: (a) all portions of the Stay Relief Motion that request leave to seek injunctive relief of every kind, and (b) any portions of the Motion to Withdraw Proceedings that have not already been rendered moot and which request injunctive relief of every kind.  The Designated Requests for Relief do not include any requests for the determination of monetary damages against the Debtor and Debtor's estate ("Claim Proceedings") and do not include any aspect of the now-stayed litigations that were commenced by the Broadcasters against the Debtor prior to the commencement of the Chapter 11 Case. ***To be abundantly clear, nothing herein offers any judgment, and is not an admission of any type, as to whether the Debtor committed copyright infringement prior to the cessation of its business operations in or about June 2014 or, if it did, the amount of any damages resulting therefrom (as the Debtor disputes the same).***

6.      The Offer of Judgment is solely as to the Designated Requests for Relief, and not as to any other disputes or litigation, and is as follows: (a) entry of (i) a final order in the Chapter 11 Case on the Stay Relief Motion and (ii) a final order in the Motion to Withdraw Proceedings, prohibiting the Debtor (both as debtor-in-possession in the Chapter 11 case and as a potentially reorganized debtor under any plan that may be confirmed in the Chapter 11 Case) from conducting any commercial business operations at any time through the end of the World, and by any technology, (b) the sum of $10,000, (c) reservation of all rights, claims, actions and causes of action of the Broadcasters in and as to the Claim Proceedings, and in and as to any other proceedings and claims of all types not specifically included in the Designated Requests for Relief (and with full reservation of all defenses and counterclaims as to the same), and (d) "costs," as that term is defined by the Applicable Rules, as pertaining solely to the Designated Requests for Relief.

3

7.    This Offer of Judgment requires the Broadcasters to respond to the same in accordance with the Applicable Rules.

Dated: _____, 2015
      New York, NY                          Respectfully submitted,

                                            BROWN RUDNICK LLP


                                            By: /s/ William R. Baldiga_____
                                               William R. Baldiga, Esq.
                                               7 Times Square
                                               New York, NY  10036
                                               (212) 209-4800

                                               *Counsel to Aereo, Inc.*

61847271