UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
                                                            :
In re:                                                      :    Chapter 11
                                                            :    Case No. 14-13200 (SHL)
AEREO, INC.,                                                :
                                                            :
                    *Debtor.*                               :
------------------------------------------------------------------------------X

## BROADCASTERS' OBJECTION TO DEBTOR'S EXPEDITED MOTION FOR AN ORDER AUTHORIZING THE SALE OF CERTAIN DE MINIMIS ASSETS

Broadcasters[1] respectfully object to Aereo's Expedited Motion Pursuant to 11 U.S.C. §§ 105(a) and 363 for an Order Authorizing the Sale of Certain De Minimis Assets (Dkt. No. 191, or the "Motion").

The Recording Drives that Aereo proposes to sell contain digital copies of some of Broadcasters' copyrighted programs. (Dkt. No. 191 at ¶ 6). Selling the Recording Drives with Broadcasters' copyrighted programs would itself be a violation of federal copyright law. (*See* 17 U.S.C. §§ 106, 501). In addition, any such sale would increase the risk of piracy of Broadcasters' works contained on the Recording Drives. Aereo appears to recognize these facts as it proposes that the Recording Drives be wiped clean of Broadcasters' programming before any sale. (Dkt. No. 191 at ¶ 6 (noting that claims could arise on account of Aereo's transfer of the Recording Drives); at ¶ 10 (proposing Recording Drives be wiped prior to transfer)).

---

[1] Broadcasters are WNET, THIRTEEN, Fox Television Stations, Inc., Twentieth Century Fox Film Corporation, WPIX, LLC, Univision Television Group, Inc., The Univision Network Limited Partnership, Public Broadcasting Service, KSTU LLC, Fox Broadcasting Company, KUTV Licensee, LLC, American Broadcasting Companies, Inc., Disney Enterprises, Inc., CBS Broadcasting Inc., CBS Studios Inc., NBCUniversal Media, LLC, NBC Studios, LLC, Universal Network Television, LLC, Telemundo Network Group LLC, WNJU-TV Broadcasting LLC, KSTU, LLC, KUTV Licensee, LLC and Fox Broadcasting Company.

Broadcasters agree with Aereo that the Recording Drives must be wiped in accordance with DoD Practice or the NIST Guidelines in order to remove any of Broadcasters' copyrighted works prior to any sale of the Recording Drives. (*Id.* at ¶¶ 9-10).

To ensure the Recording Drives will be appropriately wiped prior to being sold, Broadcasters need to know to whom Aereo intends to sell the Recording Drives and have an opportunity to object to the Proposed Transaction being completed with that purchaser. As Aereo's proposed order did not afford Broadcasters with an opportunity to confirm that the Recording Drives will be sold to a reputable company with a recognized ability to wipe the Recording Drives in accordance with the specified standards, Broadcasters reached out to Aereo to obtain some information about who the proposed buyers would be.[2]

On Saturday, February 14, 2015, Aereo advised the Broadcasters that it was considering offers from two different companies. On February 17, 2015, Broadcasters advised Aereo that only one of these companies was acceptable to wipe the recording drives based upon information that the Broadcasters had been able to discover to date. The Broadcasters further stated that if Aereo wanted to provide the Broadcasters with additional information about the other company, they would continue to investigate that other company, but would need additional time to do so. Earlier this afternoon, an agreement was reached as evidenced by the email attached hereto as Exhibit A and the parties notified the Court that the matter had been resolved. Thereafter Aereo

---

[2] Aereo's Motion mentions a "reformat and sell" procedure (Dkt. No. 191 at ¶ 7), but its Proposed Transaction contemplates wiping the Recording Drives. (*Id.* at ¶ 10). Accordingly, Broadcasters understand that the Proposed Transaction requires that the Recording Drives be wiped according to DoD Practice or NIST Guidelines and a purchaser of the Recording Drives cannot merely reformat them. Broadcasters would object to any transaction in which the Recording Drives were merely reformatted prior to their sale as it would provide inefficient protection against further misuse and infringement of their copyrighted works.

twice changed its proposal and appears to be no longer willing to abide by the agreement it made.

Accordingly, the Broadcasters submit their Objection. Broadcasters propose two alternative solutions. First, Broadcasters request that any order allowing for the sale of the Recording Drives require Aereo to notify Broadcasters as to the identity of the purchaser and provide Broadcasters one week from receiving notice to object to the completion of the Proposed Transaction with that purchaser. In the alternative, Broadcasters request that the Motion be adjourned until Aereo identifies the purchaser and Broadcasters have an opportunity to object.

WHEREFORE, for the reasons set forth herein, Broadcasters respectfully request that the Court either (a) adjourn Aereo's Motion until Aereo identifies the purchaser of the Recording Drives and Broadcasters have an opportunity to object, or (b) include in any order that the Proposed Transaction cannot be completed until Aereo gives notice to Broadcasters of the identity of the purchaser and, if the Broadcasters file a written objection to the purchaser within one week of such notice, then the Proposed Transaction cannot be completed with that purchaser prior to further order of this Court allowing the Proposed Transaction or Broadcasters consenting in writing to the purchaser.

Respectfully submitted,

| /s/ *Catherine Steege* | /s/ *Bruce P. Keller* |
|---|---|
| Richard L. Stone (*pro hac vice*) | Bruce P. Keller |
| Julie A. Shepard (*pro hac vice*) | M. Natasha Labovitz |
| Amy M. Gallegos (*pro hac vice*) | Michael Potenza |
| JENNER & BLOCK LLP | DEBEVOISE & PLIMPTON LLP |
| 633 West Fifth Street | 919 Third Avenue |
| Los Angeles, CA 90071 | New York, NY 10022 |
| Tel:   (213) 239-5100 | Tel:   (212) 909-6000 |
| Fax:  (212) 239-5199 | Fax:  (212) 909-6836 |

3

| | |
|---|---|
| Catherine Steege (*pro hac vice*)<br>Angela M. Allen (*pro hac vice*)<br>JENNER & BLOCK LLP<br>353 North Clark Street<br>Chicago, IL 60613<br>Tel: (312) 222-9350<br>Fax: (312) 527-0484<br><br>Patrick J. Trostle<br>JENNER & BLOCK LLP<br>919 Third Avenue<br>New York, NY 10022<br>Tel: (212) 891-1600<br>Fax: (212) 891-1699<br><br>*Counsel for WNET; THIRTEEN; Fox Television Stations, Inc.; Twentieth Century Fox Film Corporation; WPIX, LLC; Univision Television Group, Inc.; The Univision Network Limited Partnership; Public Broadcasting Service; KSTU LLC, Fox Broadcasting Company, and KUTV Licensee, LLC* | *Counsel for CBS Broadcasting Inc.; and CBS Studios Inc.*<br><br> /s/ *Michael V. Blumenthal*<br>Michael V. Blumenthal<br>Jennifer A. Christian<br>THOMPSON & KNIGHT LLP<br>900 Third Avenue<br>20th Floor<br>New York, NY 10022-4728<br>Tel: (212) 751-3001<br>Fax: (212) 751-3113<br><br>*Counsel for NBCUniversal Media, LLC; NBC Studios, LLC; Universal Network Television, LLC; Telemundo Network Group LLC; and WNJU-TV Broadcasting LLC*<br><br> /s/ *Lisa H. Fenning*<br>Lisa H. Fenning<br>Arnold & Porter LLP<br>777 South Figueroa Street<br>44th Floor<br>Los Angeles, CA  90017<br><br>*Counsel for American Broadcasting Companies, Inc.; and Disney Enterprises, Inc.* |

Dated:   February 17, 2015
         New York, New York

4