UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| AEREO, INC. | : | Case No. 14-13200 (SHL) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

**ORDER APPROVING DEBTOR'S EXPEDITED MOTION FOR AN ORDER
AUTHORIZING THE SALE OF CERTAIN *DE MINIMIS* ASSETS**

Upon the Debtor's Expedited Motion for an Order Authorizing the Sale of Certain *De Minimis* Assets (the "Motion"), and the Debtor's Notice Of *De Minimis* Asset Sale (the "Proposal"),[1] pursuant to 11 U.S.C. §§ 105 and 363, and it appearing that proper and adequate notice has been given and that no other or further notice is required; and upon the record herein *including but not limited to the hearing on February 20, 2015*; and after due deliberation thereon; and sufficient cause appearing therefore; it is hereby

**ORDERED** that the Motion is granted as set forth herein, and it is further

**ORDERED** that the Proposed Transaction is approved in all respects; and it is further

**ORDERED** that the Proposed Transaction shall take the following form:

1. The Debtor is authorized to retain Alliance and CNE as its agents who will be responsible for removing, packing and shipping the Recording Drives, as well as destroying or completely wiping any data thereon;

2. Alliance, as the Debtor's agent, shall, at Alliance's sole cost and expense, and with the oversight of FTI, remove the Recording Drives and JBOD units from the Debtor's facilities and transport them to CNE's secure facilities;

3. CNE, as the Debtor's agent, shall wipe the Recording Drives in accordance with the DoD Standard, and shall provide the Debtor with a certificate of deletion of data upon completion;

---

[1] Capitalized terms used herein and not defined shall have the meanings ascribed to them in the Motion or the Proposal.

4. Any Recording Drive that cannot be wiped according to the DoD Standard shall be shredded by CNE at its secure facility, and CNE shall provide the Debtor with an accounting and certificate of destruction for any Recording Drive(s) that have been shredded;

5. Promptly upon receiving from CNE the certificates discussed in steps 3 and 4 (the "Certificates"), the Debtor shall provide the Broadcasters with copies of such Certificates, but in no event less than three (3) business days prior to any transfer of title;

6. *Only once these steps 1 through 5 have been completed*, after the third business day following the date on which the Broadcasters are provided with the Certificates, Alliance shall pay the Debtor the purchase price listed in the Proposal for the Recording Drives, and the Debtor shall transfer title to the Recording Drives to Alliance. For the avoidance of doubt, title to the Recording Drives shall remain with the Debtor until (a) CNE has provided written certification to the Debtor that (i) the Recording Drives have been wiped in accordance with the DoD Standard and (ii) any such Recording Drives not so wiped have been destroyed, (b) such written certification has been provided to the Broadcasters, and (c) Alliance has paid the Estate the purchase price listed in the proposal on the third business day following the date on which the Broadcasters are provided with copies of the Certificates; and

7. Alliance shall assume the risk of any loss or defect in chain of title for the wiped Recording Drives from the time the Recording Drives are removed from the Debtor's facilities until such time as payment is rendered to the Debtor for the wiped Recording Drives and title to the wiped Recording Drives is transferred to Alliance; and it is further

**ORDERED** that the Debtor is authorized to deliver the Recording Drives to Alliance, as the Debtor's agent, for wiping by CNE, as the Debtor's agent, in accordance with the process outlined above, and then to sell the wiped Recording Drives to Alliance; and it is further

**ORDERED** that the Court finds that removal, transport and destruction of data on the Recording Drives by Alliance and CNE, as the Debtor's agents, in accordance with the procedure set forth in this Order, does not constitute delivery or a sale of any data contained thereon; and it is further

**ORDERED** that the title transferred by the Debtor to Alliance shall be transferred free and clear of any lien, charge, encumbrance, obligation, defect, or other interest of an entity other than the Debtor's estate, in accordance with 11 U.S.C. § 363(f); and it is further

**ORDERED** that this Court shall retain jurisdiction to determine any and all disputes concerning the interpretation or implementation of this Order or the Proposed Transaction.

*/s/ Sean H. Lane*
The Honorable Sean H. Lane
United States Bankruptcy Judge

Dated: February 23, 2015