Hearing Date and Time: May 7, 2015 at 11:00 A.M.

William R. Baldiga, Esquire
R. Benjamin Chapman, Esquire
BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036
(212) 209-4800

*Counsel for the Debtor
and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| AEREO, INC., | : | Case No. 14-13200 (SHL) |
| | : | |
| Debtor. | : | |
| | : | |

**NOTICE OF FILING OF PROPOSED ORDER (I) APPROVING
AMENDED DISCLOSURE STATEMENT, (II) DETERMINING DATES,
PROCEDURES AND FORMS APPLICABLE TO SOLICITATION PROCESS,
(III) ESTABLISHING VOTE TABULATION PROCEDURES, AND
(IV) ESTABLISHING OBJECTION DEADLINE AND SCHEDULING HEARING
TO CONSIDER CONFIRMATION OF AMENDED PLAN**

**PLEASE TAKE NOTICE** that, on February 27, 2015, Aereo, Inc., the above-captioned

debtor and debtor-in-possession (the "Debtor"),[1] filed the *Motion of Debtor for Order (I)*

*Approving the Disclosure Statement; (II) Approving Notice and Objection Procedures for the*

*Disclosure Statement Hearing; (III) Determining Dates, Procedures and Forms Applicable to*

*Solicitation Process; (IV) Establishing Vote Tabulation Procedures; and (V) Establishing*

*Objection Deadline and Scheduling Hearing to Consider Confirmation of Plan* [Docket No. 234]

(the "Disclosure Statement Motion").

---

[1] The last four digits of the Debtor's taxpayer identification number are: 2838. Aereo, Inc. is a New York corporation.

**PLEASE TAKE FURTHER NOTICE** that, on April 24, 2015, the Debtor filed the *Amended Disclosure Statement For Amended Chapter 11 Plan of Aereo, Inc.* (the "Amended Disclosure Statement") [Docket No. 296].

**PLEASE TAKE FURTHER NOTICE** that, on April 24, 2015, the Debtor filed the *Amended Chapter 11 Plan of Aereo, Inc.* (the "Amended Plan) [Docket No. 297].

**PLEASE TAKE FURTHER NOTICE** that, in connection with the filing of the Amended Disclosure Statement and Amended Plan, attached hereto as Exhibit A is (a) the revised proposed Order (i) Approving Amended Disclosure Statement (ii) Determining Dates, Procedures and Forms Applicable to Solicitation Process, (iii) Establishing Vote Tabulation Procedures, and (iv) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of Amended Plan (the "Disclosure Statement Order"), as redlined against the proposed Disclosure Statement Order filed with the Disclosure Statement Motion, and (b) the revised Exhibits to the Disclosure Statement Motion. Clean copies of the Disclosure Statement Order are available upon request to Debtor's counsel, c/o R. Benjamin Chapman, Esq., Brown Rudnick LLP, Seven Times Square, New York, NY 10036 (or via email at bchapman@brownrudnick.com).

Dated: May 1, 2015
     New York, New York            Respectfully submitted,

          By: /s/ William R. Baldiga
            William R. Baldiga, Esquire
            R. Benjamin Chapman, Esquire
            BROWN RUDNICK LLP
            Seven Times Square
            New York, NY 10036
            (212) 209-4800

            *Counsel for the Debtor*
            *and Debtor-in-Possession*

2

# EXHIBIT A

**EXHIBIT A**
**Proposed Order**
**Approving Disclosure Statement**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| AEREO, INC., | : | Case No. 14-13200 (SHL) |
| | : | |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER (I) APPROVING AMENDED DISCLOSURE STATEMENT,
(II) DETERMINING DATES, PROCEDURES AND FORMS APPLICABLE
TO SOLICITATION PROCESS, (III) ESTABLISHING VOTE TABULATION
PROCEDURES, AND (IV) ESTABLISHING OBJECTION DEADLINE AND
SCHEDULING HEARING TO CONSIDER CONFIRMATION OF AMENDED PLAN**

Upon consideration of the *Motion of Debtor for Order (I) Approving the Disclosure Statement; (II) Approving Notice and Objection Procedures for the Disclosure Statement Hearing; (III) Determining Dates, Procedures and Forms Applicable to Solicitation Process; (IV) Establishing Vote Tabulation Procedures; and (V) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of Plan* (the "Motion") [Docket No. 234], as well as the Debtor's (a) *Amended Disclosure Statement For Amended Chapter 11 Plan of Aereo, Inc.* [Docket No. 296] (as amended, the "Disclosure Statement"), and (b) *Amended Chapter 11 Plan of Aereo, Inc.* [Docket No. 297] (as amended, the "Plan"),[1] all as more particularly described therein; and it appearing that the relief requested is in the best interests of the Debtor's Estate, its creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that ~~this~~the Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for

---

[1]    Capitalized terms not otherwise defined in this Order shall bear the meaning ascribed thereto in the Motion, the Disclosure Statement, or the Plan, as applicable.

61934008

objection having been given, with no objections or requests for hearing having been filed, or all objections having been overruled or otherwise resolved, as the case may be; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefor, it is hereby:

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED.

2.      Any and all objections to approval of the Disclosure Statement, to the extent not previously resolved or withdrawn, are overruled.  The Disclosure Statement in the form dated ~~February 26~~April 24, 2015, as it may be further modified pursuant to this Order, is approved, and found to contain "adequate information" within the meaning of Bankruptcy Code Section 1125(a).  Prior to the commencement of solicitation, the Debtor is authorized to make additional correcting, conforming and finalizing changes to the Disclosure Statement and to the corresponding Plan.

3.      The form and manner of notice of the time set for filing objections to, and the time, date and place of, the Disclosure Statement Hearing to consider the approval of the Disclosure Statement and the other relief requested in the Motion, as set forth in <u>Exhibit B</u> of the Motion, as amended [Docket No. 303], was adequate and comports with due process and no further notice is necessary.

A.      <u>Voting Agent</u>

4.      Prime Clerk LLC is authorized to serve as the Debtor's solicitation and noticing agent to assist the Debtor in mailing solicitation packages and notices, receiving and tabulating

ballots cast on the Plan, and certifying to the Court the results of the balloting (the "**Voting Agent**").

B.    Voting Record Date

5.    The record date for determining the holders of Claims and Interests entitled to vote to accept or reject the Plan and to receive solicitation and noticing materials as provided therein is ~~April 1~~May 7, 2015, at 5:00 p.m. (Eastern Time) (the "**Voting Record Date**").  To be recognized as a holder of a Claim entitled to vote, transferees must docket their Notice of Transfer pursuant to Bankruptcy Rule 3001 on or before the Voting Record Date.  Only the holders of Claims and Interests as of the Voting Record Date are entitled to the voting and notice rights provided for herein.

C.    Voting Deadline

6.    The date by which all ballots cast to accept or reject the Plan must be received by the Voting Agent is ~~May 8~~June 1, 2015, at 5:00 p.m. (Eastern Time) (the "**Voting Deadline**"). The Debtor may extend the Voting Deadline, at any time before or after the Voting Deadline, in favor of any voter, any Class of voters or all voters by filing notice of the extension(s) with the Court and by serving a copy of such notice(s) upon the Voting Agent.  Ballots not received by the Voting Deadline, or by any extended voting deadline as provided for herein, shall not be counted.

D.    ~~Ballots~~Ballot

7.    The ~~forms of ballots~~form of ballot attached to the Motion as Exhibit C for General Unsecured Claims in Class 4 ~~and Claims Subject to Subordination in Class 5 are~~is hereby

approved, subject in all cases to the right of the Debtor to make additional correcting, conforming and formatting changes to such ~~forms~~form of ~~ballots~~ballot.

E.      Solicitation Letter

8.      The solicitation materials may include the solicitation letter proposed by the Debtor, as set forth in Exhibit D to the Motion (the "**Approved Solicitation Letter**").  No other solicitation letters are authorized.

F.      Solicitation of Votes in ~~Classes~~Class 4 ~~and 5~~

9.      No Later than the date that is ~~five~~one (~~5~~1) business ~~days~~day following entry of the order approving the Disclosure Statement (anticipated to be ~~April 8~~May 7, 2015) (the "**Solicitation Commencement Date**"), the Debtor, through the Voting Agent, shall commence the solicitation and noticing process by mailing the solicitation materials and notices approved herein (a) with respect to parties in the United States, by first class postage prepaid mail, (b) with respect to parties outside the United States who are entitled to vote on the Plan, by Federal Express, and (c) with respect to parties outside the United States who are not entitled to vote on the Plan, by expedited mail.

10.     The solicitation materials to be transmitted on or before the Solicitation Commencement Date to those holders, as of the Voting Record Date, of General Unsecured Claims in Class 4 ~~and Claims Subject to Subordination in Class 5~~ that are entitled to vote on the Plan, shall include the following: (a) the Approved Solicitation ~~Letters~~Letter, (b) the Confirmation Hearing Notice; (c) ~~a CD containing~~ the (i) order approving the Disclosure Statement and (ii) Disclosure Statement and all exhibits, including the Plan; (d) an appropriate ballot, in paper form; (e) a pre-addressed, pre-paid return envelope; (f) if applicable, an Election

to Reduce Claim; and (g) such other information as the Court may direct or approve (collectively, the "**Solicitation Package**").

11.    The following holders, as of the Voting Record Date, of General Unsecured Claims in Class 4 ~~and Claims Subject to Subordination in Class 5~~ are entitled to vote on the Plan and thus to receive the Solicitation Package:

(i)    holders who have filed timely proofs of claim; provided that such proofs of claim (w) have not been <u>resolved or otherwise</u> disallowed by an order of the Court entered on or before the Voting Record Date, (x) are not the subject of an objection to the entirety of the Claim pending as of the Voting Record Date (with voting permitted only with respect to the amount thereof that is not subject to objection) or (y) are not listed on a notice of satisfaction filed by the Voting Record Date (with voting permitted only with respect to the amount thereof that is not satisfied); or

(ii)    holders who have not filed proofs of claim but whose Claims are scheduled in the Debtor's Schedules (or any amendments thereto) and are not designated therein as contingent, unliquidated or disputed or listed therein as zero or unknown in any amount, in the amounts set forth in the Schedules (or any amendments thereto); provided that such scheduled Claims have not been paid or are not listed on a notice of satisfaction filed by the Voting Record Date.

<u>provided</u>, <u>however</u>, that any voting creditor who has filed duplicate or amended proofs of claims with respect to a single Claim against the Debtor shall be entitled to receive only one Solicitation Package and one ballot for voting one Claim (regardless of whether the Debtor has objected to

such duplicate claims). In addition, any voting creditor who has filed multiple proofs of claim asserting different Claims against the Debtor shall receive a Solicitation Package containing a ballot voting the aggregate amount of all such proofs of claim.

G.    Treatment of Contingent, Unliquidated or Disputed Claims in Class 4

12.    Any holder of a General Unsecured Claim in Class 4 whose Claim is (a) asserted as wholly unliquidated or wholly contingent in a timely proof of claim, (b) asserted in a proof of claim as to which an objection to the entirety of the Claim is pending as of the Voting Record Date, or (c) asserted in a proof of claim as to which a Notice of Disputed Claim Status is received as set forth below (collectively, the "**Disputed Claimants**") shall not be permitted to vote on the Plan except as provided herein.  On or before the Solicitation Commencement Date, the Voting Agent shall mail, first class postage prepaid, to each of the Disputed Claimants a package that includes the following: (a) a notice in substantially the form attached to the Motion as Exhibit E (the "**Notice of Disputed Claim Status**"), in paper copy form; (b) a CD containing the Disclosure Statement and all exhibits, including the Plan; and (c) an Election to Reduce Claim (collectively, the "**Disputed Claimant Package**").  Disputed Claimants shall be permitted to obtain from the Voting Agent a ballot for voting on the Plan only by filing a motion under Fed. R. Bankr. P. 3018(a) seeking to have their Claims temporarily allowed for voting purposes (a "**Rule 3018 Motion**").  Any such Rule 3018 Motion must be filed with the Court and served upon the Debtor's counsel and the Voting Agent by the later of (a)April 17 May 18, 2015, at 5:00 p.m. (Eastern Time) and (b) five (5) business days after an objection to a claimant's proof of claim is filed by the Debtor (the "**Rule 3018 Motion Deadline**").  Any party timely filing and serving a Rule 3018 Motion shall be provided a ballot and be permitted to cast a provisional vote

to accept or reject the Plan.  If and to the extent that the Debtor and such party are unable to resolve the issues raised by the Rule 3018 Motion prior to the Voting Deadline, then at a hearing to be held on or about ~~April~~May 26, 2015, the Court shall determine whether the provisional ballot should be counted as a vote on the Plan.

13.     Nothing herein affects the Debtor's right (or any other party's right, if applicable) to object to any proof of claim after the Voting Record Date.  With respect to any such objection, the Debtor may request, on notice, that any vote cast by the holder of the Disputed Claim should not be counted in determining whether the requirements of Bankruptcy Code Section 1126(c) have been met.  In the absence of any such request by the Debtor, the holder of a Claim subject to an objection filed after the Voting Record Date shall be entitled to vote in accordance with its rights as of the Voting Record Date.

H.      Notice of Non-Voting Status

14.     On or before the Solicitation Commencement Date, the Voting Agent shall mail, first class postage prepaid, to holders of Administrative Claims, Fee Claims, Priority Tax Claims, Remaining Secured Claims in Class 1, Priority Non-Tax Claims in Class 2, and Convenience Claims in Class 3 (collectively, the "**Unimpaired Holders**"), a notice in substantially the form attached to the Motion as <u>Exhibit F</u> (the "**Notice of Non-Voting Status**") and an Election to Reduce Claim, in lieu of a Solicitation Package.  The Noticing of Non-Voting Status satisfies the requirements of Fed. R. Bankr. P. 3017(d) with respect to Unimpaired Holders.

I.      Notice of Deemed Rejecting Status

15.     On or before the Solicitation Commencement Date, the Voting Agent shall mail, first class postage prepaid, to holders of Aereo Interests in Class ~~6~~5 (the "**Deemed Rejecting**

**Holders**"), a notice in substantially the form attached to the Motion as Exhibit G (the "**Notice of Deemed Rejecting Status**"), in lieu of a Solicitation Package. The requirements of Bankruptcy Rule 3017(d) are waived with respect to the Deemed Rejecting Holders and the Notice of Deemed Rejecting Status is deemed to satisfy any solicitation or noticing needs of the Deemed Rejecting Holders.

J.    Election to Reduce Claim

16.    The form of the Election to Reduce Claim attached to the Motion as Exhibit H for holders of allowed and potential General Unsecured Claims in Class 4 is approved.

K.    Notice to Directors and Officers

17.    The form of Notice to Directors and Officers attached to the Motion as Exhibit I is approved.

L.    No Transmittal Necessary

18.    No Solicitation Packages or other notices approved herein shall be transmitted to (a) holders of claims listed on the Debtor's Schedules (or any amendment thereto) that have already been paid in full during the Chapter 11 Case or that are authorized to be paid in full in the ordinary course of business pursuant to orders previously entered by this Court, (b) any holder of a Claim listed on a notice of satisfaction by the Voting Record Date unless the holder thereof has filed an objection thereto by the objection deadline and such objection has been granted by this Court, (c) any person to whom the Debtor mailed a notice of the commencement of the Chapter 11 Case and first meeting of creditors or a notice of the bar date for filing proofs of claim if either of such notices was returned marked "undeliverable" or "moved - no forwarding address" or for a similar reason, unless the Debtor or its agents have been informed

in writing by such person of, or have otherwise ascertained, that person's new address, or (d) any holder of a Claim that was resolved or disallowed in full by order of this Court, including, without limitation, the Broadcasters identified in the settlement agreement between the Debtor, the Committee and the Broadcasters, dated April 20, 2015 [Docket Nos. 288, 294] (the "Settlement Agreement"), whose claims were resolved by the Settlement Agreement that was approved by the Court on May 7, 2015 [Docket No. ____].

M.    Informational Mailing of Solicitation Packages

19.    On or as soon as practicable after the Solicitation Commencement Date, the Debtor or the Voting Agent shall mail to the United States Trustee and each of the other parties on the 2002Master Service List maintained in this Chapter 11 Case, for informational purposes, a Solicitation Package and a copy of all forms of ballots and notices approved herein.

N.    Tabulation of Votes

20.    Unless otherwise directed by this Court, the Voting Agent shall following the guidelines set forth below in tabulating the votes to accept or reject the Plan:

(a) Subject to subparagraph (b) below, any ballot that is timely received, that contains sufficient information to permit the identification of the claimant and that is cast as an acceptance or rejection of the Plan shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan.

(b) The following ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (i) any ballot received after the Voting Deadline unless the Debtor has granted an extension

of the Voting Deadline with respect to such ballot; (ii) any ballot that is illegible or contains insufficient information to permit the identification of the claimant; (iii) any ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan; (iv) any ballot cast by or on behalf of a Disputed Claimant who has not timely filed a Rule 3018(a) Motion by the Rule 3018(a) Motion Deadline, or who has timely filed a Rule 3018(a) Motion that is not granted by the Court; (v) any ballot that is properly completed, executed and timely submitted, but that does not indicate an acceptance or a rejection or that indicates both an acceptance and a rejection; or (vi) any unsigned ballot or ballot that has a non-original signature.

(c) Notwithstanding Bankruptcy Rule 3018(a), whenever two or more ballots are cast voting the same Claim prior to the Voting Deadline, the latest properly completed ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede all prior received ballots, without prejudice to the Debtor's right to object to the validity of the second ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the first received ballot for all purposes.

(d) Claim or Interest splitting on the ballot shall not be permitted and will not be counted.  Creditors who vote must vote all of their Claims within a particular Class to either accept or reject the Plan.

(e) Any party who has delivered a valid ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline or, with the written consent of the Debtor, after the Voting Deadline. A notice of withdrawal, to be valid, must (a) contain the description of the Claim(s) to which it relates and the amount of such Claim(s), (b) be signed by the withdrawing party in the same manner as the ballot being withdrawn, (c) contain a certification that the withdrawing party owns the Claim(s) and possesses the right to withdraw the vote sought to be withdrawn and (d) be received by the Voting Agent prior to the Voting Deadline or, with the written consent of the Debtor, after the Voting Deadline.

(f) Ballots sent via facsimile or electronic mail shall not be accepted by the Voting Agent.

(g) For purposes of the numerosity requirement of Bankruptcy Code Section 1126(c), separate Claims held by a single creditor (creditor names that are not identical shall not be considered to be a single creditor) in a particular Class shall be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan. To be considered a single creditor, the address associated with each Claim must be substantially similar in the discretion of the Voting Agent.

(h) The Voting Agent shall segregate any votes cast by creditors whose Claims have been paid, based upon information provided by the Debtor as to Claim payments, and shall calculate acceptances and rejections of the Plan both including such votes and excluding such votes.  In the event the voting result for any Class is affected by the inclusion or the exclusion of votes cast by creditors with paid Claims, the Court shall decide how such votes should be treated.

(i) In the event that no votes to accept or reject the Plan are received with respect to a particular Class, such Class shall be deemed to have voted to accept the Plan.

O.    The Confirmation Hearing

21.    The hearing to consider confirmation of the Plan shall be held on ~~May 19~~June 8, 2015, at ~~10:00 a~~2:00 p.m. (Eastern Time) and the deadline for filing objections to confirmation of the Plan shall be ~~May 8~~June 1, 2015, at ~~5:00~~4:00 p.m. (Eastern Time).  Objections to the confirmation of the Plan must be in writing and must:

(a)  (i) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (ii) state with particularity the basis and nature of any objection to or proposed modification of the Plan; and (iii) be filed with the Clerk's Office at the Bankruptcy Court, One Bowling Green, New York, NY 10004 together with proof of service, on or before the Plan Confirmation Deadline; and

(b)  be served, so as to be actually received on or before the Plan Objection Deadline, upon (i) the Office of the United States Trustee for the Southern District of New York, Attn.: Susan D. Golden, Esq. and Andrew Velez-Rivera, Esq., 201 Varick Street, Suite 1006, New York, NY 10004; (ii) Brown Rudnick LLP, Attn.: William R. Baldiga, Esq., 7 Times Square, New York, NY 10036; (iii) Stinson Leonard Street LLP, Attn.: ~~Robert T. Kugler~~Edwin H. Caldie, Esq., 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402; and (iv) such other parties as the Bankruptcy Court may order.

22.    The form of notice of the confirmation hearing date and objection deadline attached to the Motion as Exhibit J (the "**Confirmation Hearing Notice**") is hereby approved. The Confirmation Hearing Notice shall be included in the Solicitation Packages mailed to holders of Claims in ~~Classes~~Class 4 ~~and 5~~ (subject to the other provisions of this Order) and to

each person on the ~~2002~~Master Service List, and shall be posted on the Voting Agent's website available at https://cases.primeclerk.com/aereo.

      23.    The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

      24.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

New York, New York
Date: _____, 2015

                      THE HONORABLE SEAN H. LANE
                      UNITED STATES BANKRUPTCY JUDGE

-

## **EXHIBIT B**

**Disclosure Statement Notice**

-

William R. Baldiga, Esquire
R. Benjamin Chapman, Esquire
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
(212) 209-4800

*Counsel for the*
*Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| AEREO, INC. | : | Case No. 14-13200 (SHL) |
| | : | |
| | : | |
| Debtor. | : | |
| | : | |

**NOTICE OF ENTRY OF ORDER (I) APPROVING AMENDED DISCLOSURE**
**STATEMENT; (II) ESTABLISHING VOTING DEADLINE AND PROCEDURES**
**FOR FILING OBJECTIONS TO CONFIRMATION OF AMENDED PLAN;**
**(III) APPROVING FORM OF ~~BALLOTS~~BALLOT; AND (IV) ESTABLISHING**
**SOLICITATION AND TABULATION PROCEDURES**

          **PLEASE TAKE NOTICE,** that your vote is being solicited in connection with the *~~Debtor's Plan Of Liquidation (~~Amended Chapter 11 Plan of Aereo, Inc. (as amended, the "Plan"). You should carefully review the material set forth in the amended disclosure statement enclosed herewith (and in the exhibits attached thereto) in order to make an independent determination as to whether to vote to accept or reject the Plan. **THE DEBTOR REQUESTS THAT YOU VOTE TO ACCEPT THE PLAN.**

          **PLEASE TAKE FURTHER NOTICE,** that by order dated ~~April 1~~May 7, 2015, the United States Bankruptcy Court for the Southern District of New York (the "Court") approved the *Amended* Disclosure Statement ~~in Support of the Debtor's~~for Chapter 11 Plan of ~~Liquidation~~Aereo, Inc. (the "Disclosure Statement") as containing adequate information within the meaning of section 1125 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

          **PLEASE TAKE FURTHER NOTICE,** that by order dated ~~April 1~~May 7, 2015, the Court established ~~May 8~~June 1, 2015 at 5:00 p.m. Prevailing Eastern Time **(the "Voting**

**Deadline")** as the deadline by which ballots accepting or rejecting the Plan must be received. Subject to the Order approving the Disclosure Statement, to be counted, your originally signed ballot (which is enclosed herewith) must actually be <u>received</u> on or before the Voting Deadline and must be returned to Aereo Ballot Processing c/o Prime Clerk, LLC (the "<u>Voting Agent</u>"), to the following address (ballots received by facsimile or e-mail will not be counted absent the written consent of counsel for the Debtor):

<u>If by U.S. Postal Service, Overnight Mail or Hand Delivery:</u>

**AEREO BALLOT PROCESSING
C/O PRIME CLERK, LLC
830 THIRD AVENUE, 9TH FLOOR
NEW YORK, NY 10022
PHONE: (855) 842-4122**

   **PLEASE TAKE FURTHER NOTICE,** that on ~~May 19~~June 8, 2015, at ~~10:00 a~~2:00 p.m. Prevailing Eastern Time, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Sean H. Lane, United States Bankruptcy Court, One Bowling Green, Courtroom 701, New York, NY 10004 to consider confirmation of the Plan, and for such other and further relief as may be just and proper (the "<u>Confirmation Hearing</u>").

   **PLEASE TAKE FURTHER NOTICE,** that the Confirmation Hearing may be adjourned from time to time without further notice to creditors or other parties in interest, other than by an announcement of such an adjournment in open court at the Confirmation Hearing or any adjournment thereof.  Additionally, the Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.

   **PLEASE TAKE FURTHER NOTICE**, any Claimholder, Aereo Interest holder or other party in interest desiring to object to confirmation of the Plan, must file an objection in writing, conforming to the Federal Rules of Bankruptcy Procedure and the Local Rules, with the Bankruptcy Court (with a hard-copy delivered directly to Chambers), and shall serve the objection upon: (i) counsel to the Debtor, Brown Rudnick LLP, 7 Times Square, New York, New York  10036, Attn: William R. Baldiga, Esq.; (ii) counsel to the Official Committee of Unsecured Creditors, Stinson Leonard Street LLP, 150 South Fifth Street, Suite 2300, Minneapolis, MN  55402, Attn: ~~Robert T. Kugler~~Edwin H. Caldie, Esq.; and (iii) the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York  10014, Attn: Susan D. Golden, Esq. and Andrew Velez-Rivera, Esq., **so as to be received no later than 5:00 p.m. Prevailing Eastern Time on ~~May 8~~Jun      e 1, 2015**.  UNLESS AN OBJECTION TO CONFIRMATION IS TIMELY SERVED AND FILED, IT WILL NOT BE CONSIDERED BY THE COURT.

-

IF NO OBJECTIONS ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY ENTER AN ORDER CONFIRMING THE PLAN WITHOUT FURTHER NOTICE OR HEARING.

Dated: ~~April~~May _____, 2015
     New York, New York            Respectfully submitted,

                          By: /s/ William R. Baldiga
                              William R. Baldiga, Esquire
                              R. Benjamin Chapman, Esquire
                              BROWN RUDNICK LLP
                              7 Times Square
                              New York, NY 10036
                              (212) 209-4800

                              *Counsel for the Debtor*
                              *and Debtor-in-Possession*

-

William R. Baldiga, Esquire
R. Benjamin Chapman, Esquire
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
(212) 209-4800

*Counsel for the*
*Debtor and Debtor-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| AEREO, INC. | : | Case No. 14-13200 (SHL) |
| | : | |
| | : | |
| Debtor. | : | |
| | : | |

**NOTICE OF (I) APPROVAL OF AMENDED DISCLOSURE STATEMENT, (II) NON-VOTING STATUS, (III) HEARING TO CONSIDER CONFIRMATION OF THE PLAN, (IV) SUMMARY OF PLAN TREATMENT OF CLAIMS AND AEREO EQUITY INTERESTS, AND (V) DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN**

       **PLEASE TAKE NOTICE,** that by order dated ~~April 1~~May 7, 2015, the United States Bankruptcy Court for the Southern District of New York (the "Court") approved the *Amended* Disclosure Statement ~~*in Support of the Debtor's*~~*for Chapter 11* Plan *of ~~Liquidation~~Aereo, Inc.* (the "Disclosure Statement") as containing adequate information within the meaning of section 1125 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

       **PLEASE TAKE FURTHER NOTICE,** that on ~~May 19~~June 8, 2015, at ~~10:00 a~~2:00 p.m. Prevailing Eastern Time, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Sean H. Lane, United States Bankruptcy Court, One Bowling Green, Courtroom 701, New York, NY 10004 to consider confirmation of the Plan, and for such other and further relief as may be just and proper (the "Confirmation Hearing").

**PLEASE TAKE FURTHER NOTICE,** that the Confirmation Hearing may be adjourned from time to time without further notice to creditors or other parties in interest, other than by an announcement of such an adjournment in open court at the Confirmation Hearing or any adjournment thereof. Additionally, the Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.

**PLEASE TAKE FURTHER NOTICE,** that in accordance with the terms of the Plan and the Bankruptcy Code, holders of Administrative Claims, Fee Claims, Priority Tax Claims and Class 1 (Remaining Secured Claims), Class 2 (Priority Non-Tax Claims) and Class 3 (Convenience Claims) are unimpaired and conclusively presumed to have accepted the Plan and thus not entitled to vote or are not classified under the Plan. Class ~~6~~5 (Aereo Interests) is impaired but is not expected to receive distributions under the Plan, and so is conclusively deemed to have rejected the Plan. Only the holders of Impaired Claims in Class 4 (General Unsecured Claims) ~~and Class 5 (Claims Subject to Subordination),~~ are entitled to vote to accept or to reject the Plan. You have been sent this notice because you are either a holder of an Administrative Claim, Fee Claim, Priority Tax Claim and Class 1 (Remaining Secured Claim), Class 2 (Priority Non-Tax Claim) or Class 3 (Convenience Claim) or Class ~~6~~5 (Aereo Interest).

**PLEASE TAKE FURTHER NOTICE,** that the Plan proposes to modify the rights of certain Claimholders and Aereo Interest holders of the Debtor. The Plan establishes the following Classes of Claims and Interests with the following treatment:

| Class Description | Treatment under the Plan |
|---|---|
| **Allowed Administrative Claims.** | Unclassified. |
| **Fee Claims.** | Unclassified. |
| **Priority Tax Claims** | Unclassified |
| **Class 1 –Remaining Secured Claims.** | Class 1 is Unimpaired. |
| **Class 2 - Priority Non-Tax Claims** | Class 1 is Unimpaired. |
| **Class 3 –Convenience Claims.** | Class 3 is Unimpaired. |
| **Class 4 - General Unsecured Claims** | Class 4 is Impaired |
| **Class 5 –**~~Claims Subject to Subordination~~**Aereo Interests** | Class 5 is Impaired and deemed to reject the Plan. |
| ~~Class 6 – Aereo Interests~~ | ~~Class 6 is Impaired.~~ |

PLEASE TAKE FURTHER NOTICE, any holder of a Claim or Aereo Interest or other party in interest desiring to object to confirmation of the Plan must file an objection in writing, conforming to the Federal Rules of Bankruptcy Procedure and the Local Rules, with the Bankruptcy Court (with a hard-copy delivered directly to Chambers), and shall serve the objection upon: (i) counsel to the Debtor, Brown Rudnick LLP, 7 Times Square, New York, New York 10036, Attn: William R. Baldiga, Esq.; (ii) counsel to the Official Committee of Unsecured Creditors, Stinson Leonard Street LLP, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, Attn: ~~Robert T. Kugler~~Edwin H. Caldie, Esq.; and (iii) the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Susan D. Golden, Esq. and Andrew Velez-Rivera, Esq., **so as to be received no later than 5:00 p.m. Prevailing Eastern Time on ~~May 8~~June 1, 2015**. UNLESS AN OBJECTION TO CONFIRMATION IS TIMELY SERVED AND FILED, IT WILL NOT BE CONSIDERED BY THE COURT.

PLEASE TAKE FURTHER NOTICE, that the Plan and Disclosure Statement have been filed with the Bankruptcy Court and copies thereof may be obtained by parties in interest at the Debtor's expense upon written request to the Voting Agent at the following address:

<u>If by U.S. Postal Service, Overnight Mail or Hand Delivery:</u>

**AEREO BALLOT PROCESSING**
**C/O PRIME CLERK, LLC**
**830 THIRD AVENUE, 9TH FLOOR**
**NEW YORK, NY 10022**
**PHONE: (855) 842-4122**

Copies of the Plan and Disclosure Statement can also be obtained by requesting a copy from Brown Rudnick LLP, Attn: Carol S. Ennis, Paralegal, One Financial Center, Boston, MA 02111, Telephone: (617) 856-8552, Facsimile: (617) 289-0472, cennis@brownrudnick.com. In addition, copies of the Disclosure Statement and the Plan may be found on the Debtor's website, https://cases.primeclerk.com/aereo/ and are on file with the Clerk of the Court.

Dated: ~~April~~May _____, 2015
        New York, New York                Respectfully submitted,

                                   By:/s/ William R. Baldiga
                                       William R. Baldiga, Esquire
                                       R. Benjamin Chapman, Esquire
                                       BROWN RUDNICK LLP
                                       7 Times Square
                                       New York, NY 10036
                                       (212) 209-4800

                                       *Counsel for the Debtor*
                                       *and Debtor-in-Possession*

-

# EXHIBIT C

**Proposed ~~Forms~~Form of ~~Ballots~~Ballot**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|                          |   |              |
|--------------------------|---|--------------|
|                          | : |              |
| In re:                   | : | Chapter 11   |
|                          | : |              |
| AEREO, INC.,             | : | Case No. 14-13200 (SHL) |
|                          | : |              |
| Debtor.                  | : |              |
|                          | : |              |

**BALLOT FOR ACCEPTING OR REJECTING**
**THE DEBTOR'S CHAPTER 11 PLAN**

**CLASS 4 – GENERAL UNSECURED CLAIMS**

**PLEASE READ AND FOLLOW THE ENCLOSED**
**VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**PLEASE CHECK THE APPROPRIATE BOX BELOW**
**TO INDICATE YOUR ACCEPTANCE OR REJECTION OF THE PLAN.**

**THIS BALLOT IS ACCOMPANIED BY A PRE-ADDRESSED, POSTAGE PRE-PAID RETURN ENVELOPE THAT IS ADDRESSED TO AEREO BALLOT PROCESSING C/O PRIME CLERK, LLC, 830 THIRD AVENUE, 9TH FLOOR, NEW YORK, NY 10022 (THE "VOTING AGENT"). THIS BALLOT MUST BE RECEIVED BY THE VOTING AGENT ON OR BEFORE ~~MAY 8~~JUNE 1, 2015 AT 5:00 P.M. PREVAILING EASTERN TIME (THE "VOTING DEADLINE"). IF YOUR BALLOT IS NOT RECEIVED BY THE VOTING DEADLINE, THE DEBTOR MAY CONSIDER SUCH BALLOT INVALID. IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.**

This Ballot may not be used for any purpose other than submitting votes with respect to the ~~Debtor's~~Amended Chapter 11 Plan of ~~Liquidation~~Aereo, Inc. (the "Plan"). All capitalized terms used in this Ballot or in these instructions but not otherwise defined herein shall have the meaning ascribed to such terms in the Order Approving the Debtor's Amended Disclosure Statement and Relief Related Thereto (the "Solicitation Procedures Order"), the Amended Disclosure Statement ~~in Support of the Debtor's~~for Chapter 11 Plan of ~~Liquidation~~Aereo, Inc. (the "Disclosure Statement"), or the Plan, as the case may be.

This Ballot is being sent to you because the Debtor's records indicate that you are a Holder of a Class 4 Claim as of ~~April 1~~May 7, 2015 (the "Voting Record Date"), and accordingly, you are entitled to vote to accept or reject the Debtor's Plan. **Your rights are described in the Disclosure Statement and the Plan. The Disclosure Statement, Plan,**

**Solicitation Procedures Order and certain other materials contained in the Exhibits to the Plan are enclosed with this Ballot.  These documents, along with the Exhibits to the Plan and all other Solicitation Documents can be obtained by requesting a copy from the Debtor's Voting Agent by writing to Aereo Ballot Processing c/o Prime Clerk, LLC, 830 Third Avenue, 9th Floor, New York, NY 10022, or by telephone at (855) 842-4122.**

The Bankruptcy Court has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code.  Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.  If you believe you have received this Ballot in error, please contact the Voting Agent at the address or telephone number above.

*You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the classification and treatment of your General Unsecured Claim under the Plan, which has been placed in Class 4. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.  You should return all Ballots for each Class in which you are entitled to vote.  All persons or entities receiving a Ballot with respect to Class 4 General Unsecured Claims should return a completed Ballot in accordance with the instructions set forth therein.*

This Ballot is divided into two parts:

PART I          WHO SHOULD USE THIS BALLOT AND HOW TO USE THIS BALLOT

PART II         ITEMS ON THIS BALLOT

Item 1.          Amount of General Unsecured Claim in Class 4
Item 2.          General Unsecured Claims Vote
Item 3.          Disclosures and Certifications

## VOTING INSTRUCTIONS

1.  The Debtor is soliciting the votes of holders of Class 4 – General Unsecured Claims ~~and Class 5 – Claims Subject to Subordination~~ with respect to the Debtor's Plan.  Your rights are described in the Disclosure Statement and the Plan.  The Disclosure Statement, Plan, Solicitation Procedures Order and Solicitation Procedures are included with this Ballot.  **These documents, along with the Exhibits to the Plan and all other Solicitation Documents can be obtained by requesting a copy from the Debtor's Voting Agent by writing to Aereo Ballot Processing, c/o Prime Clerk, LLC, 830 Third Avenue, 9th Floor, New York, NY 10022, or by telephone at (855) 842-4122.**  All capitalized terms used in the Ballot or in these instructions but not otherwise defined herein shall have the meaning ascribed to such terms in the Solicitation Procedures Motion, the Disclosure Statement, or the Plan, as the case may be.

2.  Subject to certain exceptions, the Plan can be confirmed by the Bankruptcy Court and, therefore, made binding on all holders, if it is accepted by the holders of two-thirds (2/3) in amount and more than one-half (1/2) in number of claims in each impaired class voting on the Plan.

3.  To ensure that your vote is counted, you must complete and return this Ballot as follows:  (a) review the Disclosures and Certifications in Item 3 of the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) sign and return the Ballot in the enclosed pre-addressed, postage pre-paid envelope so that it is **ACTUALLY RECEIVED** by the Voting Agent by the **Voting Deadline, ~~May 8~~June 1, 2015 at 5:00 p.m. Prevailing Eastern Time**.

4.  If a Ballot is received after the Voting Deadline, it may not be counted.  The method of delivery of a Ballot to the Voting Agent is at the election and risk of each entity.  Except as otherwise provided herein, such delivery will be deemed made only when the original executed Ballot is **ACTUALLY RECEIVED** by the Voting Agent.  Sufficient time should be allowed to assure timely delivery.  Delivery of a Ballot by facsimile transmission, e-mail or any other electronic means will not be valid.  **This Ballot should not be sent to the Debtor, any of its agents (other than the Voting Agent), the Committee or its advisors or the Debtor's legal advisors.**

5.  You must vote all of your claims within a particular Plan Class either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

6.  If multiple Ballots are received from you with respect to the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior Ballot received.

7.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.

8.  This Ballot does not constitute, and shall not be deemed to be, a proof of claim or equity interest or an assertion or admission of a claim or equity interest.

9.  The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (a) any Ballot received after the Voting Deadline unless the Debtor has granted an extension of the Voting Deadline with respect to such Ballot; (b) any Ballot

that is illegible or contains insufficient information to permit the identification of the claimant; (c) any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan; (d) any Ballot cast by or on behalf of a Disputed Claimant who has not timely filed a Rule 3018(a) Motion by the Rule 3018(a) Motion Deadline, or who has timely filed a Rule 3018(a) Motion that is not granted by the Court; (e) any Ballot that is properly completed, executed and timely submitted, but that does not indicate an acceptance or a rejection or that indicates both an acceptance and a rejection; or (f) any unsigned Ballot or Ballot that has a non-original signature.

10. Please be sure to sign and date your Ballot. If you are signing the Ballot as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other entity acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtor or the Bankruptcy Court, submit proper evidence satisfactory to the requesting party that you are authorized to so act on behalf of the Holder. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label.

11. If you hold Claims in more than one Class under the Plan, you will receive more than one Ballot coded for each different Class. Each Ballot votes only your Claim indicated on that Ballot. Please complete and return each Ballot you receive.

12. If you believe you have received the wrong Ballot, please contact the Voting Agent immediately.

13. Unless otherwise directed by the Bankruptcy Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtor. Any waiver by the Debtor of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Bankruptcy Court by the Voting Agent. Neither the Debtor, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.


**PLEASE DELIVER YOUR BALLOT PROMPTLY.**


**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT**

**OR THESE VOTING INSTRUCTIONS,**

**PLEASE CALL THE VOTING AGENT AT (855) 842-4122**


**PLEASE BE ADVISED THAT THE VOTING AGENT CANNOT AND WILL NOT PROVIDE LEGAL ADVICE WITH RESPECT TO THE DEBTOR'S SOLICITATION DOCUMENTS, INCLUDING THE DISCLOSURE STATEMENT AND PLAN.**

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF THE DEBTOR OR THE VOTING AGENT OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE DEBTOR'S SOLICITATION DOCUMENTS, INCLUDING THE DISCLOSURE STATEMENT AND PLAN.**

**PART I        WHO SHOULD USE THIS BALLOT AND HOW TO USE THIS BALLOT**

This Ballot is to be used by the Holders of Class 4 General Unsecured Claims.  This Ballot may not be used for any purpose other than casting votes to accept or reject the Plan.  This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a claim.

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THIS BALLOT CAREFULLY.  THIS BALLOT IS ACCOMPANIED BY A PRE-ADDRESSED, POSTAGE PRE-PAID RETURN ENVELOPE.  YOUR VOTE MUST BE RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE, ~~MAY 8~~JUNE 1, 2015 AT 5:00 P.M. PREVAILING EASTERN TIME.**

**PART II        ITEMS ON THIS BALLOT**

**Item 1.        Amount of General Unsecured Claims in Class 4 under the Plan**

The undersigned certifies that, as of the Voting Record Date, the undersigned was the Holder of a Class 4 General Unsecured Claim in the amount of   $_____.

**Item 2.        General Unsecured Claims Vote**

**The Debtor recommends that you vote to accept the Plan.**

| The Holder of the Class 4 General Unsecured Claim set forth in Item 1 votes to (please check one): | |
| --- | --- |
| ACCEPT THE PLAN<br><br>CHECK HERE<br><br>❏ | REJECT THE PLAN<br><br>CHECK HERE<br><br>❏ |

**Item 3.**        **Disclosures and Certifications**

### Disclosures

(i)        A Holder of a Claim is required to cast the same vote within a particular class on every Ballot completed by such Holder with respect to such Claim;

(ii)        Only the latest properly executed Ballot cast prior to the Voting Deadline with respect to the Class 4 General Unsecured Claim identified in Item 1 will be counted and, if any other Ballots have been cast with respect to such Class 4 General Unsecured Claim, such other Ballots will be deemed revoked;

(iii)        (a) The Debtor has made available to all Holders of Claims entitled to vote on the Plan or their authorized agents all of the Solicitation Documents and, (b) except for the Solicitation Documents, such Holders are not to have relied on any statement made or other information received from any person with respect to the Plan; and

(iv)        All authority conferred or agreed to be conferred pursuant to this Ballot and every obligation of the undersigned hereunder shall be binding upon the transferees, successors, assigns, heirs, executors, administrators and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.

### Certifications

Upon execution of this Ballot, the Holder of the Class 4 General Unsecured Claim identified in Item 1 above certifies that:

(i)        (a) as of the Voting Record Date, it was the Holder of the Class 4 General Unsecured Claim in the amount indicated in Item 1 or (b) it is an authorized signatory for an entity that was the Holder of the Class 4 General Unsecured Claim in the amount indicated in Item 1 as of the Voting Record Date;

(ii)        it (or in the case of an authorized signatory, the Holder) is eligible to be treated as the Holder of the Class 4 General Unsecured Claim in the amount indicated in Item 1 for the purposes of voting on the Plan; and

(iii)        it has reviewed and understands the disclosures in the section titled "Disclosures" immediately above.

-

**THIS BALLOT MUST BE RETURNED AS FOLLOWS:**

<u>If by U.S. Postal Service, Overnight Mail or Hand Delivery</u>

**AEREO BALLOT PROCESSING
C/O PRIME CLERK, LLC
830 THIRD AVENUE, 9TH FLOOR
NEW YORK, NY 10022**

**AND MUST BE RETURNED SO AS TO BE RECEIVED**

**ON OR BEFORE ~~MAY 8~~<u>JUNE 1</u>, 2015 AT 5:00 P.M.
PREVAILING EASTERN TIME,
OR YOUR VOTE MAY NOT BE COUNTED.**

**PLEASE BE ADVISED THAT THE VOTING AGENT CANNOT AND WILL NOT PROVIDE LEGAL
ADVICE WITH RESPECT TO THE DEBTOR'S SOLICITATION DOCUMENTS, INCLUDING THE
DISCLOSURE STATEMENT AND PLAN.**

-

Dated: _____     Name of Holder:      _____

                                Signature:           _____

                                By (if not Holder):  _____

                                Title (if appropriate): _____

                                Telephone Number:    _____

                                Street Address:      _____

                                City, State and Zip Code: _____

---

*Please check one or both of the below boxes, if the above address is a change of address
for the purpose(s) of:*

☐ *future notice mailings; AND/OR*
☐ *distribution payments.*

**EXHIBIT D**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

|                     | :  |                          |
|---------------------|----|--------------------------|
| In re:              | :  | Chapter 11               |
|                     | :  |                          |
| AEREO, INC.,        | :  | Case No. 14-13200 (SHL)  |
|                     | :  |                          |
| **Debtor.**         | : **Solicitation Letter** |
|                     | :  |                          |

_____

**BALLOT FOR ACCEPTING OR REJECTING**
THE Debtor's CHAPTER 11 Plan

**CLASS 5—CLAIMS SUBJECT TO SUBORDINATION**

**PLEASE READ AND FOLLOW THE ENCLOSED**
Voting Instructions CAREFULLY BEFORE COMPLETING THIS Ballot.
**PLEASE CHECK THE APPROPRIATE BOX BELOW**
TO INDICATE YOUR ACCEPTANCE OR REJECTION OF THE PLAN.
THIS Ballot IS ACCOMPANIED BY A PRE-ADDRESSED, POSTAGE PRE-PAID RETURN
ENVELOPE THAT IS ADDRESSED TO Aereo Ballot Processing c/o Prime Clerk, LLC, 830
Third AveNUE, 9th Floor, New York, NY 10022 (THE "VOTING Agent"). THIS Ballot MUST
BE RECEIVED BY THE VOTING Agent on or before MAY 8, 2015 at 5:00 P.M. prevailing
eastern time (THE "Voting Deadline"). IF YOUR Ballot IS NOT RECEIVED BY THE Voting
Deadline, THE Debtor may consider SUCH Ballot INVALID. IF THE Plan IS CONFIRMED
BY THE Bankruptcy Court IT WILL BE BINDING ON YOU WHETHER OR NOT YOU
VOTE.

This Ballot may not be used for any purpose other than submitting votes with respect to
the Debtor's Chapter 11 Plan of Liquidation (the "Plan"). All capitalized terms used in this
Ballot or in these instructions but not otherwise defined herein shall have the meaning ascribed
to such terms in the Order Approving the Debtor's Disclosure Statement and Relief Related
Thereto (the "Solicitation Procedures Order"), the Disclosure Statement in Support of the
Debtor's Plan of Liquidation (the "Disclosure Statement"), or the Plan, as the case may be.

This Ballot is being sent to you because the Debtor's records indicate that you are a
Holder of a Class 5 Claim as of April 1, 2015 (the "Voting Record Date"), and accordingly, you
are entitled to vote to accept or reject the Debtor's Plan. **Your rights are described in the**
**Disclosure Statement and the Plan. The Disclosure Statement, Plan, Solicitation**
**Procedures Order and certain other materials contained in the Exhibits to the Plan are**
**enclosed with this Ballot. These documents, along with the Exhibits to the Plan and all**
**other Solicitation Documents can be obtained by requesting a copy from the Debtor's**

Class 5 Claim Subject to Subordination

**Voting Agent by writing to Aereo Ballot Processing c/o Prime Clerk, LLC, 830 Third Avenue, 9th Floor, New York, NY 10022, or by telephone at (855) 842-4122.**

The Bankruptcy Court has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. If you believe you have received this Ballot in error, please contact the Voting Agent at the address or telephone number above.

*You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim Subject to Subordination under the Plan, which has been placed in Class 5. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote. You should return all Ballots for each Class in which you are entitled to vote. All persons or entities receiving a Ballot with respect to Class 5 Claims Subject to Subordination should return a completed Ballot in accordance with the instructions set forth therein.*

This Ballot is divided into two parts:

PART I        WHO SHOULD USE THIS BALLOT AND HOW TO USE THIS BALLOT

PART II        ITEMS ON THIS BALLOT

Item 1.        Amount of Claim Subject to Subordination in Class 5
Item 2.        Claim Subject to Subordination Vote
Item 3.        Disclosures and Certifications

Class 5 Claim Subject to Subordination

**VOTING INSTRUCTIONS**

14. The Debtor is soliciting the votes of holders of Class 4 – General Unsecured Claims and Class 5 – Claims Subject to Subordination with respect to the Debtor's Plan. Your rights are described in the Disclosure Statement and the Plan. The Disclosure Statement, Plan, Solicitation Procedures Order and Solicitation Procedures are included with this Ballot. **These documents, along with the Exhibits to the Plan and all other Solicitation Documents can be obtained by requesting a copy from the Debtor's Voting Agent by writing to Aereo Ballot Processing, c/o Prime Clerk, LLC, 830 Third Avenue, 9th Floor, New York, NY 10022, or by telephone at (855) 842-4122.** All capitalized terms used in the Ballot or in these instructions but not otherwise defined herein shall have the meaning ascribed to such terms in the Solicitation Procedures Motion, the Disclosure Statement, or the Plan, as the case may be.

15. Subject to certain exceptions, the Plan can be confirmed by the Bankruptcy Court and, therefore, made binding on all holders, if it is accepted by the holders of two-thirds (2/3) in amount and more than one-half (1/2) in number of claims in each impaired class voting on the Plan.

16. To ensure that your vote is counted, you must complete and return this Ballot as follows: (a) review the Disclosures and Certifications in Item 3 of the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) sign and return the Ballot in the enclosed pre-addressed, postage pre-paid envelope so that it is **ACTUALLY RECEIVED** by the Voting Agent by the **Voting Deadline, May 8, 2015 at 5:00 p.m. Prevailing Eastern Time**.

17. If a Ballot is received after the Voting Deadline, it may not be counted. The method of delivery of a Ballot to the Voting Agent is at the election and risk of each entity. Except as otherwise provided herein, such delivery will be deemed made only when the original executed Ballot is **ACTUALLY RECEIVED** by the Voting Agent. Sufficient time should be allowed to assure timely delivery. Delivery of a Ballot by facsimile transmission, e-mail or any other electronic means will not be valid. **This Ballot should not be sent to the Debtor, any of its agents (other than the Voting Agent), the Committee or its advisors or the Debtor's legal advisors.**

18. You must vote all of your claims within a particular Plan Class either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

19. If multiple Ballots are received from you with respect to the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior Ballot received.

20. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.

21. This Ballot does not constitute, and shall not be deemed to be, a proof of claim or equity interest or an assertion or admission of a claim or equity interest.

22. The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (a) any Ballot received after the Voting Deadline unless the Debtor has granted an extension of the Voting Deadline with respect to such Ballot; (b) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (c) any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to

3

Class 5 Claim Subject to Subordination

accept or reject the Plan; (d) any Ballot cast by or on behalf of a Disputed Claimant who has not timely filed a Rule 3018(a) Motion by the Rule 3018(a) Motion Deadline, or who has timely filed a Rule 3018(a) Motion that is not granted by the Court; (e) any Ballot that is properly completed, executed and timely submitted, but that does not indicate an acceptance or a rejection or that indicates both an acceptance and a rejection; or (f) any unsigned Ballot or Ballot that has a non-original signature.

23. Please be sure to sign and date your Ballot. If you are signing the Ballot as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or other entity acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtor or the Bankruptcy Court, submit proper evidence satisfactory to the requesting party that you are authorized to so act on behalf of the Holder. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label.

24. If you hold Claims in more than one Class under the Plan, you will receive more than one Ballot coded for each different Class. Each Ballot votes only your Claim indicated on that Ballot. Please complete and return each Ballot you receive.

25. If you believe you have received the wrong Ballot, please contact the Voting Agent immediately.

26. Unless otherwise directed by the Bankruptcy Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtor. Any waiver by the Debtor of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Bankruptcy Court by the Voting Agent. Neither the Debtor, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

**PLEASE DELIVER YOUR BALLOT PROMPTLY.**

Class 5 Claim Subject to Subordination

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT

OR THESE VOTING INSTRUCTIONS,

PLEASE CALL THE VOTING AGENT AT (855) 842-4122

PLEASE BE ADVISED THAT THE VOTING AGENT CANNOT AND WILL NOT PROVIDE LEGAL ADVICE WITH RESPECT TO THE DEBTOR'S SOLICITATION DOCUMENTS, INCLUDING THE DISCLOSURE STATEMENT AND PLAN.

NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF THE Debtor OR THE VOTING Agent OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE Plan, EXCEPT FOR THE STATEMENTS CONTAINED IN THE Debtor's Solicitation Documents, INCLUDING THE Disclosure Statement AND Plan.

Class 5 Claim Subject to Subordination

## PART I          WHO SHOULD USE THIS BALLOT AND HOW TO USE THIS BALLOT

This Ballot is to be used by the Holders of Class 5 Claims Subject to Subordination.  This Ballot may not be used for any purpose other than casting votes to accept or reject the Plan.  This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a claim.

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THIS BALLOT CAREFULLY.  THIS BALLOT IS ACCOMPANIED BY A PRE-ADDRESSED, POSTAGE PRE-PAID RETURN ENVELOPE.  YOUR VOTE MUST BE RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE, MAY 8, 2015 AT 5:00 P.M. PREVAILING EASTERN TIME.**

### PART II      ITEMS ON THIS BALLOT

**Item 1.**          **Amount of Claim Subject to Subordination in Class 5 under the Plan**

The undersigned certifies that, as of the Voting Record Date, the undersigned was the Holder of a Class 5 Claim Subject to Subordination in the amount of $_____.

**Item 2.**          **Claims Subject to Subordination Vote**

**The Debtor recommends that you vote to accept the Plan.**

| The Holder of the Class 5 Claim Subject to Subordination set forth in Item 1 votes to (please check one): | |
|---|---|
| ACCEPT THE PLAN<br><br>CHECK HERE<br><br>☐ | REJECT THE PLAN<br><br>CHECK HERE<br><br>☐ |

Class 5 Claim Subject to Subordination

**Item 3.        Disclosures and Certifications**

**Disclosures**

(i)        A Holder of a Claim is required to cast the same vote within a particular class on every Ballot completed by such Holder with respect to such Claim;

(ii)        Only the latest properly executed Ballot cast prior to the Voting Deadline with respect to the Class 5 Claim Subject to Subordination identified in Item 1 will be counted and, if any other Ballots have been cast with respect to such Class 5 Claim Subject to Subordination, such other Ballots will be deemed revoked;

(iii)        (a) The Debtor has made available to all Holders of Claims entitled to vote on the Plan or their authorized agents all of the Solicitation Documents and, (b) except for the Solicitation Documents, such Holders are not to have relied on any statement made or other information received from any person with respect to the Plan; and

(iv)        All authority conferred or agreed to be conferred pursuant to this Ballot and every obligation of the undersigned hereunder shall be binding upon the transferees, successors, assigns, heirs, executors, administrators and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.

**Certifications**

Upon execution of this Ballot, the Holder of the Class 5 Claim Subject to Subordination identified in Item 1 above certifies that:

(i)        (a) as of the Voting Record Date, it was the Holder of the Class 5 Claim Subject to Subordination in the amount indicated in Item 1 or (b) it is an authorized signatory for an entity that was the Holder of the Class 5 Claim Subject to Subordination in the amount indicated in Item 1 as of the Voting Record Date;

(ii)        it (or in the case of an authorized signatory, the Holder) is eligible to be treated as the Holder of the Class 5 Claim Subject to Subordination in the amount indicated in Item 1 for the purposes of voting on the Plan; and

(iii)        it has reviewed and understands the disclosures in the section titled "Disclosures" immediately above.

7

Class 5 Claim Subject to Subordination

**THIS BALLOT MUST BE RETURNED AS FOLLOWS:**

If by U.S. Postal Service, Overnight Mail or Hand Delivery

Aereo ~~BALLOT PROCESSING~~, Inc.

c/o ~~PRIME CLERK, LLC~~ Lawton W. Bloom

~~830 THIRD AVENUE, 9TH FLOOR~~

Argus Management Corporation

208 West 29th St, Suite 613A

New York, NY ~~10022~~ 10001

**AND MUST BE RETURNED SO AS TO BE RECEIVED**

**ON OR BEFORE MAY 8, 2015 AT 5:00 P.M.**

prevailing EASTERN Time,

OR YOUR VOTE May NOT BE COUNTED.

**PLEASE BE ADVISED THAT THE VOTING AGENT CANNOT AND WILL NOT PROVIDE LEGAL ADVICE WITH RESPECT TO THE DEBTOR'S SOLICITATION DOCUMENTS, INCLUDING THE DISCLOSURE STATEMENT AND PLAN.**

Class 5 Claim Subject to Subordination

Dated: _____    Name of Holder: _____

Signature: _____

By (if not Holder): _____

Title (if appropriate): _____

Telephone Number: _____

Street Address: _____

City, State and Zip Code: _____

*Please check one or both of the below boxes, if the above address is a change of address for the purpose(s) of:*

☐  *future notice mailings; AND/OR*
☐  *distribution payments.*

-

**EXHIBIT D**

**Debtor Solicitation Letter**

-

Aereo, Inc.
280 Summer Street, 4th Floor
Boston, Massachusetts  02210
~~April~~May ____, 2015

To:    Our Voting Unsecured Creditors

     Aereo, Inc., (the "Company"), is pleased to present for your consideration the *Amended Chapter 11* Plan ~~of Liquidation~~ of Aereo, Inc. (the "Plan").

     As you know, the Company filed for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") on ~~October~~November 20, 2014 in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The primary motivation for the filing was to implement the sale of substantially all of the Company's assets pursuant to Bankruptcy Code Section 363. On February 25, 2015, the Company accepted certain bids for the sale of certain of the Company's assets to (a) TiVo Inc., (b) RPX Corporation and (c) Alliance Technology Solutions, Inc., (collectively, the "Sales").[1]  The Sales will yield proceeds to the Company in excess of $1,870,000 (the "Sale Proceeds").  A motion to approve the Sales was filed with the Bankruptcy Court on February 26, 2015.

     Enclosed with this letter you will find the *Amended* Disclosure Statement ~~with Respect to~~*for Chapter 11* Plan ~~of Liquidation~~ of Aereo, Inc. (the "Disclosure Statement"), including the Plan (Exhibit A) and a liquidation analysis (Exhibit B).  The liquidation analysis supports, among other things, the conclusion that those of the Company's unsecured creditors entitled to vote on the Plan (collectively, the "Voting Creditors") would receive more under the Plan than they would if the Company's estate was liquidated pursuant to Chapter 7 of the Bankruptcy Code.

     As explained in the Disclosure Statement, if the Plan is confirmed, the Company's assets, including the Sale Proceeds, will be transferred to a trust (the "Liquidation Trust") which will be responsible for making distributions to the Company's creditors, according to legal priorities as set forth in the Plan.  Although there can be no certainty until all of the Company's assets are liquidated and, among other things, all claims are asserted and reconciled, the Company estimates that (a) General Unsecured Claims in Class 4 will receive an estimated recovery of approximately [~~____~~10.7%] of their allowed claims ~~and (b) holders of allowed Claims Subject to Subordination in Class 5, will receive an estimated recovery of [_____%] of their claims~~.

---

[1] Alliance Technology Solutions, Inc. ("Alliance") purchased certain *de minimis* assets of the Company pursuant to the *Order Approving Debtor's Expedited Motion For An Order Authorizing the Sale of Certain De Minimis Assets* [Docket No.224] and certain equipment of the Company as more fully set forth in the *Motion Of The Debtor For Entry of Orders Approving And Authorizing (A) The Sale Of Certain Assets Of The Debtor Free And Clear Of All Claims, Liens, Liability, Rights, Interests, and Encumbrances; (B) The Debtor To Enter Into And Perform Its Obligations Under The Asset Purchase Agreements; And (C) Granting Related Relief* [Docket No. ~~__~~230]. These sales to Alliance included line item quotes for specific assets.  The final amounts paid by Alliance to the Debtor will depend on the exact volume of items that the Debtor is capable of producing to Alliance.

-

   **WE BELIEVE THAT THE PLAN IS THE BEST AVAILABLE ALTERNATIVE
FOR ALL STAKEHOLDERS AND THE OFFICIAL CREDITORS' COMMITTEE
SUPPORTS THE PLAN.  THEREFORE, WE URGE ALL VOTING CREDITORS TO
VOTE TO ACCEPT THE PLAN.**

                                                    With best regards,


                                                    Chaitanya Kanojia

-

**<u>EXHIBIT E</u>**

**Notice of Disputed Claim Status**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------  :
In re:                                                     :    Chapter 11
                                                           :
AEREO, INC.,                                               :    Case No. 14-13200 (SHL)
                                                           :
                    Debtor.[1]                             :
---------------------------------------------------------  :

**NOTICE OF NON-VOTING STATUS AND TEMPORARY ALLOWANCE
PROCEDURES WITH RESPECT TO CLAIMS HELD BY DISPUTED CLAIMANTS**

**TO:    DISPUTED CLAIMANTS**
**Holders of claims asserted as wholly unliquidated or wholly contingent in a timely proof of claim**
**Holders of claims asserted in a proof of claim as to which an objection to the entirety of the claim is pending as of the Voting Record Date**

**PLEASE TAKE NOTICE THAT:**

1.      On ~~April 1~~May 7, 2015, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order approving the Amended Disclosure Statement ~~with Respect to~~for Chapter 11 Plan ~~of Liquidation~~ of Aereo, Inc. (the "Disclosure Statement") for use by Aereo, Inc. in the above-captioned case (the "Debtor") in soliciting acceptances or rejections of the Amended Chapter 11 Plan ~~of Liquidation~~ of Aereo, Inc. (the "Plan") from those holders of impaired claims who are entitled to receive distributions under the Plan.

2.      The name of the Debtor and its address, case number, and federal tax identification number (EIN) is set forth in the following chart.

| DEBTOR | ADDRESS | CASE NO. | EIN |
|--------|---------|----------|-----|
| Aereo, Inc. | ~~280 Summer Street, 4th Floor, Boston, MA 02210~~c/o Lawton W. Bloom, Argus Management Corporation, 208 West 29th St, Suite 613A, New York, NY 10001 | 14-13200 | 27-3492838 |

3.      The order approving the Disclosure Statement (the "Disclosure Statement Order") also (a) approved the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approved certain vote tabulation procedures and (c) established the deadline for filing objections to the Plan and scheduled the hearing to consider confirmation of the Plan. This notice was approved pursuant to the Disclosure Statement Order.

4.      Under the Bankruptcy Code, only holders of allowed claims may vote to accept or reject a plan of liquidation. Holders of claims that have been determined to be "Disputed Claimants" are not entitled to vote. You have been determined to be a Disputed Claimant because your claim was (a) asserted as wholly unliquidated or wholly contingent in a timely proof of claim, (b) asserted in a proof of claim as to which an

---

[1]     The last four digits of the Debtor's federal tax identification number are 2838. The Debtor's mailing address is ~~c/o~~ Aereo, Inc., ~~280 Summer Street, Boston, Massachusetts 02210~~c/o Lawton W. Bloom, Argus Management Corporation, 208 West 29th St, Suite 613A, New York, NY 10001.

objection to the entirety of the claim is pending as of the Voting Record Date, or (c) asserted in a proof of claim as to which a Notice of Disputed Claim Status is received as set forth below (collectively, the "Disputed Claimants"). Accordingly, you are not now entitled to vote, and the enclosed documents are provided for informational purposes only.

5.      If you wish to dispute your status as a Disputed Claimant and to seek the right to vote on the Plan, you must: (a) request temporary allowance of your claim for voting purposes on or before ~~April 17~~May 18, 2015 at 5:00 p.m. (Eastern Time), by filing an appropriate motion (a "Rule 3018 Motion") with the Bankruptcy Court; (b) request a provisional ballot from the Voting Agent (Prime Clerk, LLC, 830 Third Avenue, 9th Floor, New York, NY 10022, or by telephone at (855) 842-4122), and (c) on or before ~~May 8~~June 1, 2015, at 5:00 p.m. (Eastern Time), complete and return the provisional ballot according to the instructions contained on the ballot. The procedures for filing a Rule 3018 Motion, including the deadline of ~~April 17~~May 18, 2015, established by the Bankruptcy Court for filing such motions, are set forth in the Disclosure Statement Order. The Bankruptcy Court's ruling on your Rule 3018 Motion will determine whether or not your provisional ballot is counted.

6.      In the event that you are successful in disputing your status as a Disputed Claimant, your Claim may become a General Unsecured Claim under the Plan. Because of that possibility, you are receiving with this notice an Election to Reduce Claim. You may use the Election to Reduce Claim to elect to reduce the amount of your Claim to $1,000 and to be treated as a Convenience Claim. To be accepted, the Election to Reduce Claim must be completed, executed and returned to the Voting Agent by the Voting Deadline.

7.      A hearing to consider confirmation of the Plan will be held on ~~May 19~~June 8, at ~~10:00 a~~2:00 p.m. (Eastern Time), before Honorable Sean H. Lane, Judge of the Bankruptcy Court, in the United States Courthouse, at One Bowling Green, New York, New York 10004, Courtroom 701. The confirmation hearing may be adjourned from time to time by announcement in open court without written notice to parties in interest.

8.      No later than ~~May 8~~June 1, 2015, at 5:00 p.m. (Eastern Time), any and all objections to the Plan must be (a) filed with the Office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, NY 10004, and (b) received by (i) the Office of the United States Trustee for the Southern District of New York, Attn: Susan D. Golden and Andrew Velez-Rivera, 201 Varick Street, Suite 1006, New York, New York 10014 (ii) Brown Rudnick LLP, Attn: William R. Baldiga, 7 Times Square, New York, New York 10036, and (iii) Stinson Leonard Street LLP, Attn: ~~Robert T. Kugler~~Edwin H. Caldie, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402. The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan. Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

9.      THE PLAN CONTAINS EXCULPATION, RELEASE AND INJUNCTION PROVISIONS. THE PROVISIONS ARE SET FORTH AT THE END OF THIS NOTICE.

10.     The Plan may be further modified, if necessary, pursuant to 11 U.S.C. § 1127, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

11.     Copies of the Disclosure Statement Order, the Disclosure Statement and the Plan may be obtained by parties in interest from the Debtor's webpage at https://cases.primeclerk.com/aereo or by contacting Carol S. Ennis by telephone at (617) 856-8552, or by email at cennis@brownrudnick.com. Copies of the Disclosure Statement Order, the Disclosure Statement and the Plan are also available for inspection during regular business hours at the Clerk's Office, One Bowling Green, New York, NY 10004, or may be viewed on the Court's website at http://www.sdny.uscourts.gov by following the directions for accessing the ECF system on such website.

Dated: ~~April~~May _____, 2015

William R. Baldiga

R. Benjamin Chapman

BROWN RUDNICK LLP

7 Times Square

New York, NY  10036

Counsel to the Debtor and Debtor in Possession

**EXCULPATION, RELEASE AND INJUNCTION PROVISIONS CONTAINED IN PLAN**

~~11.05~~11.07                    Exculpation.

Notwithstanding any other provision of the Plan, none of (a) the Debtor, (b) the directors, officers or employees of the Debtor serving at any time during the pendency of the Chapter 11 Case, (c) the professionals or court-retained agents of the Debtor, (d) the members and professionals of the Official Creditors' Committee, but only in their capacities as such, ~~or~~ (e) the Broadcasters, (f) each of the Broadcasters' respective current or former officers and directors, professionals, advisors, accountants, attorneys, investment bankers, consultants, employees, agents or other representatives (each solely in its capacity as such), or (g) any of the successors or assigns of any of the parties identified in the foregoing clauses (a) through (~~d~~f), shall have or incur any liability to any holder of a Claim or an Interest, or any other party in interest, or any of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders or affiliates, or any of their respective successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation, or implementation of the Plan, the solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct, or willful violation of federal or state laws and regulations including the Tax Code (in each case as determined by a Final Order), and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

Notwithstanding any other provision of the Plan, no holder of a Claim or an Interest, no other party in interest, none of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders or affiliates, and none of their respective successors or assigns, shall have any right of action against (a) the Debtor, (b) the directors, officers, or employees of the Debtor serving at any time during the pendency of the Chapter 11 Case, (c) the professionals or court-retained agents of the Debtor, (d) the members and professionals of the Official Creditors' Committee, but only in their capacities as such, or the respective directors, ~~or~~ (e) the Broadcasters, (f) each of the Broadcasters' respective current or former officers and directors, professionals, advisors, accountants, attorneys, investment bankers, consultants, employees, agents or other representatives (each solely in its capacity as such), or (g) any of the successors or assigns of any of the parties identified in the foregoing clauses (a) through (~~d~~f), for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation or implementation of the Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, or willful misconduct or willful violation of federal or state laws and regulations including the Tax Code (in each case as determined by a Final Order).

For the avoidance of doubt, nothing in this Section or in any other part of the Plan shall be construed as releasing or exculpating the Debtor, the Liquidation Trustee (as the Debtor's successor in interest), the Committee, the Broadcasters from complying with the terms of the Broadcaster Settlement Agreement.

~~11.06~~11.08                    Releases by Debtor.

As of the Effective Date, for good and valuable consideration, including the release of any and all Claims against the Estate by each Person so released (and subject to confirmation of such release by the holder thereof in such form as the Liquidation Trustee in its discretion requires), the adequacy of which is hereby confirmed, the Debtor, and any Person seeking to exercise the rights of the Debtor's Estate, including, without limitation, any successor to the Debtor, any Estate representative appointed or selected pursuant to Section 1123(b)(3) of the Bankruptcy Code, or the Liquidation Trustee, whether pursuing an action derivatively (including, but not limited to, the Derivative Actions) or otherwise, shall be deemed to forever release, waive and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action (including Avoidance Actions) and liabilities whatsoever (other than for fraud, willful misconduct or gross negligence) in connection with or related to the Debtor (including Aereo, Inc. before the commencement of the Chapter 11 Case), the affairs of the same, the Chapter 11 Case or the Plan (other than solely the rights of the Debtor and the Liquidation Trustee to enforce the Plan and the contracts, instruments, releases and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that are based in whole or part on any act, omission, transaction, event or other occurrence in connection with the Chapter 11 Case taking place on or prior to the Confirmation Date, and that may be asserted by or on behalf of the Debtor, the Estate or the Liquidation Trustee against (a) any of the present or former directors, officers and employees of the Debtor, (b) any of the Debtor's professionals and court-retained agents serving during the pendency of the Chapter 11 Case, and (c)

any of the successors or assigns of any of the parties identified in the foregoing clauses (a) through (b).  Nothing in the Plan shall limit the liability of attorneys to their respective clients pursuant to N.Y. Comp. Codes R. & Regs. tit. 22 § 1200.0 Rule 1.8(h)(1) (2009).

11.0711.09            Injunction.

Confirmation of thisthe Plan shall have the effect of, among other things, permanently enjoining (a) all Entities or Persons that have held, hold or may hold or have asserted, assert or may assert Claims against or Interests in the Estate (including Aereo, Inc. before the commencement of the Chapter 11 Case) with respect to any such Claim or Interest, and (b) respecting (vi)(A), (vi)(B), and (vi)(C) of this Section 11.0811.07, the Estate and the Liquidation TrustTrustee, from and after the Effective Date, from taking any of the following actions (other than actions to enforce any rights or obligations under the Plan):  (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Estate or the Liquidation Trust or any of their property; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against the Estate or the Liquidation Trust  or any of their property; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Estate or the Liquidation Trust or any of their property; (iv) asserting any right of setoff, directly or indirectly, against any obligation due the Estate or the Liquidation Trust or any of their property, except as contemplated or allowed by the Plan; (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; and (vi) prosecuting or otherwise asserting (A) any Claim or Interest, including any right, claim or Cause of Action, released pursuant to the Plan (including, but not limited to, the Derivative Actions), (B) any form of objection to any Claim that is Allowed by the Plan, or (C) asserting Avoidance Actions against any holder of a Claim that is Allowed by the Plan. Additionally, unless otherwise explicitly stated in the Plan, the injunction contemplated by this Section shall prohibit the assertion against the Liquidation Trust of all Claims or Interests, if any, related to the Debtor (including Aereo, Inc. before the commencement of the Chapter 11 Case).

## EXHIBIT F

**Notice of Non-Voting Status**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------- :
In re:                                                  :   Chapter 11
                                                        :
AEREO, INC.,                                            :   Case No. 14-13200 (SHL)
                                                        :
                        Debtor.¹                        :
------------------------------------------------------- :
```

### NOTICE OF NON-VOTING STATUS UNDER ~~DEBTOR'S~~THE AMENDED PLAN OF ~~LIQUIDATION~~AEREO, INC

**TO:**    **HOLDERS OF ADMINISTRATIVE CLAIMS**
    **HOLDERS OF FEE CLAIMS**
    **HOLDERS OF PRIORITY TAX CLAIMS**
    **HOLDERS OF REMAINING SECURED CLAIMS (PLAN CLASS 1)**
    **HOLDERS OF PRIORITY NON-TAX CLAIMS (PLAN CLASS 2)**
    **HOLDERS OF CONVENIENCE CLAIMS (PLAN CLASS 3)**

**PLEASE TAKE NOTICE THAT:**

1.    On ~~April 1~~May 7, 2015, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order approving the Amended Disclosure Statement ~~with Respect to~~for Chapter 11 Plan ~~of Liquidation~~ of Aereo, Inc. (the "Disclosure Statement") for use by Aereo, Inc. in the above-captioned case (the "Debtor") in soliciting acceptances or rejections of the Amended Chapter 11 Plan ~~of Liquidation~~ of Aereo, Inc. (the "Plan") from those holders of impaired claims who are entitled to receive distributions under the Plan.

2.    The name of the Debtor and its address, case number, and federal tax identification number (EIN) is set forth in the following chart.

| DEBTOR | ADDRESS | CASE NO. | EIN |
|--------|---------|----------|-----|
| Aereo, Inc. | ~~280 Summer Street, 4th Floor, Boston, MA 02210~~c/o Lawton W. Bloom, Argus Management Corporation, 208 West 29th St, Suite 613A, New York, NY 10001 | 14-13200 | 27-3492838 |

3.    The order approving the Disclosure Statement (the "Disclosure Statement Order") also (a) approved the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approved certain vote tabulation procedures and (c) established the deadline for filing objections to the Plan and scheduled the hearing to consider confirmation of the Plan.  This notice was approved pursuant to the Disclosure Statement Order.

---

¹    The last four digits of the Debtor's federal tax identification number are 2838.  The Debtor's mailing address is ~~c/o~~ Aereo, Inc., ~~280 Summer Street, Boston, Massachusetts 02210~~c/o Lawton W. Bloom, Argus Management Corporation, 208 West 29th St, Suite    613A, New York, NY 10001.

4.    You are receiving this notice because you are believed to be the holder of an <u>Administrative Claim</u>, a <u>Fee Claim</u>, a <u>Priority Tax Claim</u>, a <u>Remaining Secured Claim</u>, a <u>Priority Non-Tax Claim</u>, ~~or~~ a <u>Convenience Claim</u> <u>or a holder of Aereo Interests</u> against the Debtor, under the Plan:[2].

An <u>Administrative Claim</u> is an obligation of the Debtor under Bankruptcy Code Section 503(b) entitled to priority in payment under Bankruptcy Code Section 507(a), including but not limited to: (a) a 503(b)(9) Claim; (b) the actual and necessary costs and expenses incurred after the Petition Date for preserving the Estate and/or operating the Debtor's businesses; (c) cure costs associated with the assumption or assumption and assignment of executory contracts and unexpired leases pursuant to Bankruptcy Code Section 365; and (d) all Statutory Fees.  As used herein, the term "Administrative Claim" shall exclude Fee Claims. The Plan provides the following treatment for Administrative Claims:

Administrative Claims are First Tier Claims under the Plan.  Subject to the terms ~~herein~~<u>of the Plan</u>, and unless the holder of an Allowed Administrative Claim agrees to receive other less favorable treatment, each holder of an Allowed Administrative Claim shall be paid 100% of the unpaid amount of such Claim in Cash on the date that is the later of (i) the Initial Distribution Date for First Tier Claims or (ii) as soon as reasonably practicable after the date such Claim becomes an Allowed Claim; provided, however, that Allowed Administrative Claims of the United States Trustee for Statutory Fees shall be paid on the Effective Date and thereafter, as such fees may thereafter accrue and be due and payable by the Liquidation Trustee pursuant to Section 7.06 of the Plan in accordance with the applicable schedule for payment of such fees.

A <u>Fee Claim</u> is a Claim: (a) of a Professional retained by order of the Bankruptcy Court for compensation and/or reimbursement of expenses pursuant to Bankruptcy Code Sections 327, 328, 330, or 331 (other than ordinary course professionals of the Debtor); and (b) of any Professional or other party-in-interest seeking compensation or reimbursement of expenses in connection with the Chapter 11 Case pursuant to Bankruptcy Code Section 503(b). The Plan provides the following treatment for Fee Claims:

Fee Claims are First Tier Claims under the Plan. Subject to the terms ~~herein~~<u>of the Plan</u>, and unless the holder of an Allowed Fee Claim agrees to receive other less favorable treatment, each holder of an Allowed Fee Claim shall be paid 100% of the unpaid amount of such Claim in Cash no later than five (5) Business Days after the date that such Claim is allowed by order entered by the Bankruptcy Court.

A <u>Priority Tax Claim</u> is a Claim or a portion of a Claim for which priority is asserted under Bankruptcy Code Section 507(a)(8).  The Plan provides the following treatment for Priority Tax Claims:

Priority Tax Claims are First Tier Claims under the Plan.  Subject to the terms ~~herein~~<u>of the Plan</u>, and unless the holder of an Allowed Priority Tax Claim agrees to receive other less favorable treatment, each holder of an Allowed Priority Tax Claim shall be entitled to receive 100% of the unpaid amount of such Claim in Cash on the date that is the later of (i) the Initial Distribution Date for First Tier Claims or (ii) as soon as reasonably practicable after the date such Claim becomes an Allowed Claim.  Additionally, after payment or adequate reserve for all First Tier Claims, Second Tier Claims and Third Tier Claims, on the Initial Distribution Date for Fourth Tier Claims, each eligible holder of an Allowed Priority Tax Claim shall be entitled to receive Available Cash from the Unsecured Interest Allocation on account of postpetition interest accrued through the Effective Date at the Designated Rate.

---

[2]    Capitalized terms used in this notice without definition have the meanings provided in the Plan.

A Remaining Secured Claim is a Secured Claim arising prior to the Petition Date against the Debtor, other than any Secured Claim satisfied pursuant to the Successful Bidder Sale Order. The Plan provides the following treatment for Remaining Secured Claims, subject to certain conditions set forth in the Plan:

Except to the extent that the holder of an Allowed Remaining Secured Claim agrees to a different treatment of such Claim, on the later of the Effective Date and the date such Remaining Secured Claim becomes an Allowed Remaining Secured Claim, or as soon thereafter as reasonably practicable, each holder of an Allowed Remaining Secured Claim shall receive, in complete settlement, satisfaction and discharge of its Class 1 Claim, at the Liquidation Trustee's election, (i) payment in full in Cash of such holder's Allowed Remaining Secured Claim, (ii) the Debtor's interest in the collateral securing such holder's Allowed Remaining Secured Claim or (iii) such other treatment rendering such holder's Allowed Remaining Secured Claim, provided, however, that if the holder of an Allowed Remaining Secured Claim holds Cash with a right of setoff, such holder shall be entitled to effect the setoff and thereby satisfy the Claim in lieu of receiving payment.

A Priority Non-Tax Claim is a Claim or a portion of a Claim for which priority is asserted under Bankruptcy Code Sections 507(a)(3), (4), (5), (6) or (7). The Plan provides the following treatment for Priority Non-Tax Claims:

Priority Non-Tax Claims are First Tier Claims under the Plan. Subject to the terms ~~herein~~of the Plan and unless the holder of an Allowed Priority Non-Tax Claim agrees to receive other less favorable treatment, each holder of an Allowed Priority Non-Tax Claim shall be paid 100% of the unpaid amount of such Claim in Cash on the date that is the later of (i) Initial Distribution Date for First Tier Claims or (ii) as soon as is reasonably practicable after the date such Claim becomes an Allowed Claim. Additionally, after payment or adequate reserve for all First Tier Claims, Second Tier Claims and Third Tier Claims, on the Initial Distribution Date for Fourth Tier Claims, each eligible holder of an Allowed Priority Non-Tax Claim shall be entitled to receive Available Cash from the Unsecured Interest Allocation on account of postpetition interest accrued through the Effective Date at one of the following interest rates: (a) as to a Claim that is not based upon an agreement that provides for interest, at the Designated Rate or (b) as to a Claim that is based upon an agreement that provides for interest either (i) at the non-default interest rate provided for in such agreement or (ii) if no such rate is provided, then at the Designated Rate.

A Convenience Claim is a Claim that is an Unsecured Claim in an amount of $1,000 or less, or which by agreement of the holder thereof has been reduced to $1,000 or less. The Plan provides the following treatment for Convenience Claims:

Convenience Claims are First Tier Claims under the Plan. Each holder of an Allowed Convenience Claim shall be paid 100% of the unpaid amount of such Claim in Cash on the date that is the later of (i) Initial Distribution Date for First Tier Claims or (ii) as soon as is reasonably practicable after the date such Claim becomes an Allowed Claim. Additionally, after payment or adequate reserve for all First Tier Claims, Second Tier Claims and Third Tier Claims, on the Initial Distribution Date for Fourth Tier Claims, each eligible holder of an Allowed Convenience Claim shall be entitled to receive Available Cash from the Unsecured Interest Allocation on account of postpetition interest accrued through the Effective Date at one of the following interest rates: (a) as to a Claim that is not based upon an agreement that provides for interest, at the Designated Rate or (b) as to a Claim that is based upon an agreement that provides for interest either (i) at the non-default interest rate provided for in such agreement or (ii) if no such rate is provided, then at the Designated Rate.

An Aereo Interest means any equity security, within the meaning of Bankruptcy Code Section 101(16), issued by Aereo and outstanding prior to the Effective Date including, without limitation, any preferred stock,

common stock, stock options or other right to purchase the stock of Aereo, together with any warrants, conversion rights, rights of first refusal, subscriptions, commitments, agreements or other rights to acquire or receive any stock or other equity ownership interests in Aereo prior to the Effective Date.. The Plan provides the following treatment for Aereo Interests:

Aereo Interests are Fourth Tier Interests under the Plan. All Aereo Interests shall be cancelled as of the Effective Date. If, and only if, there is Available Cash remaining in the LT Distribution Account after payment in full of, or adequate reserve for, Allowed Administrative Expense Claims, Allowed Fee Claims, Allowed Priority Tax Claims and all Allowed Claims or Disputed Claims in Classes 1 through 4, then, in full satisfaction, settlement and release of and in exchange for all such Allowed Interests, each holder of an Allowed Aereo Interest shall be entitled to receive, on the Initial Distribution Date for Fourth Tier Interests, one or more Distributions of Available Cash in an amount equal to its allocated share of such Available Cash remaining in the LT Distribution Account as such allocated share shall be determined by the Bankruptcy Court in accordance with the Debtor's corporate organizational documents and New York law applicable thereto, upon motion of the Liquidation Trustee and after notice to all holders of Aereo Interests. If, however, there is no Available Cash remaining in the LT Distribution Account after payment in full of, or adequate reserve for, Allowed Administrative Expense Claims, Allowed Fee Claims, Allowed Priority Tax Claims and all Allowed Claims or Disputed Claims in Classes 1 through 4, then no holder of an Aereo Interest shall receive or retain any property under the Plan or the Liquidation Trust Agreement on account of such holder's Interest.

5.      Because of the nature and treatment of your Claim, you are not entitled to vote on the Plan. Nevertheless, you are a party in interest in the Debtor's chapter 11 case. You are entitled to participate in the Debtor's chapter 11 case, including by filing objections to confirmation of the Plan.

6.      Your receipt of this notice does not mean that your Claim is considered to be an Allowed Claim. The Debtor reserves the right to file an objection to your Claim on any basis, including, without limitation, amount, priority, or status.

7.      In the event of a successful objection to the priority or status of your Claim, your Claim may become a non-priority unsecured Claim, which could be classified as a General Unsecured Claim under the Plan. Because of that possibility, you are receiving with this notice an Election to Reduce Claim. You may use the Election to Reduce Claim to elect to reduce the amount of your Claim to $1,000 and to be treated as a Convenience Claim. To be accepted, the Election to Reduce Claim must be completed, executed and returned to the Solicitation Agent by the Voting Deadline. As stated on the Election to Reduce Claim, the election will not constitute a waiver of a priority or secured status and will only become operative in the event of a successful objection that reclassifies your Claim to non-priority or unsecured.

8.      A hearing to consider confirmation of the Plan will be held on ~~May 19~~June 8, 2015 at ~~10:00 a~~2:00 p.m. (Eastern Time), before Honorable Sean H. Lane, Judge of the Bankruptcy Court, in the United States Courthouse, at One Bowling Green, New York, New York 10004, Courtroom 701. The confirmation hearing may be adjourned from time to time by announcement in open court without written notice to parties in interest.

9.      No later than ~~May 8~~June 1, 2015, at 5:00 p.m. (Eastern Time), any and all objections to the Plan must be (a) filed with the Office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, NY 10004, and (b) received by (i) the Office of the United States Trustee for the Southern District of New York, Attn: Susan D. Golden and Andrew Velez-Rivera, 201 Varick Street, Suite 1006, New York, NY 10014 (ii) Brown Rudnick LLP, Attn: William R. Baldiga, 7 Times Square, New York, NY 10036, and (iii) Stinson Leonard Street LLP, Attn: ~~Robert T. Kugler~~Edwin H. Caldie, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402. The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the

basis and nature of any objection to or proposed modification of the Plan. Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

10.    THE PLAN CONTAINS EXCULPATION, RELEASE AND INJUNCTION PROVISIONS.    THE PROVISIONS ARE SET FORTH AT THE END OF THIS NOTICE.

11.    The Plan may be further modified, if necessary, pursuant to 11 U.S.C. § 1127, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

12.    Copies of the Disclosure Statement Order, the Disclosure Statement and the Plan may be obtained by parties in interest from the Debtor's webpage at https://cases.primeclerk.com/aereo or by contacting Carol S. Ennis by telephone at (617) 856-8552, or by email at cennis@brownrudnick.com.   Copies of the Disclosure Statement Order, the Disclosure Statement and the Plan are also available for inspection during regular business hours at the Clerk's Office, One Bowling Green, New York, NY 10004, or may be viewed on the Court's website at http://www.sdny.uscourts.gov by following the directions for accessing the ECF system on such website.

Dated: ~~April~~May _____, 2015

William R. Baldiga
R. Benjamin Chapman
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036

Counsel to the Debtor and Debtor in Possession

**EXCULPATION, RELEASE AND INJUNCTION PROVISIONS CONTAINED IN PLAN**

~~11.05~~11.07          **Exculpation.**

Notwithstanding any other provision of the Plan, none of (a) the Debtor, (b) the directors, officers or employees of the Debtor serving at any time during the pendency of the Chapter 11 Case, (c) the professionals or court-retained agents of the Debtor, (d) the members and professionals of the Official Creditors' Committee, but only in their capacities as such, ~~or~~ (e) the Broadcasters, (f) each of the Broadcasters' respective current or former officers and directors, professionals, advisors, accountants, attorneys, investment bankers, consultants, employees, agents or other representatives (each solely in its capacity as such), or (g) any of the successors or assigns of any of the parties identified in the foregoing clauses (a) through (~~d~~f), shall have or incur any liability to any holder of a Claim or an Interest, or any other party in interest, or any of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders or affiliates, or any of their respective successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation, or implementation of the Plan, the solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct, or willful violation of federal or state laws and regulations including the Tax Code (in each case as determined by a Final Order), and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

Notwithstanding any other provision of the Plan, no holder of a Claim or an Interest, no other party in interest, none of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders or affiliates, and none of their respective successors or assigns, shall have any right of action against (a) the Debtor, (b) the directors, officers, or employees of the Debtor serving at any time during the pendency of the Chapter 11 Case, (c) the professionals or court-retained agents of the Debtor, (d) the members and professionals of the Official Creditors' Committee, but only in their capacities as such, or the respective directors, ~~or~~ (e) the Broadcasters, (f) each of the Broadcasters' respective current or former officers and directors, professionals, advisors, accountants, attorneys, investment bankers, consultants, employees, agents or other representatives (each solely in its capacity as such), or (g) any of the successors or assigns of any of the parties identified in the foregoing clauses (a) through (~~d~~f), for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation or implementation of the Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, or willful misconduct or willful violation of federal or state laws and regulations including the Tax Code (in each case as determined by a Final Order).

For the avoidance of doubt, nothing in this Section or in any other part of the Plan shall be construed as releasing or exculpating the Debtor, the Liquidation Trustee (as the Debtor's successor in interest), the Committee, the Broadcasters from complying with the terms of the Broadcaster Settlement Agreement.

~~11.06~~11.08          **Releases by Debtor.**

As of the Effective Date, for good and valuable consideration, including the release of any and all Claims against the Estate by each Person so released (and subject to confirmation of such release by the holder thereof in such form as the Liquidation Trustee in its discretion requires), the adequacy of which is hereby confirmed, the Debtor, and any Person seeking to exercise the rights of the Debtor's Estate, including, without limitation, any successor to the Debtor, any Estate representative appointed or selected pursuant to Section 1123(b)(3) of the Bankruptcy Code, or the Liquidation Trustee, whether pursuing an action derivatively (including, but not limited to, the Derivative Actions) or otherwise, shall be deemed to forever release, waive and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action (including Avoidance Actions) and liabilities whatsoever (other than for fraud, willful misconduct or gross negligence) in connection with or related to the Debtor (including Aereo, Inc. before the commencement of the Chapter 11 Case), the affairs of the same, the Chapter 11 Case or the Plan (other than solely the rights of the Debtor and the Liquidation Trustee to enforce the Plan and the contracts, instruments, releases and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that are based in whole or part on any act, omission, transaction, event or other occurrence in connection with the Chapter 11 Case taking place on or prior to the Confirmation Date, and that may be asserted by or on behalf of the Debtor, the Estate or the Liquidation Trustee against (a) any of the present or former directors, officers and employees of the Debtor, (b) any of the Debtor's professionals and court-retained agents serving during the pendency of the Chapter 11 Case, and (c) any of the successors or assigns of any of the parties identified in the foregoing clauses (a) through (b). Nothing in the Plan shall limit the liability of attorneys to their respective clients pursuant to N.Y. Comp. Codes R. & Regs. tit. 22 § 1200.0 Rule 1.8(h)(1) (2009).

~~11.07~~11.09          **Injunction.**

Confirmation of the ~~this~~the Plan shall have the effect of, among other things, permanently enjoining (a) all Entities or Persons that have held, hold or may hold or have asserted, assert or may assert Claims against or Interests in the Estate (including Aereo, Inc. before the commencement of the Chapter 11 Case) with respect to any such Claim or Interest, and (b) respecting (vi)(A), (vi)(B), and (vi)(C) of this Section ~~11.08~~11.07, the Estate and the Liquidation ~~Trust~~Trustee, from and after the Effective Date, from taking any of the following actions (other than to enforce any rights or obligations under the Plan):  (i)  commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Estate or the Liquidation Trust or any of their property; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against the Estate or the Liquidation Trust  or

any of their property; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Estate or the Liquidation Trust or any of their property; (iv) asserting any right of setoff, directly or indirectly, against any obligation due the Estate or the Liquidation Trust or any of their property, except as contemplated or allowed by the Plan; (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; and (vi) prosecuting or otherwise asserting (A) any Claim or Interest, including any right, claim or Cause of Action, released pursuant to the Plan (including, but not limited to, the Derivative Actions), (B) any form of objection to any Claim that is Allowed by the Plan, or (C) asserting Avoidance Actions against any holder of a Claim that is Allowed by the Plan. Additionally, unless otherwise explicitly stated in the Plan, the injunction contemplated by this Section shall prohibit the assertion against the Liquidation Trust of all Claims or Interests, if any, related to the Debtor (including Aereo, Inc. before the commencement of the Chapter 11 Case).]

**11.10**    **Broadcaster Settlement Agreement Survival.**

**Nothing contained in the Plan, including but not limited to Section 11.07, shall enjoin, affect or modify in any way the right of the Debtor, the Liquidation Trustee (as successor in interest to the Debtor), the Committee, the Broadcasters and their respective Representatives to enforce the Broadcaster Settlement Agreement and the Consent Judgments either before or after the Effective Date.  Nothing contained in the Plan shall affect or modify in any way the releases and covenants not to sue as expressly set forth in Section 9 of the Broadcaster Settlement Agreement.**

**<u>EXHIBIT G</u>**

**Notice of Deemed Rejecting Status**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------- :
In re:                                             :    Chapter 11
                                                   :
AEREO, INC.,                                       :    Case No. 14-13200 (SHL)
                                                   :
                    Debtor.¹                       :
-------------------------------------------------- :
```

### NOTICE OF DEEMED REJECTING STATUS UNDER DEBTOR'S CHAPTER 11 PLAN

**TO:**    **HOLDERS OF AEREO INTERESTS (PLAN CLASS 6̶5)**

**PLEASE TAKE NOTICE THAT:**

13.    On April 1May 7, 2015, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order approving the Amended Disclosure Statement for Chapter 11 Plan of Aereo, Inc. (the "Disclosure Statement") for use by Aereo, Inc. in the above-captioned case (the "Debtor") in soliciting acceptances or rejections of the Amended Chapter 11 Liquidating Plan of Aereo, Inc. (the "Plan") from those holders of impaired claims who are entitled to receive distributions under the Plan.

14.    The name of the Debtor and its address, case number, and federal tax identification number (EIN) are set forth in the following chart.

| DEBTOR | ADDRESS | CASE NO. | EIN |
|---|---|---|---|
| Aereo, Inc. | 280 Summer Street, 4th Floor, Boston, MA 02210c/o Lawton W. Bloom, Argus Management Corporation, 208 West 29th St, Suite 613A, New York, NY 10001 | 14-13200 | 27-3492838 |

15.    The order approving the Disclosure Statement (the "Disclosure Statement Order") also (a) approved the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approved certain vote tabulation procedures, and (c) established the deadline for filing objections to the Plan and scheduled the hearing to consider confirmation of the Plan.  This notice was approved pursuant to the Disclosure Statement Order.

16.    You are receiving this notice because you are believed to be the holder of an Aereo Interest in Class 6̶5 of the Plan.  Under the Plan:[2]

---

[1]    The last four digits of the Debtor's federal tax identification number are 2838.  The Debtor's mailing address is c/o Aereo, Inc., 280 Summer Street, Boston, Massachusetts 02210.c/o Lawton W. Bloom, Argus Management Corporation, 208 West 29th St, Suite 613A, New York, NY 10001.

[2]    Capitalized terms used in this notice without definition have the meanings provided in the Plan.

An Aereo Interest is any equity security, within the meaning of Bankruptcy Code Section 101(16), issued by Aereo and outstanding prior to the Effective Date including, without limitation, any preferred stock, common stock, stock options or other right to purchase the stock of Aereo, together with any warrants, conversion rights, rights of first refusal, subscriptions, commitments, agreements or other rights to acquire or receive any stock or other equity ownership interests in Aereo prior to the Effective Date. The Plan provides the following treatment for Aereo Interests:

Aereo Interests are ~~Fifth~~Fourth Tier Interests under the Plan. Subject to the provisions of Section 4.06 of the Plan, no holder of an Aereo Interest shall receive or retain any property under the Plan or the Liquidation Trust Agreement on account of such holder's Interest.

**Therefore, in accordance with 11 U.S.C. § 1126(g), if you hold an Aereo Interest, you are deemed to have rejected the Plan and are not entitled to vote on the Plan. Because no class of claims or interests junior to the class containing Aereo Interests is expected to receive any distribution under the Plan, the Bankruptcy Court can confirm the Plan over the deemed rejection of such class pursuant to 11 U.S.C. § 1129(b).**

The treatment provisions of the Plan assume sufficient Available Cash to permit payment in full of First Tier Claims and partial payment of Second Tier Claims. Third Tier Claims shall receive Distributions under the Plan if, and only if, ~~there is Available Cash remaining after payment in full of, or adequate reserve provided for, all higher ranked tiers. Fourth Tier Claims shall receive Distributions under the Plan if, and only if,~~ payment or adequate reserve is made with respect to all higher ranked tiers. ~~It is not expected that there will be any Distributions for Fifth Tier Interests. However, in the event there is Available Cash remaining after all First Tier Claims, Second Tier Claims, Third Tier Claims, and Fourth Tier Claims are paid in full or adequately reserved for, then the Plan provides that such Available Cash will be distributed as follows:~~

~~Fifth Tier Claims/Interests. If, and only if, there is Available Cash remaining in the LT Distribution Account after payment in full of, or adequate reserve for, Allowed Administrative Expense Claims, Allowed Fee Claims, Allowed Priority Tax Claims and all Allowed Claims or Disputed Claims in Classes 1 through 5, then, in full satisfaction, settlement and release of and in exchange for all such Allowed Interests, each holder of an Allowed Aereo Interest shall be entitled to receive, on the Initial Distribution Date for Fifth Tier Interests, one or more Distributions of Available Cash in an amount equal to its allocated share of such Available Cash remaining in the LT Distribution Account as such allocated share shall be determined by the Bankruptcy Court in accordance with the Debtor's corporate organizational documents and New York law applicable thereto, upon motion of the Liquidation Trustee and after notice to all holders of Class 6 Interests. If, however, there is no Available Cash remaining in the LT Distribution Account after payment in full of, or adequate reserve for, Allowed Administrative Expense Claims, Allowed Fee Claims, Allowed Priority Tax Claims and all Allowed Claims or Disputed Claims in Classes 1 through 5, then no holder of an Aereo Interest shall receive or retain any property under the Plan or the Liquidation Trust Agreement on account of such holder's Interest.~~

17.    A hearing to consider confirmation of the Plan will be held on ~~May 19~~June 8, 2015 at ~~10:00 a~~2:00 p.m. (Eastern Time), before the Honorable Sean H. Lane, Judge of the Bankruptcy Court, in the United States Bankruptcy Court for the Southern District of New York, at One Bowling Green, New York, NY 10004. The confirmation hearing may be adjourned from time to time by announcement in open court without written notice to parties in interest.

18.    No later than ~~May 8~~June 1, 2015, at 5:00 p.m. (Eastern Time), any and all objections to the Plan must be (a) filed with the Office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, NY 10004, and (b) received by (i) the Office of the United States Trustee for the Southern District of New York, Attn.: Susan D. Golden and Andrew Velez-Rivera, Esq., 201 Varick Street, Suite 1006, New York, NY 10004, (ii) Brown Rudnick LLP, Attn.: William R. Baldiga, 7 Times Square, New York, NY 10036, and (iii) Stinson Leonard Street LLP, Attn.: ~~Robert T. Kugler~~Edwin H. Caldie, Esq., 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402. The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the

basis and nature of any objection to or proposed modification of the Plan. Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

19.      THE PLAN CONTAINS EXCULPATION, RELEASE AND INJUNCTION PROVISIONS. THE PROVISIONS ARE SET FORTH AT THE END OF THIS NOTICE.

20.      The Plan may be further modified, if necessary, pursuant to 11 U.S.C. § 1127, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

21.      Copies of the Disclosure Statement Order, the Disclosure Statement and the Plan may be obtained by parties in interest from Carol S. Ennis by telephone at (617) 856-8552, or by email at cennis@brownrudnick.com. Copies of the Disclosure Statement Order, the Disclosure Statement and the Plan are also available for inspection during regular business hours at the Clerk's Office, One Bowling Green, New York, NY 10004, or may be viewed on the Court's website at http://www.sdny.uscourts.gov by following the directions for accessing the ECF system on such website.

Dated: ~~April~~May _____, 2015

William R. Baldiga, Esq.
R. Benjamin Chapman, Esq.
**BROWN RUDNICK LLP**
Seven Times Square
New York, NY 10036

Counsel to the Debtor and Debtor in Possession

**EXCULPATION, RELEASE AND INJUNCTION PROVISIONS CONTAINED IN PLAN**

**~~11.05~~11.07          Exculpation.**

**Notwithstanding any other provision of the Plan, none of (a) the Debtor, (b) the directors, officers or employees of the Debtor serving at any time during the pendency of the Chapter 11 Case, (c) the professionals or court-retained agents of the Debtor, (d) the members and professionals of the Official Creditors' Committee, but only in their capacities as such, ~~or~~ (e) the Broadcasters, (f) each of the Broadcasters' respective current or former officers and directors, professionals, advisors, accountants, attorneys, investment bankers, consultants, employees, agents or other representatives (each solely in its capacity as such), or (g) any of the successors or assigns of any of the parties identified in the foregoing clauses (a) through (~~d~~f), shall have or incur any liability to any holder of a Claim or an Interest, or any other party in interest, or any of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders or affiliates, or any of their respective successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation, or implementation of the Plan, the solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct, or willful violation of federal or state laws and regulations including the Tax Code (in each case as determined by a Final Order), and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.**

**Notwithstanding any other provision of the Plan, no holder of a Claim or an Interest, no other party in interest, none of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders or affiliates, and none of their respective successors or assigns, shall have any right of action against (a) the Debtor, (b) the directors, officers, or employees of the Debtor serving at any time during the pendency of the Chapter 11 Case, (c) the professionals or court-retained agents of the Debtor, (d) the members and professionals of the Official Creditors' Committee, but only in their capacities as such, or the respective directors, ~~or~~ (e) the Broadcasters, (f) each of the Broadcasters' respective current or former officers and directors, professionals, advisors, accountants, attorneys, investment bankers, consultants, employees, agents or other representatives (each solely in its capacity as such), or (g) any of the successors or assigns of any of the parties identified in the foregoing clauses (a) through (~~d~~f), for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation or implementation of the Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result**

of fraud, or willful misconduct or willful violation of federal or state laws and regulations including the Tax Code (in each case as determined by a Final Order).

For the avoidance of doubt, nothing in this Section or in any other part of the Plan shall be construed as releasing or exculpating the Debtor, the Liquidation Trustee (as the Debtor's successor in interest), the Committee, the Broadcasters from complying with the terms of the Broadcaster Settlement Agreement.

11.06 11.08          Releases by Debtor.

As of the Effective Date, for good and valuable consideration, including the release of any and all Claims against the Estate by each Person so released (and subject to confirmation of such release by the holder thereof in such form as the Liquidation Trustee in its discretion requires), the adequacy of which is hereby confirmed, the Debtor, and any Person seeking to exercise the rights of the Debtor's Estate, including, without limitation, any successor to the Debtor, any Estate representative appointed or selected pursuant to Section 1123(b)(3) of the Bankruptcy Code, or the Liquidation Trustee, whether pursuing an action derivatively (including, but not limited to, the Derivative Actions) or otherwise, shall be deemed to forever release, waive and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action (including Avoidance Actions) and liabilities whatsoever (other than for fraud, willful misconduct or gross negligence) in connection with or related to the Debtor (including Aereo, Inc. before the commencement of the Chapter 11 Case), the affairs of the same, the Chapter 11 Case or the Plan (other than solely the rights of the Debtor and the Liquidation Trustee to enforce the Plan and the contracts, instruments, releases and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that are based in whole or part on any act, omission, transaction, event or other occurrence in connection with the Chapter 11 Case taking place on or prior to the Confirmation Date, and that may be asserted by or on behalf of the Debtor, the Estate or the Liquidation Trustee against (a) any of the present or former directors, officers and employees of the Debtor, (b) any of the Debtor's professionals and court-retained agents serving during the pendency of the Chapter 11 Case, and (c) any of the successors or assigns of any of the parties identified in the foregoing clauses (a) through (b).  Nothing in the Plan shall limit the liability of attorneys to their respective clients pursuant to N.Y. Comp. Codes R. & Regs. tit. 22 § 1200.0 Rule 1.8(h)(1) (2009).

11.07 11.09          Injunction.

Confirmation of this the Plan shall have the effect of, among other things, permanently enjoining (a) all Entities or Persons that have held, hold or may hold or have asserted, assert or may assert Claims against or Interests in the Estate (including Aereo, Inc. before the commencement of the Chapter 11 Case) with respect to any such Claim or Interest, and (b) respecting (vi)(A), (vi)(B), and (vi)(C) of this Section 11.08 11.07, the Estate and the Liquidation Trust Trustee, from and after the Effective Date, from taking any of the following actions (other than actions to enforce any rights or obligations under the Plan):  (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Estate or the Liquidation Trust or any of their property; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against the Estate or the Liquidation Trust  or any of their property; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Estate or the Liquidation Trust or any of their property; (iv) asserting any right of setoff, directly or indirectly, against any obligation due the Estate or the Liquidation Trust or any of their property, except as contemplated or allowed by the Plan; (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; and (vi) prosecuting or otherwise asserting (A) any Claim or Interest, including any right, claim or Cause of Action, released pursuant to the Plan (including, but not limited to, the Derivative Actions), (B) any form of objection to any Claim that is Allowed by the Plan, or (C) asserting Avoidance Actions against any holder of a Claim that is Allowed by the Plan. Additionally, unless otherwise explicitly stated in the Plan, the injunction contemplated by this Section shall prohibit the assertion against the Liquidation Trust of all Claims or Interests, if any, related to the Debtor (including Aereo, Inc. before the commencement of the Chapter 11 Case).

11.10          Broadcaster Settlement Agreement Survival.

Nothing contained in the Plan, including but not limited to Section 11.07, shall enjoin, affect or modify in any way the right of the Debtor, the Liquidation Trustee (as successor in interest to the Debtor), the Committee, the Broadcasters and their respective Representatives to enforce the Broadcaster Settlement Agreement and the Consent Judgments either before or after the Effective Date.  Nothing contained in the Plan shall affect or modify in any way the releases and covenants not to sue as expressly set forth in Section 9 of the Broadcaster Settlement Agreement.

## **EXHIBIT H**

**Election to Reduce Claim**

**ELECTIONS TO REDUCE CLAIM SENT BY FACSIMILE OR ELECTRONIC MAIL
WILL NOT BE VALID.  ANY ELECTION TO REDUCE CLAIM THAT IS NOT
PROPERLY EXECUTED AND TIMELY RECEIVED WILL BE DISREGARDED.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- :

In re:                                                                    :     Chapter 11
                                                                            :
AEREO, INC.,                                                       :     Case No. 14-13200 (SHL)
                                                                            :
                        Debtor.[1]                                   :
-------------------------------------------------------- :

**ELECTION TO REDUCE CLAIM**

**TO:       HOLDERS OR POTENTIAL HOLDERS OF ALLOWED GENERAL UNSECURED CLAIMS
            (PLAN CLASS 4)**

**PLEASE TAKE NOTICE THAT:**

1.      On ~~April 1~~May 7, 2015, the United States Bankruptcy Court for the Southern District of New York (the
"Bankruptcy Court") entered an order approving the Amended Disclosure Statement for Chapter 11 Plan of
Aereo, Inc. (the "Disclosure Statement") for use by Aereo, Inc. in the above-captioned case (the "Debtor")
in soliciting acceptances or rejections of the Amended Chapter 11 Plan of Aereo, Inc. (the "Plan") from
those holders of impaired claims who are entitled to receive distributions under the Plan.  Capitalized terms
used herein without definition have the meaning provided in the Plan.

2.      The name of the Debtor and its respective address, case number, and federal tax identification number
(EIN) are set forth in the following chart.

| DEBTOR | ADDRESS | CASE NO. | EIN |
|---|---|---|---|
| Aereo, Inc. | ~~280 Summer Street, 4th Floor, Boston, MA 02210~~c/o Lawton W. Bloom, Argus Management Corporation, 208 West 29th St, Suite 613A, New York, NY 10001 | 14-13200 | 27-3492838 |

3.      The order approving the Disclosure Statement (the "Disclosure Statement Order") also (a) approved the
dates, procedures and forms applicable to the process of soliciting votes on, providing notice of the Plan,
and making necessary elections with respect to the Plan, (b) approved certain vote tabulation procedures,
and (c) established the deadline for filing objections to the Plan and scheduled the hearing to consider
confirmation of the Plan.

---

[1]The last four digits of the Debtor's federal tax identification number are 2838.  The Debtor's mailing address is ~~c/o~~
Aereo, Inc., ~~280 Summer Street, Boston, Massachusetts 02210~~c/o Lawton W. Bloom, Argus Management
Corporation, 208 West 29th St, Suite 613A, New York, NY 10001.

4.      The Disclosure Statement Order approved this Election to Reduce Claim for use by holders or potential holders of General Unsecured Claims who desire to elect to reduce their Claims to $1,000 and have their Claims treated as Convenience Claims under the Plan.  Holders of Allowed Convenience Claims are entitled to receive a Cash payment in the full amount of their Allowed Claims, but not exceeding $1,000.

Please refer to the instructions for completing this Election to Reduce Claim on the reverse side.  If you have any questions about how to properly complete this Election to Reduce Claim, please contact Steven Gordon at Prime Clerk LLC by email at sgordon@primeclerk.com or by telephone at (212) 257-5450.

Item 1.  *Election*.  By signing and returning this Election to Reduce Claim, the undersigned hereby elects to reduce his/her/its Claim to $1,000 and, if such Claim is Allowed, to receive a Cash payment in the amount of $1,000, in full satisfaction, settlement, release, discharge of, in exchange for, and on account of such Claim.

Item 2.  *Claim Ownership*.  By signing and returning this Election to Reduce Claim, the undersigned hereby certifies that the Claim that is the subject of this Election to Reduce Claim has not previously been sold or otherwise transferred to any person.  If such Claim is sold or transferred in the future, the buyer or transferee will be bound by this Election to Reduce Claim, and the undersigned will so inform the buyer or transferee.

Item 3.  *Acknowledgements and Certification*.  By signing and returning this Election to Reduce Claim, the undersigned hereby acknowledges that the reduction election made in Item 1 is subject to all terms and conditions set forth in the Disclosure Statement and the Plan.  The undersigned further acknowledges that, if his/her/its Claim is successfully reduced as provided in this Election to Reduce Claim, he/she/it will be deemed to have accepted the Plan as a member of Class 4.  The undersigned certifies that he/she/it has full power and authority to make the reduction election.

Signature:_____
Name of claimant (print/type):_____
Address of claimant (if other than pre-printed address on this form):_____
Name and title of signatory:_____
If signed by authorized agent, name and title of agent:_____
Federal tax I.D.  or social security number of claimant:_____
Telephone number:_____Facsimile number:_____
E-mail address:_____Dated:_____

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS ELECTION TO REDUCE CLAIM CAREFULLY.  PLEASE COMPLETE, SIGN AND DATE THIS ELECTION TO REDUCE CLAIM AND RETURN IT BY MAIL, HAND DELIVERY OR OVERNIGHT COURIER SO THAT IT IS RECEIVED BY PRIME CLERK LLC AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 5:00 P.M. (EASTERN TIME), ON ~~May 8~~JUNE 1, 2015.**

[ELECTION TO REDUCE CLAIM TO BE TAILORED TO INCLUDE NAME AND ADDRESS OF CLAIMANT AND CLAIM AMOUNT.]

**INSTRUCTIONS FOR COMPLETING THIS ELECTION TO REDUCE CLAIM**

1.        This Election to Reduce Claim is provided to holders or potential holders of General Unsecured Claims for the purpose of allowing a treatment election under the Plan.

2.        A copy of the Plan and its accompanying Disclosure Statement if not included herewith may be obtained at https://cases.primeclerk.com/aereo/; on the Bankruptcy Court's website, http://www.nysb.uscourts.gov, or by contacting Prime Clerk LLC, 830 Third Avenue, 9th Floor, New York, NY 10022, by e-mail at sgordon@primeclerk.com or by telephone at (212) 257-5459.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING AND RETURNING THIS ELECTION TO REDUCE CLAIM.**

3.        This Election to Reduce Claim if properly completed and timely returned constitutes an election to receive a discounted Cash payment of your Allowed Claim, as provided in the Plan, in full satisfaction, settlement, release, discharge of, in exchange for, and on account of such Claim.

4.        In order to exercise your election, you must complete, sign, and return this Election to Reduce Claim by mail, overnight courier, or hand delivery to Prime Clerk LLC (the "Voting Agent") at the following address: 830 Third Avenue, 9th Floor, New York, NY 10022, so that is received by no later than ~~May 8~~June 1, 2015 (the "Voting Deadline").

5.        Your signature is required in order for your reduction election to be valid.  You are also required to provide your social security number of federal tax I.D. number prior to receiving any Distribution under the Plan.  If the Claim is held by a partnership, this Election to Reduce Claim should be executed in the name of the partnership by a general partner.  If the Claim is held by a corporation, this Election to Reduce Claim must be executed by an officer.  If you are signing in a representative capacity, also indicate your title after your signature.

6.        You may be receiving this Election to Reduce Claim even though your Claim is not currently considered to be an Allowed General Unsecured Claim.  If you have asserted administrative, priority or secured status in your Proof of Claim, or if your Claim is contingent, unliquidated or disputed, you may have received a notice applicable to holders of Administrative Claims, Fee Claims, Priority Tax Claims, Priority Non-Tax Claims, or Remaining Secured Claims, or to holders of contingent, unliquidated, or disputed Claims.  As stated on such notice, your Claim may ultimately be determined to be an Allowed General Unsecured Claim.  To ensure that you are provided with the right to make the reduction election even though your Claim may not currently be considered to be an Allowed General Unsecured Claim, you are receiving this Election to Reduce Claim at this time.  If your Claim is not determined to be an Allowed General Unsecured Claim, any Election to Reduce Claim you complete and return will be disregarded.  However, if your Claim is determined to be an Allowed General Unsecured Claim and you did not properly or timely make a reduction election, your Claim will be treated in accordance with the provisions of the Plan applicable to Allowed General Unsecured Claims in Class 4.

# EXHIBIT I

**Notice to Directors and Officers**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| -------------------------------------------------- : | | |
| In re: | : | Chapter 11 |
| | : | |
| AEREO, INC., | : | Case No. 14-13200 (SHL) |
| | : | |
| Debtor.[1] | : | |
| -------------------------------------------------- : | | |

**NOTICE TO CURRENT AND FORMER DIRECTORS AND OFFICERS OF THE
DEBTOR WITH RESPECT TO ~~DEBTOR'S~~AMENDED CHAPTER 11 PLAN OF ~~LIQUIDATION~~AEREO, INC.**

**TO:     CURRENT AND FORMER DIRECTORS AND OFFICERS OF THE DEBTOR**

**PLEASE TAKE NOTICE THAT:**

1.       On ~~April 1~~May 7, 2015, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order approving the Amended Disclosure Statement ~~with Respect to the~~for Chapter 11 Plan ~~of Liquidation~~ of Aereo, Inc. (the "Disclosure Statement") for use by Aereo, Inc. in the above-captioned case (the "Debtor") in soliciting acceptances or rejections of the Amended Plan ~~of Liquidation~~ of Aereo, Inc. (the "Plan") from those holders of impaired claims who are entitled to receive distributions under the Plan.

2.       The name of the Debtor and its address, case number, and federal tax identification number (EIN) is set forth in the following chart.

| DEBTOR | ADDRESS | CASE NO. | EIN |
|---|---|---|---|
| Aereo, Inc. | ~~280 Summer Street, 4th Floor, Boston, MA 02210~~c/o Lawton W. Bloom, Argus Management Corporation, 208 West 29th St, Suite 613A, New York, NY 10001 | 14-13200 | 27-3492838 |

3.       The order approving the Disclosure Statement (the "Disclosure Statement Order") also (a) approved the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approved certain vote tabulation procedures and (c) established the deadline for filing objections to the Plan and scheduled the hearing to consider confirmation of the Plan.  This notice was approved pursuant to the Disclosure Statement Order.

4.       You are receiving this notice because certain of your rights against the Debtor will be released under the Plan. Specifically, the Plan contemplates that (a) certain proofs of claim filed by current and former directors and officers of the Debtor will be deemed withdrawn, and (b) indemnification rights of certain current officers and directors will be extinguished.

---

[1]       The last four digits of the Debtor's federal tax identification number are 2838.  The Debtor's mailing address is ~~c/o~~ Aereo, Inc., ~~280 Summer Street, Boston, Massachusetts 02210~~c/o Lawton W. Bloom, Argus Management Corporation, 208 West 29th St, Suite 613A, New York, NY 10001.

5.      As a current or former director or officer of the Debtor, you should be aware of the following provisions in the Plan (capitalized terms are defined in the Plan):

# ARTICLE XI
# EFFECTS OF CONFIRMATION

## EXCULPATION, RELEASE AND INJUNCTION PROVISIONS CONTAINED IN PLAN

**~~11.05~~11.07**        **Exculpation.**

**Notwithstanding any other provision of the Plan, none of (a) the Debtor, (b) the directors, officers or employees of the Debtor serving at any time during the pendency of the Chapter 11 Case, (c) the professionals or court-retained agents of the Debtor, (d) the members and professionals of the Official Creditors' Committee, but only in their capacities as such, ~~or~~ (e) the Broadcasters, (f) each of the Broadcasters' respective current or former officers and directors, professionals, advisors, accountants, attorneys, investment bankers, consultants, employees, agents or other representatives (each solely in its capacity as such), or (g) any of the successors or assigns of any of the parties identified in the foregoing clauses (a) through (~~d~~f), shall have or incur any liability to any holder of a Claim or an Interest, or any other party in interest, or any of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders or affiliates, or any of their respective successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation, or implementation of the Plan, the solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct, or willful violation of federal or state laws and regulations including the Tax Code (in each case as determined by a Final Order), and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.**

**Notwithstanding any other provision of the Plan, no holder of a Claim or an Interest, no other party in interest, none of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders or affiliates, and none of their respective successors or assigns, shall have any right of action against (a) the Debtor, (b) the directors, officers, or employees of the Debtor serving at any time during the pendency of the Chapter 11 Case, (c) the professionals or court-retained agents of the Debtor, (d) the members and professionals of the Official Creditors' Committee, but only in their capacities as such, or the respective directors, ~~or~~ (e) the Broadcasters, (f) each of the Broadcasters' respective current or former officers and directors, professionals, advisors, accountants, attorneys, investment bankers, consultants, employees, agents or other representatives (each solely in its capacity as such), or (g) any of the successors or assigns of any of the parties identified in the foregoing clauses (a) through (~~d~~f), for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation or implementation of the Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, or willful misconduct or willful violation of federal or state laws and regulations including the Tax Code (in each case as determined by a Final Order).**

**For the avoidance of doubt, nothing in this Section or in any other part of the Plan shall be construed as releasing or exculpating the Debtor, the Liquidation Trustee (as the Debtor's successor in interest), the Committee, the Broadcasters from complying with the terms of the Broadcaster Settlement Agreement.**

**~~11.06~~11.08**        **Releases by Debtor.**

**As of the Effective Date, for good and valuable consideration, including the release of any and all Claims against the Estate by each Person so released (and subject to confirmation of such release by the holder thereof in such form as the Liquidation Trustee in its discretion requires), the adequacy of which is hereby confirmed, the Debtor, and any Person seeking to exercise the rights of the Debtor's Estate, including, without limitation, any successor to the Debtor, any Estate representative appointed or selected pursuant to Section 1123(b)(3) of the Bankruptcy Code, or the Liquidation Trustee, whether pursuing an action derivatively (including, but not limited to, the Derivative Actions) or otherwise, shall be deemed to forever release, waive and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action (including Avoidance Actions) and liabilities whatsoever (other than for fraud, willful misconduct or gross negligence) in connection with or related to the Debtor (including Aereo, Inc. before the commencement of the Chapter 11 Case), the affairs of the same, the Chapter 11 Case or the Plan (other than solely the rights of the Debtor and the Liquidation Trustee to enforce the Plan and the contracts, instruments, releases and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that are based in whole or part on any act, omission, transaction, event or other occurrence in connection with the Chapter 11 Case taking place on or prior to the Confirmation Date, and that may be asserted by or on behalf of the Debtor, the Estate or the Liquidation Trustee against (a) any of the present or former directors, officers and employees of the Debtor, (b) any of the Debtor's professionals and court-retained agents serving during the pendency of the Chapter 11 Case, and (c) any of the successors or assigns of any of the parties identified in the foregoing clauses (a) through (b).  Nothing in the Plan shall limit the liability of attorneys to their respective clients pursuant to N.Y. Comp. Codes R. & Regs. tit. 22 § 1200.0 Rule 1.8(h)(1) (2009).**

**~~11.07~~11.09**        **Injunction.**

**Confirmation of ~~this~~the Plan shall have the effect of, among other things, permanently enjoining (a) all Entities or Persons that have held, hold or may hold or have asserted, assert or may assert Claims against or Interests in the Estate (including Aereo, Inc. before the commencement of the Chapter 11 Case) with respect to any such Claim or Interest, and (b) respecting (vi)(A), (vi)(B), and (vi)(C) of this Section ~~11.08~~11.07, the Estate and the Liquidation ~~Trust~~Trustee, from and after the Effective Date, from taking any of the following actions (other than actions to enforce any rights or obligations under the Plan):  (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a**

judicial, arbitral, administrative or other forum) against or affecting the Estate or the Liquidation Trust or any of their property; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against the Estate or the Liquidation Trust  or any of their property; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Estate or the Liquidation Trust or any of their property; (iv) asserting any right of setoff, directly or indirectly, against any obligation due the Estate or the Liquidation Trust or any of their property, except as contemplated or allowed by the Plan; (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; and (vi) prosecuting or otherwise asserting (A) any Claim or Interest, including any right, claim or Cause of Action, released pursuant to the Plan (including, but not limited to, the Derivative Actions), (B) any form of objection to any Claim that is Allowed by the Plan, or (C) asserting Avoidance Actions against any holder of a Claim that is Allowed by the Plan. Additionally, unless otherwise explicitly stated in the Plan, the injunction contemplated by this Section shall prohibit the assertion against the Liquidation Trust of all Claims or Interests, if any, related to the Debtor (including Aereo, Inc. before the commencement of the Chapter 11 Case).]

**11.10    Broadcaster Settlement Agreement Survival.**

Nothing contained in the Plan, including but not limited to Section 11.07, shall enjoin, affect or modify in any way the right of the Debtor, the Liquidation Trustee (as successor in interest to the Debtor), the Committee, the Broadcasters and their respective Representatives to enforce the Broadcaster Settlement Agreement and the Consent Judgments either before or after the Effective Date.  Nothing contained in the Plan shall affect or modify in any way the releases and covenants not to sue as expressly set forth in Section 9 of the Broadcaster Settlement Agreement.

6.      A hearing to consider confirmation of the Plan will be held on May 19June 8, 2015 at 10:00 a2:00 p.m. (Eastern Time), before Honorable Sean H. Lane, Judge of the Bankruptcy Court, in the United States Courthouse, at One Bowling Green, New York, New York  10004, Courtroom 701. The confirmation hearing may be adjourned from time to time by announcement in open court without written notice to parties in interest.

7.   No later than May 8June 1, 2015, at 4:005:00 p.m. (Eastern Time), any and all objections to the Plan must be (a) filed with the Office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, NY  10004, and (b) received by (i) the Office of the United States Trustee for the Southern District of New York, Attn: Susan D. Golden and Andrew Velez-Rivera, 201 Varick Street, Suite 1006, New York, NY 10014 (ii) Brown Rudnick LLP, Attn: William R. Baldiga, 7 Times Square, New York, NY  10036, and (iii) Stinson Leonard Street LLP, Attn: Robert T. KuglerEdwin H. Caldie, 150 South Fifth Street, Suite 2300, Minneapolis, MN  55402. The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan. Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

8.      The Plan may be further modified, if necessary, pursuant to 11 U.S.C. § 1127, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

9.      Copies of the Disclosure Statement Order, the Disclosure Statement and the Plan may be obtained by parties in interest from the Debtor's webpage at https://cases.primeclerk.com/aereo/, or by contacting Carol S. Ennis by telephone at (617) 856-8552, or by email at cennis@brownrudnick.com.   Copies of the Disclosure Statement Order, the Disclosure Statement and the Plan are also available for inspection during regular business hours at the Clerk's Office, One Bowling Green, New York, NY  10004, or may be viewed on the Court's website at http://www.sdny.uscourts.gov by following the directions for accessing the ECF system on such website.

Dated: AprilMay _____, 2015

William R. Baldiga
R. Benjamin Chapman
BROWN RUDNICK LLP
7 Times Square
New York, NY  10036

Counsel to the Debtor and Debtor in Possession

## EXHIBIT J

**Confirmation Hearing Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- :

In re:                                                    :    Chapter 11
                                                          :
AEREO, INC.,                                              :    Case No. 14-13200 (SHL)
                                                          :
                Debtor.[1]                                :
---------------------------------------------------------- :

## NOTICE OF HEARING TO CONSIDER CONFIRMATION OF, AND
## DEADLINE FOR OBJECTING TO, DEBTOR'S PLAN OF LIQUIDATION

**TO: ALL PARTIES IN INTEREST**

**PLEASE TAKE NOTICE THAT**:

1.      On ~~April 1~~May 7, 2015, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order approving the Amended Disclosure Statement ~~with Respect to~~for Chapter 11 Plan ~~of Liquidation~~ of Aereo, Inc. (the "Disclosure Statement") for use by Aereo, Inc. in the above-captioned case (the "Debtor") in soliciting acceptances or rejections of the Amended Chapter 11 Plan ~~of Liquidation~~ of Aereo, Inc. (the "Plan") from those holders of impaired claims who are entitled to receive distributions under the Plan.

2.      The name of the Debtor and its address, case number, and federal tax identification number (EIN) is set forth in the following chart.

| DEBTOR | ADDRESS | CASE NO. | EIN |
|---|---|---|---|
| Aereo, Inc. | ~~280 Summer Street, 4th Floor, Boston, MA 02210~~c/o Lawton W. Bloom, Argus Management Corporation, 208 West 29th St, Suite 613A, New York, NY 10001 | 14-13200 | 27-3492838 |

3.      The order approving the Disclosure Statement (the "Disclosure Statement Order") also (a) approved the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approved certain vote tabulation procedures, and (c) established the deadline for filing objections to the Plan and scheduled the hearing to consider confirmation of the Plan. This notice was approved pursuant to the Disclosure Statement Order.

4.      A hearing to consider confirmation of the Plan will be held on ~~May 19~~June 8, 2015, at ~~10:00 a~~2:00 p.m. (Eastern Time), before the Honorable Sean H. Lane, Judge of the Bankruptcy Court, in the United States Courthouse, at One Bowling Green, New York, New York 10004, Courtroom 701. The confirmation hearing may be adjourned from time to time by announcement in open court without written notice to parties in interest.

---

[1]      The last four digits of the Debtor's federal tax identification number are 2838. The Debtor's mailing address is ~~c/o~~ Aereo, Inc., ~~280 Summer Street, Boston, Massachusetts 02210~~c/o Lawton W. Bloom, Argus Management Corporation, 208 West 29th St, Suite 613A, New York, NY 10001.

5.      No later than ~~May 8~~June 1, 2015, at 5:00 p.m. (Eastern Time), any and all objections to the Plan must be (a) filed with the Office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, NY 10004, and (b) received by (i) the Office of the United States Trustee for the Southern District of New York, Attn: Susan D. Golden and Andrew Velez-Rivera, 201 Varick Street, Suite 1006, New York, NY 10014 (ii) Brown Rudnick LLP, Attn: William R. Baldiga, 7 Times Square, New York, NY 10036, and (iii) Stinson Leonard Street LLP, Attn: ~~Robert T. Kugler~~Edwin H. Caldie, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402. The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan. Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

6.      THE PLAN CONTAINS EXCULPATION, RELEASE AND INJUNCTION PROVISIONS. THE PROVISIONS ARE SET FORTH AT THE END OF THIS NOTICE.

7.      The Plan may be further modified, if necessary, pursuant to 11 U.S.C. § 1127, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

8.      Copies of the Disclosure Statement Order, the Disclosure Statement and the Plan may be obtained by parties in interest from the Debtor's webpage at https://cases.primeclerk.com/aereo/, or by contacting Carol S. Ennis by telephone at (617) 856-8552, or by email at cennis@brownrudnick.com. Copies of the Disclosure Statement Order, the Disclosure Statement and the Plan are also available for inspection during regular business hours at the Clerk's Office, One Bowling Green, New York, NY 10004, or may be viewed on the Court's website at http://www.sdny.uscourts.gov by following the directions for accessing the ECF system on such website.

Dated: ~~April~~May _____, 2015

William R. Baldiga
R. Benjamin Chapman
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036

Counsel to the Debtor and Debtor in Possession

**EXCULPATION, RELEASE AND INJUNCTION PROVISIONS CONTAINED IN PLAN**

~~11.05~~11.07              **Exculpation.**

**Notwithstanding any other provision of the Plan, none of (a) the Debtor, (b) the directors, officers or employees of the Debtor serving at any time during the pendency of the Chapter 11 Case, (c) the professionals or court-retained agents of the Debtor, (d) the members and professionals of the Official Creditors' Committee, but only in their capacities as such, ~~or~~ (e) the Broadcasters, (f) each of the Broadcasters' respective current or former officers and directors, professionals, advisors, accountants, attorneys, investment bankers, consultants, employees, agents or other representatives (each solely in its capacity as such), or (g) any of the successors or assigns of any of the parties identified in the foregoing clauses (a) through (~~d~~f), shall have or incur any liability to any holder of a Claim or an Interest, or any other party in interest, or any of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders or affiliates, or any of their respective successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation, or implementation of the Plan, the solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct, or willful violation of federal or state laws and regulations including the Tax Code (in each case as determined by a Final Order), and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.**

**Notwithstanding any other provision of the Plan, no holder of a Claim or an Interest, no other party in interest, none of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders or affiliates, and none of their respective successors or assigns, shall have any right of action against (a) the Debtor, (b) the directors, officers, or employees of the**

Debtor serving at any time during the pendency of the Chapter 11 Case, (c) the professionals or court-retained agents of the Debtor, (d) the members and professionals of the Official Creditors' Committee, but only in their capacities as such, or the respective directors, ~~or~~ (e) the Broadcasters, (f) each of the Broadcasters' respective current or former officers and directors, professionals, advisors, accountants, attorneys, investment bankers, consultants, employees, agents or other representatives (each solely in its capacity as such), or (g) any of the successors or assigns of any of the parties identified in the foregoing clauses (a) through (d~~f~~), for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation or implementation of the Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, or willful misconduct or willful violation of federal or state laws and regulations including the Tax Code (in each case as determined by a Final Order).

For the avoidance of doubt, nothing in this Section or in any other part of the Plan shall be construed as releasing or exculpating the Debtor, the Liquidation Trustee (as the Debtor's successor in interest), the Committee, the Broadcasters from complying with the terms of the Broadcaster Settlement Agreement.

**~~11.06~~11.08**        **Releases by Debtor.**

As of the Effective Date, for good and valuable consideration, including the release of any and all Claims against the Estate by each Person so released (and subject to confirmation of such release by the holder thereof in such form as the Liquidation Trustee in its discretion requires), the adequacy of which is hereby confirmed, the Debtor, and any Person seeking to exercise the rights of the Debtor's Estate, including, without limitation, any successor to the Debtor, any Estate representative appointed or selected pursuant to Section 1123(b)(3) of the Bankruptcy Code, or the Liquidation Trustee, whether pursuing an action derivatively (including, but not limited to, the Derivative Actions) or otherwise, shall be deemed to forever release, waive and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action (including Avoidance Actions) and liabilities whatsoever (other than for fraud, willful misconduct or gross negligence) in connection with or related to the Debtor (including Aereo, Inc. before the commencement of the Chapter 11 Case), the affairs of the same, the Chapter 11 Case or the Plan (other than solely the rights of the Debtor and the Liquidation Trustee to enforce the Plan and the contracts, instruments, releases and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that are based in whole or part on any act, omission, transaction, event or other occurrence in connection with the Chapter 11 Case taking place on or prior to the Confirmation Date, and that may be asserted by or on behalf of the Debtor, the Estate or the Liquidation Trustee against (a) any of the present or former directors, officers and employees of the Debtor, (b) any of the Debtor's professionals and court-retained agents serving during the pendency of the Chapter 11 Case, and (c) any of the successors or assigns of any of the parties identified in the foregoing clauses (a) through (b).  Nothing in the Plan shall limit the liability of attorneys to their respective clients pursuant to N.Y. Comp. Codes R. & Regs. tit. 22 § 1200.0 Rule 1.8(h)(1) (2009).

**~~11.07~~11.09**        **Injunction.**

Confirmation of ~~this~~the Plan shall have the effect of, among other things, permanently enjoining (a) all Entities or Persons that have held, hold or may hold or have asserted, assert or may assert Claims against or Interests in the Estate (including Aereo, Inc. before the commencement of the Chapter 11 Case) with respect to any such Claim or Interest, and (b) respecting (vi)(A), (vi)(B), and (vi)(C) of this Section ~~11.08~~11.07, the Estate and the Liquidation ~~Trust~~Trustee, from and after the Effective Date, from taking any of the following actions (other than actions to enforce any rights or obligations under the Plan):  (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Estate or the Liquidation Trust or any of their property; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against the Estate or the Liquidation Trust  or any of their property; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Estate or the Liquidation Trust or any of their property; (iv) asserting any right of setoff, directly or indirectly, against any obligation due the Estate or the Liquidation Trust or any of their property, except as contemplated or allowed by the Plan; (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; and (vi) prosecuting or otherwise asserting (A) any Claim or Interest, including any right, claim or Cause of Action, released pursuant to the Plan (including, but not limited to, the Derivative Actions), (B) any form of objection to any Claim that is Allowed by the Plan, or (C) asserting Avoidance Actions against any holder of a Claim that is Allowed by the Plan. Additionally, unless otherwise explicitly stated in the Plan, the injunction contemplated by this Section shall prohibit the assertion against the Liquidation Trust of all Claims or Interests, if any, related to the Debtor (including Aereo, Inc. before the commencement of the Chapter 11 Case).

**11.10        Broadcaster Settlement Agreement Survival.**

Nothing contained in the Plan, including but not limited to Section 11.07, shall enjoin, affect or modify in any way the right of the Debtor, the Liquidation Trustee (as successor in interest to the Debtor), the Committee, the Broadcasters and their respective Representatives to enforce the Broadcaster Settlement Agreement and the Consent Judgments either before or after the Effective Date.  Nothing contained in the Plan shall affect or modify in any way the releases and covenants not to sue as expressly set forth in Section 9 of the Broadcaster Settlement Agreement.

| Summary report: Litéra® Change-Pro TDC 7.5.0.80 Document comparison done on 5/1/2015 4:54:39 PM | |
|---|---|
| **Style name:** Standard | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** Aereo Proposed Order and Exhibits to Motion to Approve Disclosure Statement (FINAL).DOC | |
| **Modified filename:** Aereo Proposed Order to Approve Amended Disclosure Statement.DOC | |
| **Changes:** | |
| Add | 259 |
| Delete | 352 |
| Move From | 13 |
| Move To | 13 |
| Table Insert | 0 |
| Table Delete | 3 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format Changes | 0 |
| **Total Changes:** | 640 |