UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|   |   |
|---|---|
| In re: | Chapter 11 |
| AEREO, INC., | Case No. 14-13200 (SHL) |
| Debtor. |   |

**ORDER (I) APPROVING AMENDED DISCLOSURE STATEMENT,
(II) DETERMINING DATES, PROCEDURES AND FORMS APPLICABLE
TO SOLICITATION PROCESS, (III) ESTABLISHING VOTE TABULATION
PROCEDURES, AND (IV) ESTABLISHING OBJECTION DEADLINE AND
SCHEDULING HEARING TO CONSIDER CONFIRMATION OF AMENDED PLAN**

Upon consideration of the *Motion of Debtor for Order (I) Approving the Disclosure Statement; (II) Approving Notice and Objection Procedures for the Disclosure Statement Hearing; (III) Determining Dates, Procedures and Forms Applicable to Solicitation Process; (IV) Establishing Vote Tabulation Procedures; and (V) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of Plan* (the "Motion") [Docket No. 234], as well as the Debtor's (a) *Amended Disclosure Statement For Amended Chapter 11 Plan of Aereo, Inc.* [Docket No. 296] (as amended, the "Disclosure Statement"), and (b) *Amended Chapter 11 Plan of Aereo, Inc.* [Docket No. 297] (as amended, the "Plan"),[1] all as more particularly described therein; and it appearing that the relief requested is in the best interests of the Debtor's Estate, its creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given, with no objections or requests for hearing having been filed, or all

---

[1] Capitalized terms not otherwise defined in this Order shall bear the meaning ascribed thereto in the Motion, the Disclosure Statement, or the Plan, as applicable.

objections having been overruled or otherwise resolved, as the case may be; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefor, it is hereby:

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED.

2. Any and all objections to approval of the Disclosure Statement have been resolved or withdrawn. The Disclosure Statement in the form dated April 24, 2015, as it may be further modified pursuant to this Order, is approved, and found to contain "adequate information" within the meaning of Bankruptcy Code Section 1125(a). Prior to the commencement of solicitation, the Debtor is authorized to make additional correcting, conforming and finalizing changes to the Disclosure Statement and to the corresponding Plan.

3. The form and manner of notice of the time set for filing objections to, and the time, date and place of, the Disclosure Statement Hearing to consider the approval of the Disclosure Statement and the other relief requested in the Motion, as set forth in Exhibit B of the Motion, as amended [Docket No. 303], was adequate and comports with due process and no further notice is necessary.

A. Voting Agent

4. Prime Clerk LLC is authorized to serve as the Debtor's solicitation and noticing agent to assist the Debtor in mailing solicitation packages and notices, receiving and tabulating ballots cast on the Plan, and certifying to the Court the results of the balloting (the "**Voting Agent**").

B.     Voting Record Date

5.     The record date for determining the holders of Claims and Interests entitled to vote to accept or reject the Plan and to receive solicitation and noticing materials as provided therein is May 7, 2015, at 5:00 p.m. (Eastern Time) (the "**Voting Record Date**").  To be recognized as a holder of a Claim entitled to vote, transferees must docket their Notice of Transfer pursuant to Bankruptcy Rule 3001 on or before the Voting Record Date.  Only the holders of Claims and Interests as of the Voting Record Date are entitled to the voting and notice rights provided for herein.

C.     Voting Deadline

6.     The date by which all ballots cast to accept or reject the Plan must be received by the Voting Agent is June 1, 2015, at 5:00 p.m. (Eastern Time) (the "**Voting Deadline**").  The Debtor may extend the Voting Deadline, at any time before or after the Voting Deadline, in favor of any voter, any Class of voters or all voters by filing notice of the extension(s) with the Court and by serving a copy of such notice(s) upon the Voting Agent.  Ballots not received by the Voting Deadline, or by any extended voting deadline as provided for herein, shall not be counted.

D.     Ballot

7.     The form of ballot attached to the Motion as Exhibit C for General Unsecured Claims in Class 4 is hereby approved, subject in all cases to the right of the Debtor to make additional correcting, conforming and formatting changes to such form of ballot.

E.      Solicitation Letter

8.      The solicitation materials may include the solicitation letter proposed by the Debtor, as set forth in Exhibit D to the Motion (the "**Approved Solicitation Letter**").  No other solicitation letters are authorized.

F.      Solicitation of Votes in Class 4

9.      No Later than the date that is one (1) business day following entry of the order approving the Disclosure Statement (anticipated to be May 7, 2015) (the "**Solicitation Commencement Date**"), the Debtor, through the Voting Agent, shall commence the solicitation and noticing process by mailing the solicitation materials and notices approved herein (a) with respect to parties in the United States, by first class postage prepaid mail, (b) with respect to parties outside the United States who are entitled to vote on the Plan, by Federal Express, and (c) with respect to parties outside the United States who are not entitled to vote on the Plan, by expedited mail.

10.     The solicitation materials to be transmitted on or before the Solicitation Commencement Date to those holders, as of the Voting Record Date, of General Unsecured Claims in Class 4 that are entitled to vote on the Plan, shall include the following: (a) the Approved Solicitation Letter, (b) the Confirmation Hearing Notice; (c) the (i) order approving the Disclosure Statement and (ii) Disclosure Statement and all exhibits, including the Plan; (d) an appropriate ballot, in paper form; (e) a pre-addressed, pre-paid return envelope; (f) if applicable, an Election to Reduce Claim; and (g) such other information as the Court may direct or approve (collectively, the "**Solicitation Package**").

11.     The following holders, as of the Voting Record Date, of General Unsecured Claims in Class 4 are entitled to vote on the Plan and thus to receive the Solicitation Package:

(i) holders who have filed timely proofs of claim; provided that such proofs of claim (w) have not been resolved or otherwise disallowed by an order of the Court entered on or before the Voting Record Date, ~~(x) are not the subject of an objection to the entirety of the Claim pending as of the Voting Record Date (with voting permitted only with respect to the amount thereof that is not subject to objection) or (y)~~ *or (x)* are not listed on a notice of satisfaction filed by the Voting Record Date (with voting permitted only with respect to the amount thereof that is not satisfied); or

(ii) holders who have not filed proofs of claim but whose Claims are scheduled in the Debtor's Schedules (or any amendments thereto) and are not designated therein as contingent, unliquidated or disputed or listed therein as zero or unknown in any amount, in the amounts set forth in the Schedules (or any amendments thereto); provided that such scheduled Claims have not been paid or are not listed on a notice of satisfaction filed by the Voting Record Date.

<u>provided</u>, <u>however</u>, that any voting creditor who has filed duplicate or amended proofs of claims with respect to a single Claim against the Debtor shall be entitled to receive only one Solicitation Package and one ballot for voting one Claim (regardless of whether the Debtor has objected to such duplicate claims). In addition, any voting creditor who has filed multiple proofs of claim asserting different Claims against the Debtor shall receive a Solicitation Package containing a ballot voting the aggregate amount of all such proofs of claim.  <u>Provided</u>, <u>further</u>, that claims that are the subject of an objection as of the date hereof shall be provisionally allowed by the Court for voting purposes in the amount of $1.00 or the amount requested in the objection, whichever is greater.

G.    Treatment of Contingent, Unliquidated or Disputed Claims in Class 4

12.    Any holder of a General Unsecured Claim in Class 4 whose Claim is (a) asserted as wholly unliquidated or wholly contingent in a timely proof of claim, (b) asserted in a proof of claim as to which an objection to the entirety of the Claim is pending as of the Voting Record Date, or (c) asserted in a proof of claim as to which a Notice of Disputed Claim Status is received as set forth below (collectively, the "**Disputed Claimants**") shall not be permitted to vote on the Plan; provided, however, that Claims that are subject of an objection as of the date hereof shall be provisionally allowed by the Court for voting purposes in the amount of $1.00 or the amount requested in the objection, whichever is greater.  On or before the Solicitation Commencement Date, the Voting Agent shall mail, first class postage prepaid, to each of the Disputed Claimants a package that includes the following: (a) a notice in substantially the form attached to the Motion as Exhibit E (the "**Notice of Disputed Claim Status**"); (b) the Disclosure Statement and all exhibits, including the Plan; and (c) an Election to Reduce Claim (collectively, the "**Disputed Claimant Package**").  Disputed Claimants shall be permitted to obtain from the Voting Agent a ballot for voting on the Plan only by filing a motion under Fed. R. Bankr. P. 3018(a) seeking to have their Claims temporarily allowed for voting purposes (a "**Rule 3018 Motion**").  Any such Rule 3018 Motion must be filed with the Court and served upon the Debtor's counsel and the Voting Agent by the later of (a) May 18, 2015, at 5:00 p.m. (Eastern Time) and (b) five (5) business days after an objection to a claimant's proof of claim is filed by the Debtor (the "**Rule 3018 Motion Deadline**").  Any party timely filing and serving a Rule 3018 Motion shall be provided a ballot and be permitted to cast a provisional vote to accept or reject the Plan.  If and to the extent that the Debtor and such party are unable to resolve the issues raised by the Rule 3018 Motion prior to the Voting Deadline, then at a hearing to be held

on or about May 26, 2015, at 2:00 p.m. (Eastern Time), the Court shall determine whether the provisional ballot should be counted as a vote on the Plan.

13. Nothing herein affects the Debtor's right (or any other party's right, if applicable) to object to any proof of claim after the Voting Record Date. With respect to any such objection, the Debtor may request, on notice, that any vote cast by the holder of the Disputed Claim should not be counted in determining whether the requirements of Bankruptcy Code Section 1126(c) have been met. In the absence of any such request by the Debtor, the holder of a Claim subject to an objection filed after the Voting Record Date shall be entitled to vote in accordance with its rights as of the Voting Record Date.

H.    Notice of Non-Voting Status

14. On or before the Solicitation Commencement Date, the Voting Agent shall mail, first class postage prepaid, to holders of Administrative Claims, Fee Claims, Priority Tax Claims, Remaining Secured Claims in Class 1, Priority Non-Tax Claims in Class 2, and Convenience Claims in Class 3 (collectively, the "**Unimpaired Holders**"), a notice in substantially the form attached to the Motion as Exhibit F (the "**Notice of Non-Voting Status**") and an Election to Reduce Claim, in lieu of a Solicitation Package. The Noticing of Non-Voting Status satisfies the requirements of Fed. R. Bankr. P. 3017(d) with respect to Unimpaired Holders.

I.    Notice of Deemed Rejecting Status

15. On or before the Solicitation Commencement Date, the Voting Agent shall mail, first class postage prepaid, to holders of Aereo Interests in Class 5 (the "**Deemed Rejecting Holders**"), a notice in substantially the form attached to the Motion as Exhibit G (the "**Notice of Deemed Rejecting Status**"), in lieu of a Solicitation Package. The requirements of Bankruptcy Rule 3017(d) are waived with respect to the Deemed Rejecting Holders and the Notice of

Deemed Rejecting Status is deemed to satisfy any solicitation or noticing needs of the Deemed Rejecting Holders.

J.     Election to Reduce Claim

16.    The form of the Election to Reduce Claim attached to the Motion as <u>Exhibit H</u> for holders of allowed and potential General Unsecured Claims in Class 4 is approved.

K.     Notice to Directors and Officers

17.    The form of Notice to Directors and Officers attached to the Motion as <u>Exhibit I</u> is approved.

L.     No Transmittal Necessary

18.    No Solicitation Packages or other notices approved herein shall be transmitted to (a) holders of claims listed on the Debtor's Schedules (or any amendment thereto) that have already been paid in full during the Chapter 11 Case or that are authorized to be paid in full in the ordinary course of business pursuant to orders previously entered by this Court, (b) any holder of a Claim listed on a notice of satisfaction by the Voting Record Date unless the holder thereof has filed an objection thereto by the objection deadline and such objection has been granted by this Court, (c) any person to whom the Debtor mailed a notice of the commencement of the Chapter 11 Case and first meeting of creditors or a notice of the bar date for filing proofs of claim if either of such notices was returned marked "undeliverable" or "moved - no forwarding address" or for a similar reason, unless the Debtor or its agents have been informed in writing by such person of, or have otherwise ascertained, that person's new address, or (d) any holder of a Claim that was resolved or disallowed in full by order of this Court, including, without limitation, the Broadcasters identified in the settlement agreement between the Debtor, the Committee and the Broadcasters, dated April 20, 2015 [Docket Nos. 288, 294] (the

"Settlement Agreement"), whose claims were resolved by the Settlement Agreement that was approved by the Court on May 7, 2015 [Docket No. 309]. Notwithstanding the foregoing, the Debtor shall make a reasonable effort to locate an alternative address for those individuals or entities for whom notice of the hearing for approval of the Disclosure Statement was returned as undeliverable, as well as for each Solicitation Package returned as undeliverable.

M.     Informational Mailing of Solicitation Packages

19.    On or as soon as practicable after the Solicitation Commencement Date, the Debtor or the Voting Agent shall mail to the United States Trustee and each of the other parties on the Master Service List maintained in this Chapter 11 Case, for informational purposes, a Solicitation Package and a copy of all forms of ballots and notices approved herein.

N.     Tabulation of Votes

20.    Unless otherwise directed by this Court, the Voting Agent shall follow the guidelines set forth below in tabulating the votes to accept or reject the Plan:

> (a) Subject to subparagraph (b) below, any ballot that is timely received, that contains sufficient information to permit the identification of the claimant and that is cast as an acceptance or rejection of the Plan shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan.
>
> (b) The following ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (i) any ballot received after the Voting Deadline unless the Debtor has granted an extension of the Voting Deadline with respect to such ballot; (ii) any ballot that is illegible or contains insufficient information to permit the identification of the

claimant; (iii) any ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan; (iv) any ballot cast by or on behalf of a Disputed Claimant who has not timely filed a Rule 3018(a) Motion by the Rule 3018(a) Motion Deadline, or who has timely filed a Rule 3018(a) Motion that is not granted by the Court (<u>provided</u>, <u>however</u>, that claims that are the subject of an objection as of the date hereof shall be provisionally allowed by the Court for voting purposes in the amount of $1.00 or the amount requested in the objection, whichever is greater); (v) any ballot that is properly completed, executed and timely submitted, but that does not indicate an acceptance or a rejection or that indicates both an acceptance and a rejection; or (vi) any unsigned ballot or ballot that has a non-original signature.

(c) Notwithstanding Bankruptcy Rule 3018(a), whenever two or more ballots are cast voting the same Claim prior to the Voting Deadline, the latest properly completed ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede all prior received ballots, without prejudice to the Debtor's right to object to the validity of the second ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the first received ballot for all purposes.

(d) Claim or Interest splitting on the ballot shall not be permitted and will not be counted. Creditors who vote must vote all of their Claims within a particular Class to either accept or reject the Plan.

(e) Any party who has delivered a valid ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline or, with the written consent of the Debtor, after the Voting Deadline. A notice of withdrawal, to be valid, must (a) contain the description of the Claim(s) to which it relates and the amount of such Claim(s), (b) be signed by the withdrawing party in the same manner as the ballot being withdrawn, (c) contain a certification that the withdrawing party owns the Claim(s) and possesses the right to withdraw the vote sought to be withdrawn and (d) be received by the Voting Agent prior to the Voting Deadline or, with the written consent of the Debtor, after the Voting Deadline.

(f) Ballots sent via facsimile or electronic mail shall not be accepted by the Voting Agent.

(g) For purposes of the numerosity requirement of Bankruptcy Code Section 1126(c), separate Claims held by a single creditor (creditor names that are not identical shall not be considered to be a single creditor) in a particular Class shall be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan. To be considered a single creditor, the address associated with each Claim must be substantially similar in the discretion of the Voting Agent.

(h) The Voting Agent shall segregate any votes cast by creditors whose Claims have been paid, based upon information provided by the Debtor as to Claim

        payments, and shall calculate acceptances and rejections of the Plan both including such votes and excluding such votes. In the event the voting result for any Class is affected by the inclusion or the exclusion of votes cast by creditors with paid Claims, the Court shall decide how such votes should be treated.

O.    <u>The Confirmation Hearing</u>

    21.    The hearing to consider confirmation of the Plan shall be held on June 8, 2015, at 2:00 p.m. (Eastern Time) and the deadline for filing objections to confirmation of the Plan shall be June 1, 2015, at 4:00 p.m. (Eastern Time). Objections to the confirmation of the Plan must be in writing and must:

(a) (i) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (ii) state with particularity the basis and nature of any objection to or proposed modification of the Plan; and (iii) be filed with the Clerk's Office at the Bankruptcy Court, One Bowling Green, New York, NY 10004 together with proof of service, on or before the Plan Confirmation Deadline; and

(b) be served, so as to be actually received on or before the Plan Objection Deadline, upon (i) the Office of the United States Trustee for the Southern District of New York, Attn.: Susan D. Golden, Esq. and Andrew Velez-Rivera, Esq., 201 Varick Street, Suite 1006, New York, NY 10004; (ii) Brown Rudnick LLP, Attn.: William R. Baldiga, Esq., 7 Times Square, New York, NY 10036; (iii) Stinson Leonard Street LLP, Attn.: Edwin H. Caldie, Esq., 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402; and (iv) such other parties as the Bankruptcy Court may order.

22. The form of notice of the confirmation hearing date and objection deadline attached to the Motion as Exhibit J (the "**Confirmation Hearing Notice**") is hereby approved. The Confirmation Hearing Notice shall be included in the Solicitation Packages mailed to holders of Claims in Class 4 (subject to the other provisions of this Order) and to each person on the Master Service List, and shall be posted on the Voting Agent's website available at https://cases.primeclerk.com/aereo.

23. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

24. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

New York, New York  
Date: May 8, 2015

*/s/ Sean H. Lane*  
THE HONORABLE SEAN H. LANE  
UNITED STATES BANKRUPTCY JUDGE